UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ISASI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2222 (RBW) |
| PRISCILLA JONES, | ) |
| RICHARD L. HUFF, | ) |
| MARGARET P. GRAFELD, | ) |
| and | ) |
| THOMAS J. MCINTYRE, | ) |
| Defendants. | ) |

## MOTION FOR ENLARGEMENT OF TIME

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendants Priscilla Jones, Richard L. Huff, Margaret P. Grafeld, and Thomas J. McIntyre, employees of the United States Department of Justice and United States Department of State, by and through undersigned counsel, respectfully move this Court to enlarge the time to answer or otherwise respond to the Complaint. The undersigned counsel did not attempt to contact *pro se* Plaintiff to discuss this Motion because Plaintiff is incarcerated, rendering such a step impracticable. Furthermore, LcvR 7(m) does not apply under these circumstances. See LCvR 7(m) (imposing duty to confer only with opposing counsel and non-incarcerated parties appearing pro se.)

Defendants request that their deadline for responding to the Complaint be extended from October 17, 2007 to February 15, 2008 to permit a further search for responsive records based on

information that has recently come to Defendants' attention. In particular, the grounds for this request are as follows:

1. On December 28, 2006, Plaintiff filed his Complaint. See Docket Entry No. 1. Service was not perfected until July 3, 2007, when the United States, through the United States Attorney's Office, was served with the Complaint. Because the present matter was filed pursuant to the Freedom of Information Act ("FOIA"), the Defendants originally had 30 days in which to respond to Plaintiff's Complaint. See 5 U.S.C. § 552(a)(4)(C).[1] Consequently, Defendants' Answer or other Response to the Complaint was originally due by August 2, 2007.

2. On July 26, 2007 and September 12, 2007, the Assistant United States Attorney ("AUSA") who was formerly assigned to this action filed Motions for Enlargement of Time, in which he requested extensions of Defendants' deadline for responding to Plaintiff's Complaint. See Docket Entry Nos. 16 and 24. In those motions, Defendants' then counsel explained that his extension requests were necessitated chiefly by his work on, and out of town travel in connection with, the case of Roane v. Gonzales, Civil Action No. 05-2337 (RWR/DAR). Id.

3. This case was assigned to the undersigned counsel for Defendants on or about September 12, 2007.

4. On October 11, 2007, the Court issued a Minute Order in which it granted Defendants' second Motion for Enlargement, and instructed Defendants to file their Answer or Other Response to the Complaint by October 17, 2007.

5. Counsel for Defendants anticipate that Defendants will ultimately file a dispositive

---

[1] To that end, the sole Defendants in this case should be the United States Department of Justice and the United States Department of State, not the individual employees of those agencies. See 5 U.S.C. § 552(a)(4)(B).

motion in response to the Complaint. Despite their best efforts, they will not be able to complete their response to the Complaint by October 17, 2007.

6. This litigation concerns the processing of FOIA requests which Plaintiff apparently sent to offices within the Justice Department and the U.S. Department of State ("the State Department" or "DOS"). The agency counsel for the DOS who is assigned to this matter believes that the DOS may be able to uncover additional documents which are responsive to one of Plaintiff's FOIA requests. The request in question appears to seek extradition-related material pertaining to two alleged extraditions of the Plaintiff. When this request was originally received, the DOS searched multiple records systems for information pertaining to the extradition of Richard Isasi, including records in the American Embassy in Mexico City, the Office of the Legal Adviser, the Bureau of Western Hemisphere Affairs, and the State Department's "Central File," a principal records system containing millions of Department documents.

7. Plaintiff's FOIA request letter made no mention of any aliases. Nevertheless, the DOS recently realized that Plaintiff does appear to have aliases, giving the State Department reason to believe that additional responsive records may potentially be found as a result of searches involving those aliases. Accordingly, the DOS would like to have the opportunity to search many or all of the same records systems that it had originally searched in response to the FOIA request which Plaintiff sent to the DOS, this time looking for any responsive records under Plaintiff's known aliases.

8. For several reasons, however, it is anticipated that these searches by DOS will be time-consuming and resource-intensive. For one thing, the age of the records in question make it very likely that, to the extent they exist in the State Department's control, they have been archived in

boxes stored offsite at a federal records center. Identification of the proper boxes in an offsite storage location can take additional time, sometimes requiring coordination with offices domestically and abroad that are now staffed by individuals other than those who originally retired the records. Locating and retrieving retired files in offsite storage centers, and delivering them to the Department, can also add additional time to what is normally required. Furthermore, additional searches in this case may need to involve the staff of the American Embassy in Mexico, in which case materials may need to be sent to Washington from abroad. In any event, the Department is searching multiple distinct records systems scattered throughout the Department, involving both electronic and paper records.

9. Furthermore, extradition by its nature can involve extensive communication with a foreign government, often involving information that is provided with an expectation of confidentiality in the course of formal diplomatic exchanges. Such information often cannot be released unilaterally by the United States. To the contrary, to determine whether it may be released in response to a FOIA request, the State Department often needs to coordinate with the foreign government, a process that can take an uncertain amount of time. Information whose release would harm the foreign relations or national security of the United States may also require the extra procedural steps of classification under Section 1.7(d) of Executive Order 12958, as amended by Executive Order 13292. The unauthorized disclosure of foreign government information is presumed to cause damage to the national security. E.O. 12958, as amended, § 1.1(c).

10. Accordingly, the State Department would like to have an opportunity to search for additional responsive documents, in order to conclusively determine whether it has in its

possession any such documents. To the extent that it finds any such documents, the State Department would like to be given additional time to supplement its initial response to Plaintiff's FOIA requests, and the DOS will require additional time to review those documents and to make exemption determinations. This may have the effect of disposing of some of the issues in this action, or narrowing them.

11. Once the State Department has completed its supplemental response, the undersigned counsel for Defendants will need to confer with agency counsel about the circumstances of the DOS supplemental search and response to the Plaintiff, and then prepare an appropriate response to Plaintiff's Complaint.

12. In view of the previously mentioned logistical obstacles, the DOS anticipates that it may not be able to complete its supplemental FOIA processing until February 2008, and for this reason has requesting an enlargement until that month. However, the DOS intends to work with as expeditiously as practicable to complete its supplemental search for additional responsive documents, and hopes to be able to complete this search by an earlier date. The uncertainty is in large part due to the fact that DOS cannot know in advance the precise number and nature of documents its supplemental search will uncover. In view of unusual length of the enlargement requested, to build some accountability into the process, and to assure that the Court and Plaintiff that the DOS is working assiduously on the supplemental FOIA processing described above, Defendants propose that the Court direct them to file a status report on December 17, 2007, which will provide an up-to-date accounting of the State Department's search and review activities and its anticipated date of completion.

13. The Executive Office for United States Attorneys ("EOUSA") within the United

States Department of Justice ("DOJ") is responsible for, among other things, responding to FOIA requests which are filed with the DOJ.  Like the Department of State, the EOUSA did not perform any searches for Plaintiff under any aliases at the time that it performed its initial search for documents responsive to Plaintiff's FOIA request because it was unaware that Plaintiff has such aliases at the time.  Now that this information has come to light, EOUSA believes that it might be able to uncover additional responsive records if it conducts searches using those aliases.  Accordingly, during the period that the State Department is conducting its supplemental search, EOUSA would like to also perform a supplemental search of many or all of the same records systems that it originally searched in response to the FOIA request which Plaintiff sent to DOJ, this time looking for any responsive records under Plaintiff's known aliases.

      14.  EOUSA anticipates that its supplemental search will be completed sooner than the supplemental search which the State Department intends to perform.  Nevertheless, in the interest of economy for the parties and Court alike, the Defendants would like to file one brief which addresses both agencies' processing of Plaintiff's various FOIA requests, rather than filing two separate briefs concerning each agency's handling of these FOIA requests.  For this reason, Defendants respectfully submit that DOJ/EOUSA's deadline for responding to Plaintiff's Complaint should be extended to the same February 15, 2008 date that they propose for the DOS's response.  Defendants will advise the Court concerning the progress EOUSA has made on its own supplemental search effort in the status report which they propose to file on December 17, 2007.

      WHEREFORE, based on the foregoing, Defendants respectfully request that their time for answering or otherwise responding to Plaintiff's Complaint be extended to February 15,

2008.

        Respectfully submitted,


        \_\_/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        \_\_/s/_____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney


        \_\_/s/_____
        JONATHAN C. BRUMER, D.C. BAR # 463328
        Special Assistant United States Attorney
        555 Fourth Street, N.W., Room E4815
        Washington, D.C. 20530
        (202) 514-7431
        (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 15th of October, 2007, the foregoing *Motion for Enlargement of Time* was served on plaintiff, pro se, by first class mail, postage prepaid, addressed as follows:

Richard Isasi
# 98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

\_\_/s/_____
JONATHAN C. BRUMER, D. C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD ISASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2222 (RBW) |
| | ) | |
| PRISCILLA JONES, | ) | |
| | ) | |
| RICHARD L. HUFF, | ) | |
| | ) | |
| MARGARET P. GRAFELD, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS J. MCINTYRE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

UPON CONSIDERATION of Defendants' Motion for Enlargement of Time to respond to the Complaint, and the record herein, and it appearing that good cause exists for the requested extension, it is this _____ day of _____, 2007,

ORDERED, that Defendants' Motion be, and hereby is, GRANTED;

ORDERED, that Defendants shall have until February 15, 2008, to respond to the Complaint;

FURTHER ORDERED, that the Defendants will file a status report with this Court, on December 17, 2007, which will provide an accounting of the State Department's supplemental search and review activities, the Department of Justice's supplemental search and review activities, and the anticipated date upon which the two agencies will complete these activities.

                                                                                              _____
REGGIE B. WALTON
United States District Court Judge

Copies of this order to:

Richard Isasi
# 98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530