United States District Court
For The District of Columbia
_____

Richard Isasi

                Plaintiff.

        v.                                      Civil Action No. 06-2222. (RBW)

Priscilla Jones. Richard L. Huff.
Margaret P. Grafeld. And.
Thomas J. McIntire.

                Defendants.
_____ x

RECEIVED
OCT 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Motion in Opposing Points And Authorities For The Enlargement of Time

Pursuant to Civil Rules of This Court LCvR 7.1(b) and (c). Plaintiff's Move This Court For An Order In Opposition Of The Enlargement Of Time Requesting Defendants With Their Tex of Proposed Order.

This Court should denied Defendants Motion For The Following Reasons:

1- Plaintiff Files This complaint dated October 19. 2006. United States District Court Eastern District Of New York. Pursuant to 5. U.S.C. & 552. Plaintiff State a Claim Against The Defendants Herein Which Violates Plaintiff Rights Under The Freedom Of Information Act. This Right Are Protected Under The Constitutional Law Of The United States aux Plaintiffs Demand Monetary Relief.

2- United States District Court. Eastern District of New York. Magistrate Judge (Lois Bloom) Wrote This court Order.

The Court Notes That Under 5. U.S.C. & 552a (g)(1)(D). The proper defendant in this action is the Agency. The United States Department of Justice. Not The Individual Employees Of The Agency. See: Transfer Order at Note 1. December 28. 2006.

3- Administrative Procedure 5 & 552a Provide.
    In Any Suit Brought Under The Provision Of Subsection (g)(1)(C) or(D) Of This Section In Which The Court Determines That The Agency Acted In A Manner Which Was Intentional or Willful. The United States shall be Liable to the Individual In An Amount Equal to the Sum Of_____

A) - Actual Damages sustained by the individual as a result of the refusal or failure, but in no case shall a person be entitled to recovery/relieve less than the sum of $1,000; and

B) - The costs of the action together with reasonable attorney fees as determined by the Court.

4 - Plaintiff files his original request on March 31, 2003 and June 2, 2003, with the Department of Justice Criminal Division before the Defendants named Thomas S. McIntyre. On or about September 25, 2005, Defendant named Thomas S. McIntyre referred all documents requested by Plaintiff to all the Federal Agencie involved in Plaintiff's Extradition for direct response to the Plaintiff.

5 - Here Defendants Counsel proposed an order that he needes additional time for the State Departments supplemental search and review activities. The Department of Justice needs additional time for supplemental search and review. see: Motion Order

Defendants Motion should be denied for the reasons mentioned above

6 - Defendants Motion should be denied because Defendant Counsel is trying to mislead the Court. see: Motion page 3 at 7. see: Exhibit A date printed. March 2003. United States Department of State. Review Authority: (John L. Mills) Date the case 20 May 2003 and the letter is dated June 23, 2003.

7 - Defendants Counsel is once again trying to mislead the Court. see Motion page 6 at 13. Where Counsel agreed that the EDUSA did not perform any searches for Plaintiff. Under any Aliases at the time that they performed their initial search for documents responsive to Plaintiff's FOIA request because they was unaware that Plaintiff has such Alinse at the time.

a) Plaintiff never filed a FOIA request with the EDUSA.

b) The Criminal Divisions, Department of Justice referred these documents to the EDUSA. so that they may make a direct response to the Plaintiff request. see: Exhibit B. page 2.

9. Defendants request/motion should be denied. Also defendants search for documents responsive to plaintiff request. Should be denied because such documents disunf's have any meritourios value. Due that the district court judge (Hon Jack B. Weinstein) Eastern District of New York. Found that the plaintiff's extradition papers are D.E.F.E.C.t.i.v.E. see: <u>Isasi v Herbert</u> 01-CV-1804.

This claim has been file to redress plaintiff claim and the defendants wrong doing. This is not for Discovery! at this time (s) five years later.

Plaintiff is respectfully asking this court to dismiss defendants action and grant the plaintiff's futher relief that this court deems just and proper.

Respectfully

R Isasi
_____

Dated. October 22, 2007.
State of New York.

Richard Isasi   Pro Se.
Attica Correctional Facility
Box 149.
Attica. New York. 14011-0149.

# CERTIFICATE OF SERVICE

Richard Isasi
                    Plaintiff.
              v.
Prisa'lla Jones. Richard L. Huff.
    Margaret P. Grafeld. And
  Thomas J. Mcintyre.
              Defendants.

Civil Action No. 06-2222 (RBW)

I, _____Richard Isasi_____, hereby certify under penalty of perjury that on __October__ __22__, __2007__, I served by United States Mail a copy of _Motion in Opposing Points and Authorities for the Enlargement of time._

and _Served by the Attica Legal Mail System_ at:

Clerk's Office

United States District Court for the District of Columbia

U.S. Courthouse

333 Constitution Avenue. NW. Washington. DC. 20001
                        Address

_R. Isasi_
          Signature

Exhibit A

UNCLASSIFIED

| | | CHANNEL: n/a | 3 |

Date Printed:                                    HANDLING: n/a
04 Mar 2003    DOC_NBR: 1995STATE031974

---

PTQ8745

UNCLASSIFIED    PTQ8745    PARTIAL RELEASE TO CERTAIN PARTIES

E3

PAGE 01        STATE    031974    072329Z    B6, B7(C)
ORIGIN L-01

INFO  LOG-00    ARA-01    CA-02    OASY-00    DS-00    TEDE-00   ADS-00
      OCS-06    PPT-01    VO-06    DSCC-00    /017R

DRAFTED BY: L/ LE I: TLFURR
APPROVED BY: L/LEI:EKIINGI
DOJ/OIA:MHEINEMAN (SUBS) ARA/MEX:FTSCANLAN (INFO)
DESIRED DISTRIBUTION:
CA/VO/F/SL        ------------------A41A31   072330Z /38

  R 072327Z FEB 95
  SECSTATE WASHDC
TO AMEMBASSY MEXICO IMMEDIATE
INFO FBI WASHDC 0000

UNCLAS STATE 031974

FOR CON - R. GONZALEZ AND L. RODRIGUEZ

E.O. 12356: N/A
TAGS: CJAN, KCRM, CVIS, MX (MARTINEZ, LUIS)
SUBJECT: EXTRADITION: LUIS MARTINEZ

1. AT INSTANCE OF US DEPARTMENT OF JUSTICE (DOJ),
EMBASSY IS ASKED TO REQUEST THE PROVISIONAL ARREST FOR
THE PURPOSE OF EXTRADITION OF LUIS MARTINEZ AKA RICHARD
                        UNCLASSIFIED

---

UNCLASSIFIED

PAGE 02        STATE    031974    072329Z
ISASI AKA GEORGE L. ORTIZ AKA VETERAN FALCO AKA LUIS
MARTINO TO STAND TRIAL IN THE STATE OF NEW JERSEY FOR
ROBBERY AND TO SERVE THE REMAINDER OF HIS SENTENCE FOR
ANOTHER CHARGE OF ROBBERY. IMIS MARTINEZ IS ALSO A
SUSPECT IN THE INVESTIGATION OF A SEXTUPLE MURDER IN NEW
YORK STATE. PER DOJ, LUIS MARTINEZ HAS FLED TO MEXICO
AND DEA AGENTS, WORKING IN CONJUNCTION WITH MEXICAN LAW
ENFORCEMENT AUTHORITIES, HAVE LOCATED LUIS MARTINEZ IN
VERA CRUZ, MEXICO.

                    n/a
                UNCLASSIFIED                        Page: 1

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: JOHN L MILLS
DATE/CASE ID: 20 MAY 2003  200300569



**United States Department of State**

*Washington, D.C.   20520*

Case Control No. 200300569
Segment ER001

Mr. Richard Isasi                    JUN 2 5
#98A1899
Attica Correctional Facility
Post Office Box 149
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to your letter dated February 12, 2003, requesting
the release of certain Department of State material under
the Freedom of Information Act (Title 5 USC Section 552).

A search of records under the Department's control has
resulted in the retrieval of six documents that appear
responsive to your request. We have determined that four
may be released, and two may be released with excisions.

The material in excised portions of the two documents
released in part is of such a nature that its release would
constitute a clearly unwarranted invasion of personal
privacy. As such, it is exempt from release under
subsection (b)(6) of the Freedom of Information Act.

The material in an excised portion of one of the documents
released in part is information compiled for law enforcement
purposes which, if produced, could reasonably be expected to
constitute an unwarranted invasion of personal privacy. As
such, it is exempt from release under subsection (b)(7)(C)
of the Freedom of Information Act.

In one case, two exemptions in the Freedom of Information
Act apply to the same document. In the case of a document
released in part, all non-exempt material that is reasonably
segregable from the exempt material has been released.

2

We hope that the Department has been service to you in this matter.

Sincerely,

R. Peyton Howard
  Office of IRM Programs and Services

Enclosures:
  As Stated.

Exhibit B
2 PAGES.



**U.S. Department** **Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

Requester: Isasi, Richard _____ Request Number: 05-2905-R ____

Subject of Request: Alliant Techsystems, Inc. _____

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [    ] full denial.

Enclosed please find:

_9_____ page(s) are being released in full (RIF);

_2_____ page(s) are being released in part (RIP);

_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

In addition, this office is withholding approximately _____ page(s) of grand jury material which is retained in the District.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [    ] (b)(1) | [    ] (b)(4) | [    ] (b)(7)(B) | [ X ] (j)(2) |
| [    ] (b)(2) | [    ] (b)(5) | [ X ] (b)(7)(C) | [    ] (k)(2) |
| [    ] (b)(3) | [ X ] (b)(6) | [    ] (b)(7)(D) | [    ] (k)(5) |
| _____ | [    ] (b)(7)(A) | [    ] (b)(7)(E) | [    ] _____ |
| _____ | | [    ] (b)(7)(F) | |

(Page 1 of 2)

[ X ]   See additional   .ormation attached.

**The Criminal Division of the Justice Department referred these documents to us because the documents originated in our office.**

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)

Form No. 021 - no fee- 2/04