UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RICHARD ISASI,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )          Civil Action No. 06-2222 (RBW)
                                  )
PRISCILLA JONES,                  )
                                  )
RICHARD L. HUFF,                  )
                                  )
MARGARET P. GRAFELD,              )
                                  )
and                               )
                                  )
THOMAS J. MCINTYRE,               )
                                  )
        Defendants.               )
_____)

**DEFENDANTS' MOTION TO RECONSIDER THE COURT'S JUNE 25, 2007 ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS*, AND  MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

        Pursuant to Fed. R. Civ. P. 7(b) and 54(b), Defendants Priscilla Jones, Richard L. Huff,

Margaret P. Grafeld, and Thomas J. McIntyre, employees of the United States Department of

Justice and United States Department of State, by and through undersigned counsel, respectfully

move this Court to reconsider the Order entered June 25, 2007, granting Plaintiff's Motion for

Leave to Proceed *in forma pauperis* without prepayment of costs.  The undersigned counsel did

not attempt to contact *pro se* Plaintiff to discuss this Motion because Plaintiff is incarcerated,

rendering such a step impracticable.  Furthermore, LcvR 7(m) does not apply under these

circumstances.  See LCvR 7(m) (imposing duty to confer only with opposing counsel and non-

incarcerated parties appearing pro se.)  The grounds for this request are as follows:

1.   The present matter was filed pursuant to the Freedom of Information Act ("FOIA").

See Docket Entry No. 1; 5 U.S.C. § 552(a)(4)(C).  To that end, the sole Defendants in this case

should be the United States Department of Justice and the United States Department of State, not

the individual employees of those agencies.  See 5 U.S.C. § 552(a)(4)(B).

2.   On December 28, 2006, Plaintiff filed a Motion for Leave to Proceed *in forma*

*pauperis* ("IFP") in this action.  See Docket Entry No. 2.  On June 25, 2007, the Court issued an

order granting leave to Plaintiff to proceed IFP in this action.  See Docket Entry No. 6.

2.   The Prison Litigation Reform Act ("PLRA") provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

See 28 U.S.C. § 1915(g).  Pursuant to this provision, if "a prisoner has filed, while incarcerated,

three or more cases that have been dismissed for being frivolous or malicious or for failing to

state a claim upon which relief could be granted, he [or she] may not proceed IFP, . . . and must

therefore pay the entire fee on filing" although "[a]n indigent prisoner otherwise subject to

subsection (g) may nevertheless proceed IFP when he [or she] is "under imminent danger of

serious physical injury." See Chandler v. Dist. of Columbia Dep't of Corrections, 145 F.3d 1355,

1357 (D.C. Cir. 1998). This provision is commonly referred to as the "three strikes" rule or

provision.  See, e.g., Thompson v. Drug Enforcement Admin., 492 F.3d 428, 430 (D.C. Cir.

2007).  "In enacting the PLRA in 1996, Congress endeavored to reduce frivolous prisoner

litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect

created by liability for filing fees." In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (citations and brackets omitted).

4. For purposes of the three strikes rule, the PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. § 1915(h).

The Plaintiff, Richard Isasi, is unquestionably a prisoner for purposes of the three strikes provision of the PLRA. First, he is currently "incarcerated" in a prison facility. See, e.g., Civil Docket Sheet (indicating that Plaintiff is housed in "Attica Correctional Facility"); Docket Entry No. 31 at 3 (Plaintiff's signature block in Opposition to Motion for Enlargement indicating that he is housed in the Attica Correctional Facility). Second, Mr. Isasi satisfies the requirement that the inmate have been "convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." See 28 U.S.C. § 1915(h); See Isasi v. Herbert, 2004 WL 1727325, *3-*4 (E.D.N.Y. 2004) (noting that "Petitioner [Mr. Isasi] was convicted of twelve counts of second-degree murder (six counts intentional and six counts felony murder), attempted second-degree murder, five counts of first-degree robbery, second-degree weapon possession, and fourth-degree weapon possession" and that "Petitioner was sentenced to a total cumulative prison term of from 170 5/6 years to life"); Isasi v. Herbert, 2001 WL 1262217, *1 (E.D.N.Y. 2001) (observing that "Petitioner was convicted of multiple counts of second-degree murder, attempted second-degree murder and first degree robbery as well as second and fourth-degree weapon possession" and that "[h]e was sentenced to a prison term of from 170-5/6 years to life."); see also Isasi v. New York State Docs, et. al., Civil Action No. 05cv4079 (E.D. N.Y.) (ERK), docket entry no. 4

3

(September 16, 2005 order, not for publication, attached hereto as Exhibit 4) at 1 (referencing Plaintiff's "1997 extradition from Mexico to New York, where he was convicted of murder, attempted murder, robbery, and criminal possession of a weapon.")

5.  Defendants recently filed a Motion for Enlargement of their Time to Answer or Otherwise Respond to Plaintiff's Complaint.  See Docket Entry No. 30.  Plaintiff has filed an Opposition to this Motion.  See Docket Entry No. 31.

6.  In the wake of Defendants' filing of their Motion for Enlargement, the undersigned counsel for Defendants has discovered that a sister Court has ruled that Plaintiff has run afoul of the PLRA's three strikes rule.  See Isasi v. Conway, et. al., Civil Action No. 06cv120 (W.D. N.Y.) (WMS), docket entry no. 6 (April 2006 order, attached hereto as Exhibit 1) at 2 (noting that, as of the date of that decision, "Plaintiff has had 2 cases dismissed by the Eastern District of New York and one by the United States Court of Appeals for strike reasons: 03-CV-2912ERK, 05-CV-4079ERK and USCA 04-0629 PR (the Court of Appeals docket number for its affirmance of dismissal in 03-CV-2912ERK)"); id. at 3 (concluding that "because Plaintiff has had three or more 'strikes' for purposes of 28 U.S.C. § 1915(g) and because plaintiff has made no allegation here that he is in imminent danger of serious physical injury, the request to proceed in forma pauperis is hereby denied"); see also Isasi v. Conway, et. al., Civil Action No. 06cv120 (W.D. N.Y.) (WMS), docket entry no. 12 (February 26, 2007 order, denying Plaintiff's motion for reconsideration, attached as Exhibit 2).  Arguably the legal and factual conclusion that Plaintiff had three strikes for purposes of the PLRA is dispositive on this issue under the doctrine

of collateral estoppel.[1]   Such an application of the doctrine would not be unprecedented: another

District Court recently ruled that a prisoner was collaterally estopped from contesting the finding

of two other courts that he had at least three strikes under the PLRA.  See Savage v. Stickman,

2007 WL 550268, *3 (W.D. Pa. 2007) (ruling, in the alternative, "that the final judgment in

Abraham and Savage v. Diguglielmo, No. 06-58 (M.D.Pa.), which found that Plaintiff had at

least three strikes, collaterally estops him from contesting those strikes in this case").

    7.  Moreover, independent research by the undersigned counsel for Defendants has

uncovered numerous cases, in which the Eastern District of New York, the Western District of

New York, and the United States Court of Appeals for the Second Circuit have each soundly

rejected Plaintiff's arguments and dismissed his actions and appeals.  Collectively, these

decisions provide an independent basis for a finding by this Court that Plaintiff has suffered at

least three "strikes."  See Isasi v. U.S. Gov., Civil Action No. 03-CV-2912 (ERK), Docket Entry

No. 38, Memorandum and Order (E.D. N.Y. November 4, 2003) (attached as Exhibit 3) at 2

(holding that, "[u]pon reviewing the numerous submissions from both plaintiff and defendants,

the Court dismisses the instant action **for failure to state a claim upon which relief can be**

**granted**") (citing 28 U.S.C. § 1915(e)(2)(B)(ii)) (emphasis added); id. at 3-4 (concluding that

"defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is granted" and that "plaintiff's

---

[1]  See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S.
323, 336, n. 16 (2005) (explaining that under the doctrine of collateral estoppel, "once a court has
decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation
of the issue in a suit on a different cause of action involving a party to the first case.") (internal
quotations removed); Baker by Thomas v. General Motors Corp., 522 U.S. 222, 233, n. 5 (1998)
(observing that the effect of the doctrine of "collateral estoppel" is that "an issue of fact or law,
actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action,
whether on the same or a different claim").

complaint is dismissed for failure to state a claim upon which relief may be granted") (citing 28

U.S.C. § 1915(e)(2)(B)(ii) and Fed R. Civ. P. 12(b)(6)); Isasi v. U.S. Gov., USCA  No. 04-0629-

PR, *available at* 2004 WL 2413426 (2nd Cir. Oct. 26, 2004) (unpublished summary order)

(affirming the Eastern District of New York's October 31, 2003 decision in 03cv2912, finding

that "Isasi's June 2003 complaint-arising from events occurring in 1997-was time-barred by

every conceivable statute of limitations," and noting that "as Isasi's claim lacks merit, the district

court denied properly his motion to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a)(3)"); Isasi v. Conway, *et. al.*, Civil Action No. 06cv120 (W.D. N.Y.) (WMS), Docket

Entry No. 12 (February 26, 2007 order, denying Plaintiff's motion for reconsideration of April

2006 order) (attached as Exhibit 2) at 6 (noting that "[i]n the instant matter, the Second Circuit

affirmed the dismissal of plaintiff's appeal in Isasi v. U.S. Gov. because it was time barred 'by

every conceivable statute of limitations'" and that "[c]learly, this must be considered a dismissal

on the merits and count as a strike for purposes of § 1915(g)") (citing 2004 WL 2413426 at *1);

see also Isasi v. Herbert, Civil Action Nos. 01-CV-1804, 03-CV-2912, *available at* 2004 WL

1727325, *5 (E.D. N.Y. June 16, 2004) at * 1 (finding that "[t]he case has been fully presented, it

is without substantial merit, appointment of counsel is not warranted, and the case should now be

decided"); id. at *15-*17 (noting that various arguments of Plaintiff have "no merit" and that

"[n]o other possible argument is more than frivolous," dismissing Plaintiff's petition, and

holding that "[a] certificate of appealability is granted only on the Mexican Miranda issue")

(emphasis added); Isasi v. Herbert, USCA No. 04-3979-PR, *available at* 2006 WL 897925 (2nd

Cir. Mar. 29, 2006) (affirming the Eastern District of New York's June 16, 2004 determination in

01-CV-1804 and 03-CV-2912, rejecting each of Plaintiff's arguments, and noting explicitly that

several of them are "without merit"); <u>see also</u> <u>Isasi v. New York State Docs</u>, <u>et. al</u>., Civil Action No. 05-cv-4079 (E.D. N.Y.) (ERK), docket entry no. 4 (September 16, 2005 order, not for publication, attached hereto as Exhibit 4) at 1, n. 1 (noting that "Plaintiff also unsuccessfully challenged his state court conviction in this Court" in Civil Action No. 01cv1804); <u>id</u>. at 2 (finding that "Plaintiff's instant complaint **fails to state a claim upon which relief may be granted**") (emphasis added); <u>id</u>. at 3 ("Plaintiff is warned that he cannot litigate this claim in this Court" and that "[i]f he files another complaint regarding this same matter, the Court shall bar him from further filing under the 'three strikes' provision. 28 U.S.C. § 1915(g)"); <u>Isasi v. New York State Docs, et. al</u>., Civil Action No. 05-cv-4079 (E.D. N.Y.) (ERK), Docket Entry No. 7 (March 29, 2006 Mandate of Notice of Second Circuit Court of Appeals as to Plaintiff's Notice of Appeal, attached hereto as Exhibit 5) (denying Plaintiff's motions for appointment of counsel, in forma pauperis status, and verification of filing and service, and ordering the dismissal of his appeal "**because it lacks an arguable basis in fact or law**") (emphasis added).

8.  It is true that the Second Circuit applies a slightly different (and perhaps broader) definition of a "strike" for PLRA purposes than does the D.C. Circuit.  <u>Compare</u>, <u>e.g.</u>, <u>Thompson v. Drug Enforcement Admin.</u>, 492 F.3d 428, 440 (D.C. Cir. 2007) (holding that "[a]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim") <i>with</i> <u>Tafari v. Hues</u>, 473 F.3d 440 (2nd Cir. 2007) (holding in part that "[a]n appeal is frivolous when it "lacks an arguable basis either in law or in fact," that "[a] frivolous action advances "inarguable legal conclusion[s]" or "fanciful factual allegation[s]," and that "the term "frivolous" refers to the ultimate merits of the case.") (citing <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)).

7

Nevertheless, in light of the foregoing evidence that Plaintiff has three strikes under the PLRA (even under the D.C. Circuit's definition of a "strike") as well as the fact that a sister Court within the Second Circuit has found that Plaintiff has three strikes under PLRA, Defendants respectfully submit that this Court should either find that Plaintiff has three strikes or alternatively should exercise its discretionary authority to deny Plaintiff IFP privileges. See Butler v. Dep't of Justice, 492 F.3d 440, 444-47 (D.C. Cir. 2007). Such a finding would: (1) advance comity between and among the various Circuits; (2) ensure that perverse incentives for forum shopping and gamesmanship do not arise on the part of prisoner-litigants who have been found to have three strikes in other Circuits but might hope for a different result here; and (3) be consistent with the purpose underlying the three strike provision: the reduction of frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

9. Plaintiff has not alleged, and there is no evidence to support the notion, that he is "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Nothing about the nature of his FOIA action suggests that it has been prompted by, or would due anything to guard against such a danger. Id. Consequently, due to his aforementioned prior dismissed civil actions and appeals, Plaintiff should not be allowed to proceed without prepayment of costs. See 28 U.S.C. § 1915(g). Because Plaintiff is precisely the sort of litigious prisoner who the three strikes rule was intended to address, his action should be dismissed unless he has made full payment of his filing fees.

WHEREFORE, based on the foregoing, Defendants respectfully request that this Court reconsider and rescind its Order entered June 25, 2007 granting Plaintiff's Motion for Leave to

Proceed *in forma pauperis* without prepayment of costs.


Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th of October, 2007, the foregoing *Motion to*

*Reconsider the Court's June 25, 2007 Order granting Plaintiff's Motion for Leave to Proceed In*

*Forma Pauperis, and Memorandum of Points and Authorities in Support Thereof* was served on

plaintiff, <u>pro se</u>, by first class mail, postage prepaid, addressed as follows:

> Richard Isasi
> # 98A1899
> Attica Correctional Facility
> P.O. Box 149
> Attica, NY 14011-0149

> ___/s/_____
> JONATHAN C. BRUMER, D. C. BAR # 463328
> Special Assistant United States Attorney
> 555 Fourth Street, N.W., Room E4815
> Washington, D.C. 20530
> (202) 514-7431
> (202) 514-8780 (facsimile)

-PS-



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2006 APR -5  AM 10: 49

RICHARD ISASI, 98-A-1899,

        Plaintiff,

      -v-

JAMES T. CONWAY, , et al.,

        Defendant.

06-CV-0120E
**ORDER**

    Plaintiff Richard Isasi, an inmate at the Attica Correctional Facility, has submitted a complaint and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

    On April 26, 1996, the United States Congress passed a law entitled the Prison Litigation Reform Act ("PLRA") which amended, among other things, the provisions of the United States Code which relate to the filing of civil actions or appeals *in forma pauperis*, 28 U.S.C. § 1915.  The PLRA amended § 1915 in part to require a court to dismiss a case under 28 U.S.C. § 1915(e)(2) "if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e).  In addition, Congress added a new section to the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

> facility, brought an action or appeal in a
> court of the United States that was dismissed
> on the grounds that it is frivolous,
> malicious, or fails to state a claim upon
> which relief may be granted, unless the
> prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  Thus, when an inmate has garnered three

"strikes," as they have come to be known, the motion for *in forma*

*pauperis* status must be denied unless plaintiff has asserted claims

which indicate that he is in imminent danger of serious physical

injury.

Plaintiff has had 2 cases dismissed by the Eastern District of

New York and one by the United States Court of Appeals for strike

reasons:  03-CV-2912ERK, 05-CV-4079ERK and USCA 04-0629 PR (the

Court of Appeals docket number for its affirmance of dismissal in

03-CV-2912ERK).[1]  Accordingly, pursuant to the mandate of 28 U.S.C.

§ 1915(g), plaintiff's motion for *in forma pauperis* status must be

denied unless plaintiff has asserted a claim that he is under

imminent danger of serious physical injury.  Plaintiff has made no

such allegations of imminent danger of serious physical injury

here, however, his complaint alleges irregularities with the

Department of Correctional Services' grievance and hearing

---

[1]In affirming the dismissal of the complaint by the District Court, the
Court of Appeals held that Isasi's complaint "was time-barred by every
conceivable statute of limitations . . ." and that since his claim lacks merit
the District Court's denial of his motion to proceed *in forma pauperis* was
proper.  *Isasi v. U.S. Gov.*, 112 Fed.Appx. 120, 2004 WL 2413426(Summary Order,
October 26, 2004).

procedures.    Therefore,  the  complaint  must  be  dismissed  unless
plaintiff pays the full filing fee of $250.00 by **May 1, 2006**.

### CONCLUSION AND ORDER

Plaintiff may be able to meet the statutory requirements of 28
U.S.C. § 1915(a).  However, because plaintiff has had three or more
"strikes" for purposes of 28 U.S.C. § 1915(g) and because plaintiff
has  made  no  allegation  here  that  he  is  in  imminent  danger  of
serious physical injury, the request to proceed *in forma pauperis*
is  hereby  denied.    **Plaintiff has until May 1, 2006 to pay the
filing fee of $250.00 or the action will be dismissed pursuant to
28 U.S.C. § 1915(g).**

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    April 4, 2006
          Rochester, New York

3

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD ISASI,

              Plaintiff,

     -v-                                 DECISION AND ORDER
                                        06-CV-0120E

JAMES T. CONWAY, et al.,

              Defendants.

_____


## INTRODUCTION

On April 6, 2006, following the transfer of this action to this Court from the Eastern

District of New York, the Court (Hon. Michael A. Telesca) entered an Order denying

plaintiff's application to proceed *in forma pauperis* on the basis that he had three prior

strikes pursuant to 28 U.S.C. § 1915(g)[1] and directing that the complaint be dismissed

unless plaintiff paid the filing fee. (Docket No. 6). On May 18, 2006, the Court entered an

Order dismissing the complaint for plaintiff's failure to pay the filing fee as directed.

(Docket No. 7).  Plaintiff has filed two motions seeking reconsideration of the Order

dismissing this action on the bases that: (1) the Attica Correctional Facility has refused to

_____

[1]28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a
judgment in a civil action or proceeding under this section  if the
prisoner has, on 3 or more prior occasions, while incarcerated or
detained in any facility, brought an action or appeal in a court of
the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of
serious physical injury.

deposit into his Inmate Trust Account a monetary reimbursement presumably from either the Eastern District of New York for the payment of the filing fee for a notice of appeal pursuant to 28 U.S.C. § 1915(b) or from this Court after the Court advised the correctional facility to rescind the encumbrance placed on plaintiff's Inmate Account (Docket No. 8-9); and (2) an affirmance of a dismissal of a complaint which was dismissed by the district court for a strike reason is not to be counted as a separate strike under § 1915(g). (Docket No. 10).

Plaintiff also "hints" that he can meet the "imminent danger of serious physical injury" exception to the "three strikes" rule but he provides no support for that claim (Docket No. 10). The Court notes that any such claim of imminent danger at this time is frivolous and was specifically addressed in District Judge Telesca's order denying the application to proceed *in forma pauperis* and rejected on the basis that the complaint alleged irregularities with the Department of Correctional Services' grievance and hearing procedures, none of which raised a claim of imminent danger of serious physical injury. (Docket No. 6). For the reasons addressed below, plaintiff's motions for reconsideration are denied.

## DISCUSSION

The Court considers plaintiff's motions to be motions under Fed.R.Civ.P. 60(b), which provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. As addressed below, nothing in plaintiff's motions for reconsideration allows the Court to grant relief from the Order, entered May 18, 2006, dismissing this action; plaintiff does not demonstrate that

2

there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claims should be reopened in the interest of justice.

### A. Plaintiff's Claim to Reimbursement

Plaintiff's first motion for reconsideration (Docket Nos. 8 & 9) is, at best, confusing. Plaintiff appears to argue that on March 9, 2006, this Court directed the Attica Correctional Facility to reimburse his inmate trust account in the amount of $250.00. (Docket Nos. 8 & 9, Ex. 5). That is not, however, what occurred. It is the practice of this Court that when a complaint is received from a prisoner along with an application to proceed *in forma pauperis* and an authorization, pursuant to 28 U.S.C. § 1915(b), authorizing the correctional facility to pay the filing fee from the inmate's trust account, the Clerk of the Court forwards a letter to the correctional facility at which plaintiff is imprisoned and directs the facility to calculate and remove from the inmate's account either (1) the full filing fee of, at that time, $ 250.00, or (2) if there are insufficient funds in the inmate account to pay the full filing fee, then remove or encumber the initial partial payment of the fee, which is 20% of the greater of: (a) the average monthly deposits in the inmate's account for the past six months, or (b) the average monthly balance in the inmate's account for the past six months.

On March 2, 2006, the day after this matter was transferred to this Court from the Eastern District of New York a letter of this type was forwarded to the Superintendent of the Attica Correctional Facility, but on or about March 29, 2006, the Clerk's Office's Pro Se Writ Clerk contacted the Attica Correctional Facility and advised individuals within the Inmate Records Department to rescind  the encumbrance letter sent on March 2 because

3

plaintiff's application to proceed *in forma pauperis* was denied pursuant to the three strikes provision of 28 U.S.C. § 1915(g).

Plaintiff also submits documents which show that, pursuant to an authorization he executed, the Deputy Clerk of the United States Court of Appeals for the Second Circuit forwarded a letter to the Attica Correctional Facility directing the facility to pay in monthly installments from plaintiff's inmate trust account the $255.00 appellate court filing fee, (Docket Nos. 8 & 9, Ex. 2), and that plaintiff executed a Department of Correctional Service's Disbursement or Refund Request Form authorizing the correctional facility to forward to the United States District Court for the Eastern District of New York (where the appeal originated) the $ 255.00 Court of Appeals' filing fee. (*Id.*, Ex. 3). The relevance of these documents is not entirely clear to the Court because all they show is that the Attica Correctional Facility was directed to encumber plaintiff's inmate trust account in the amount of $ 255.00 to pay the Court of Appeals' filing fee.

While this Court did direct the correctional facility to lift the encumbrance on plaintiff's account, the Court admittedly does not understand what this may have to do with the dismissal of the instant complaint for plaintiff's failure to pay the $ 250.00 filing fee as directed after his application to proceed *in forma pauperis* was denied. If plaintiff is arguing that had the facility reimbursed his inmate account in the amount of the $ 250.00 civil case filing fee or the $ 255.00 appellate filing fee he would then have had enough funds in his account to pay the filing fee, this argument is belied by the statement of plaintiff's inmate account for the period March 1 through March 31, 2006. The statement, which plaintiff attached as an exhibit to his motion, shows that the most plaintiff had in his account was $ 95.55 on March 2, 2006, and that on March 30, 2006 the balance was only

4

$ 46.68. (Docket Nos. 8 & 9, Ex. 5). Therefore, even if plaintiff had wished to pay the filing fee, there is no evidence that the correctional facility failed to reimburse his inmate account and somehow prevented him from paying the file fee.

### B. Dismissal of Appeal as a "Strike"

Plaintiff's second motion for reconsideration argues that the Second Circuit's affirmance of the dismissal of his complaint by the district court for failure to state a claim on which relief appeal can be granted--a strike reason--should not be counted as an additional strike because the Second Circuit merely affirmed the district court's dismissal of the complaint. *Isasi v. U.S. Gov.*, 03-CV-2912ERK, Memorandum and Order (E.D.N.Y. October 31, 2003), *aff'd* 112 Fed.Appx. 120, 2004 WL 2413426 (2d Cir. 2004).

The Court notes initially that Rule 60(b) motions may not be used as a substitute for an appeal. *United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir. 1983); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967). Additionally, it is clear that for purposes of the three strikes rule, 28 U.S.C. § 1915(g), district court and appellate proceedings are separate and distinct proceedings. *Beas v. Doe*, 401 F.Supp.2d 538, 541 (E.D.Va. 2005). The Second Circuit in *Isasi v. U.S. Gov.* affirmed the district court's dismissal finding that "by every conceivable statute of limitations" the complaint filed in the district court was time barred," and denied plaintiff's application to proceed *in forma pauperis* because plaintiff's claim "lacks merit." *Id.*, 2004 WL 2413426, at *1 (citations omitted).

Just recently the Second Circuit addressed what is or is not to be considered a "strike" on appeal and stated, in holding that a dismissal of an appeal on the basis of prematurity was not a strike for purposes of § 1915(g), "[a]n appeal is frivolous[, and thus

5

a strike under § 1915(g),] when it 'lacks an arguable basis either in law or in fact.' A

frivolous action advances 'inarguable legal conclusion[s]' or 'fanciful factual allegation[s].'

Thus, the term 'frivolous' refers to the ultimate merits of the case. The jurisdictional defect

in [this matter], prematurity, had nothing to do with the merits of the underlying claim."

*Tafari v. Hues*, 473 Fed.3d 440, 442 (2d Cir. 2007).

In the instant matter, the Second Circuit affirmed the dismissal of plaintiff's appeal

in *Isasi v. U.S. Gov.* because it was time barred "by every conceivable statue of limitations."

*Id.*, 112 Fed.Appx. 120, 2004 WL 2413426, at *1. Clearly, this must be considered a

dismissal on the merits and count as a strike for purposes of § 1915(g). Moreover, the

Second Circuit denied plaintiff's application to proceed *in forma pauperis* on appeal

because the plaintiff's "claim lacks merit." *Id.*

## CONCLUSION

For the foregoing reasons, plaintiff's motions for reconsideration (Docket Nos. 8

& 9, and 10) of the Court's Order, entered May 18, 2006 (Docket No. 7), are denied.

SO ORDERED.

Dated:   *FEB. 26*          , 2007
         Rochester, New York

                                    *Charles Siragusa*
                                    CHARLES J. SIRAGUSA
                                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

———————————————————X

RICHARD ISASI,

               Plaintiff,

        -against-

U.S. GOV., GOVERNOR, STATE POLICE NJ,
U.S. MARSHALS, N.Y.P.D., GOVERNOR NY,
JUDGE, D.A., LAWYER,

               Defendant.

**MEMORANDUM
AND ORDER**
03-CV-2912 (ERK)

———————————————————X

KORMAN, Ch.J.:

      Plaintiff, appearing *pro se*, filed the instant complaint pursuant to 42 U.S.C. § 1983 on

June 9, 2003, alleging defendants violated his rights in connection with his extradition in

September 1997 from Mexico to New York. On July 14 and July 16, 2003, the Court issued two

conflicting orders: the first directing service of the complaint upon defendants and the second

dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted

under 28 U.S.C. § 1915(e). On August 1, 2003, plaintiff filed a motion to vacate this Court's

July 16, 2003 Order ("Mot. to Vacate"). On August 18, 2003, this Court granted plaintiff's

motion for reconsideration and directed him to file an amended complaint. Plaintiff filed an

affirmation with supporting documents ("Aff.") and a motion for default judgment ("Def. Mot.")

on October 1, 2003. Prior to that, on September 25, 2003, counsel for defendants moved to

dismiss plaintiff's original complaint for failure to state a claim upon which relief may be granted

pursuant to Fed.R.Civ.P. 12(b)(6).[1] Further, on October 8, 2003, plaintiff filed an application for

---

[1]The Court's referral of this motion to Magistrate Judge Bloom is hereby withdrawn.

an appointment of counsel.  Plaintiff's motion for appointment of counsel is denied.  Plaintiff has

not met the standard for appointment of counsel.  Moreover, the Court dismisses the instant

action for the reasons stated below.

## BACKGROUND

Plaintiff's  complaint alleges that defendants violated his rights under the Fourth, Sixth

and Fourteenth Amendments.  Mot. to Vacate ¶ 11.  Plaintiff's complaint arises out of his

extradition from Mexico to New Jersey and then to New York.[2]  In particular, plaintiff alleges:

> "The facts in this case, regardless of the unarticulated manner presented by the
> plaintiff, give rise to weighty concerns of a denial of fundamental fairness.  The
> individuals claiming to be federal authority for purpose of extradi[]tion falsely
> represented to the Mexican officials the purpose of plaintiff's extradi[]tion.  Any
> documentation presented to the Mexican court for such extradi[]tion to the State
> of New Jersey was false and known to be false..."

Id. ¶ 10.  Plaintiff alleges he was not "provided with, shown, or allowed to review any warrant,

extradition papers, or otherwise."  Id. ¶ 7.  Furthermore, plaintiff alleges that he was not "allowed

to communicate with any family, friends, nor an attorney."  Id.  In addition to seeking the

documents that pertain to his extradition, see Aff. ¶ 3, plaintiff requests $50,000,000 in damages.

See Def. Mot.

## DISCUSSION

Upon reviewing the numerous submissions from both plaintiff and defendants, the Court

dismisses the instant action for failure to state a claim upon which relief can be granted.  28

U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff alleges that his constitutional rights were violated during his

extradition by officials who denied him (1) access to documents relevant to his extradition and

(2) the opportunity to communicate with other individuals.  Mot. to Vacate ¶ 7.  However,

---

[2]After trial in New York on February 24, 1998, plaintiff was convicted of murder, attempted
murder, robbery, and criminal possession of a weapon. Aff., Ex. B.

plaintiff's allegations fail to demonstrate that any of his constitutional rights were violated. <u>See</u> <u>Burks v. Nassau County Sheriff's Dep't</u>, No. 03 Civ. 0645 (ADS)(ARL), 2003 WL 22326520, at *3 (E.D.N.Y. Oct. 11, 2003) (§ 1983 claims dismissed under Rule 12(b)(6) and 1915(e), as plaintiff failed to establish that defendants' conduct amounted to a constitutional violation). As this Court held in its July 17, 2003 Order, "defects in the manner in which jurisdiction is obtained over the person of a defendant do not generally rise to the level of a due process violation." <u>Isasi v. U.S. Gov., et al.</u>, 03-CV-2912 (ERK) (citing <u>Matter of Extradition of Atta</u>, 706 F.Supp. 1032, 1037 (E.D.N.Y. 1989)); <u>see also</u> <u>United States ex. rel. Moore v. Martin</u>, 273 F.2d 344, 345 (2d Cir.), <u>cert</u> <u>denied</u>, 363 U.S. 821 (1960) (defendant's constitutional rights were not violated by his arrest in Florida and his transportation to Pennsylvania against his will and without any extradition hearing). Therefore, plaintiff's claims that defendants violated his constitutional rights claims are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(b)(6).

Moreover, plaintiff's instant complaint, even if it alleged defendants' conduct amounted to a constitutional violation, would be barred on statute of limitations grounds. In New York, the statute of limitations for bringing a civil rights action is three years. <u>Owens v. Okure</u>, 488 U.S. 235, 251 (1989). All the events related to plaintiff's extradition and conviction occurred in 1997 and 1998. Plaintiff filed the instant complaint in June 2003. Therefore, even if plaintiff had stated a claim upon which relief could be granted, his claims would be barred by the statute of limitations.

CONCLUSION

Accordingly, (1) defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is granted, (2) plaintiff's motion for default judgment is denied, and (3) plaintiff's complaint is

3

dismissed for failure to state a claim on which relief may be granted.[3]  28 U.S.C. §

1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(b)(6).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied

for purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

                                  Edward R. Korman
                                  United States District Judge


Dated:  Brooklyn, New York
       10/31/ , 2003

---

[3]Defendants' requests for an extension of time to answer plaintiff's complaint and plaintiff's motion for an extension of time to serve summons on ADA Julien Wise are therefore denied as moot.

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RICHARD ISASI,

                 Plaintiff,

      -against-

NY STATE DOCS, LYNN HERMAN,
JAMES T. CONWAY, ANTHONY MOLIK,
NJ STATE PROSECUTOR, FREDERICK
THEEMLING, BARBARA TURSO,
TRANSCOR AMERICA LLC, JAMES
C. THOMAS, STATE OF NEW YORK
GOVERNOR, STATE OF CLEVELAND
GOVERNOR, STATE OF WASHINGTON
DC GOVERNOR, STATE OF
PENNSYLVANIA GOVERNOR,

                 Defendants.

------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
05-CV-4079 (ERK)

U.S. ... ... ... ... ... D.N.Y.

★ SEPT 16 2005 ★

BROOKLYN OFFICE

KORMAN, Ch.J.

      Plaintiff Richard Isasi brings this *pro se* action under 42 U.S.C. § 1983 alleging that

defendants have failed to provide him with documents related to his extradition.  The Court

grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but

dismisses the complaint for the reasons set forth below.

## BACKGROUND

      This is plaintiff's second action brought in this Court concerning his 1997 extradition

from Mexico to New York, where he was convicted of murder, attempted murder, robbery, and

criminal possession of a weapon.[1]  See Isasi v. U.S. Gov., et al., No. 03-CV-2912 (ERK)

(dismissed October 31, 2003 for failure to state a claim).  Whereas plaintiff's prior complaint

primarily challenged the manner in which he was extradited, the instant complaint concerns the

denial of, or lack of response to, his numerous requests to state agencies and officials for

---

[1]Plaintiff also unsuccessfully challenged his state court conviction in this Court pursuant to 28
U.S.C. § 2254.  See Isasi v. Herbert, No. 01-CV-1804 (JBW) (dismissed June 16, 2004).

documents relating to his extradition. According to plaintiff's complaint, he has requested

documents from defendants since March 2005 to no avail. For example, plaintiff alleges that on

or about March 2, 2005, he filed a request pursuant to New York State's Freedom of Information

Law ("FOIL"), N.Y. Pub. Off. Law §§ 84, et seq., to the office of the Governor of New York

State; said request was denied on March 31, 2005, and plaintiff's appeal was denied on June 9,

2005. Compl. ¶¶ 9-10. Plaintiff alleges that defendants have violated his rights by withholding

the documents he has requested. Plaintiff seeks $50 million in damages for defendants' alleged

wrongdoing. Id. ¶ V.

## DISCUSSION

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in

order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1)

is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding pro

se, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights

violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v.

Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings

as raising the strongest argument they suggest. Id.

Plaintiff's instant complaint fails to state a claim upon which relief may be granted.

Plaintiff's complaint does not establish how he has a constitutionally protected interest in the

documents related to his extradition. Moreover, the Freedom of Information Law that plaintiff

relies on is state law and his remedy, if any, lies in state court process. See Washington v. Police

Dep't, City of New York, No. 93 Civ. 5962 (JFK), 1994 WL 455512, at *1 (S.D.N.Y. Aug 22,

1994) ("FOIL does not establish federal question jurisdiction"); see also Yip v. Bd. of Trs. of the

State Univ. of New York, No. 03-CV-0959 (SR), 2004 WL 2202594, at *7 (W.D.N.Y. Sept. 29,

2004) ("FOIL does not give rise to a private cause of action to recover money damages").

Indeed, "FOIL documents need only be produced after a request and investigation have been

made ... and the statute provides for appropriate remedies, namely, administrative appeals and

[proceedings pursuant to Article 78 of the New York Civil Practice Law and Rules], in the event

that the government fails to respond to the FOIL request." Webb v. Ashburn, No. 96 Civ. 0325

(SAS), 1997 WL 118355, at *6 (S.D.N.Y. Mar. 17, 1997) (dismissing plaintiff's FOIL claim as

he did not allege a constitutionally protected interest in the FOIL documents) (citation omitted).

Plaintiff is warned that he cannot litigate this claim in this Court. If he files another complaint

regarding this same matter, the Court shall bar him from further filing under the "three strikes"

provision. 28 U.S.C. § 1915(g).

## CONCLUSION

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be

granted under § 1983. 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis*

status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45

(1962).

SO ORDERED.

s/Edward R. Korman
_____
Edward R. Korman
United States District Judge

Dated:   Brooklyn, New York

MANDATE

# United States Court of Appeals
#### FOR THE
### SECOND CIRCUIT

---

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 2nd day of March,  two thousand six,

Present:

> Hon. John M. Walker, Jr.,
> *Chief Judge,*
> Hon. Richard J. Cardamone,
> Hon. Sonia Sotomayor,
> *Circuit Judges.*

---

Richard Isasi,

                              Plaintiff-Appellant,

              v.                                                05-5459-cv

NY State DOCS, et al.,

                              Defendants-Appellees.

---

Appellant, *pro se*, moves for appointment of counsel, *in forma pauperis* status, and verification of filing and service.  Upon due consideration, it is ORDERED that his motions are denied and his appeal is dismissed because it lacks an arguable basis in fact or law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e).

> FOR THE COURT:
> Roseann B. MacKechnie, Clerk
>
> By: *Lucille Carr*

A TRUE COPY
SAO-KF        Roseann B. MacKechnie, CLERK
    MAR - 2 2006
              by    *Siegl*
              DEPUTY CLERK

Issued as mandate 3·27·06

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD ISASI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-2222 (RBW) |
| PRISCILLA JONES, | ) | |
| RICHARD L. HUFF, | ) | |
| MARGARET P. GRAFELD, | ) | |
| and | ) | |
| THOMAS J. MCINTYRE, | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

UPON CONSIDERATION of Defendants' *Motion to Reconsider the Court's June 25, 2007 Order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis, and Memorandum of Points and Authorities in Support Thereof* , and the record herein, and it appearing that good cause exists for the requested extension, it is this _____ day of _____, 2007,

ORDERED, that Defendants' Motion be, and hereby is, GRANTED;

ORDERED, that the Court's June 25, 2007 order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* is RESCINDED; and

FURTHER ORDERED, that Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED.

_____
REGGIE B. WALTON
United States District Court Judge

Copies of this order to:

Richard Isasi
# 98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
  for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530