UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ISASI, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PRISCILLA JONES *et al.*, )<br>)<br>    Defendants. )<br>_____) | Civ. Action No. 06-2222 (RBW) |

MEMORANDUM OPINION AND ORDER

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2002), plaintiff is a New York prisoner who was granted leave to proceed *in forma pauperis* (IFP) contemporaneously with the assignment of this case to the undersigned judge. *See* Order filed June 25, 2007 (granting leave to proceed IFP).

Defendants move for reconsideration of the IFP Order on the ground that plaintiff is barred from proceeding IFP in federal court by the so-called three-strike provision codified at 28 U.S.C. § 1915(g) (2006). The Court agrees and therefore will grant defendants' motion, vacate the IFP order, and allow time for plaintiff to pay the $350 filing fee applicable to civil actions.[1]

The applicable provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The United States District Court for the Western District of New York

---

[1] *See Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (permitting appellants barred by three-strike provision 30 days to pay the filing fee).

has determined that plaintiff has had three cases dismissed "for strike reasons." Def.'s Mot., Ex. 1 (*Isasi v. Conway*, Civ. Action No. 06-0120E, at 2) (W.D.N.Y., Apr. 4, 2006) (Telesca, J.)). Moreover, defendants have sufficiently shown independent of this ruling that at least three of plaintiff's previous actions were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Def.'s Mot. ¶¶ 6-7 (citing exhibits).

Plaintiff has not alleged that he is facing imminent danger of serious physical injury, nor could he reasonably make such a claim where the underlying FOIA complaint has nothing to do with the conditions of his confinement. *See Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether [a plaintiff] qualifies [under the imminent danger exception], we look to the complaint. . . .") (citation omitted). Accordingly, it is

ORDERED that defendants' motion to reconsider the order granting plaintiff's motion to proceed IFP [Dkt. No. 32] is GRANTED; it is

FURTHER ORDERED that the Order granting plaintifff's motion for leave to proceed *in forma pauperis* [Dkt. No. 6] is VACATED; and it is

FURTHER ORDERED that within 30 days of this Order, plaintiff shall pay to the Clerk of Court the filing fee of $350 to maintain this action or suffer dismissal of the case.

_____s/_____
Reggie B. Walton
United States District Judge

Date: December 18, 2007