## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ISASI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action Nos. 06-2222 (RBW) |
| | ) |
| PRISCILLA JONES et al., | ) |
| | ) |
| Defendants. | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendants[1], through and by undersigned counsel, hereby move to dismiss this action. In the alternative, the Court is asked to enter summary judgment in favor of the moving Defendants, pursuant to Fed. R. Civ. P. 56, on the grounds that there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law.[2] In addition, Defendants, through and by undersigned counsel,

---

[1] As identified in the Complaint, the Defendants are: Priscilla Jones, Chief of the Administrative Staff in the Office of Information and Privacy, Department of Justice; Thomas McIntyre, **former** Chief of the Freedom of Information/Privacy Act Unit of the Criminal Division, Department of Justice; Richard Huff, **former** Co-Director of the Office of Information and Privacy, Department of Justice; Margaret P. Grafeld, Director, Office of Information Programs and Services, U.S. State Department.

[2] Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion will be accepted by the Court as true unless the Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the Defendants' attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific

oppose Plaintiff's Motion Order to Show Cause for Preliminary Injunction and Temporary

Restraining Order [sic], on the grounds that the injuries Plaintiff alleges bear no relation to the

cause of at action at bar.  Further, the injuries claimed in no way prevent Plaintiff from litigating

the present case.

        The Court is respectfully referred to the accompanying memorandum and to the

statement of material facts accompanying this motion.  A proposed Order consistent with this

Motion is attached hereto.


Dated: March 18, 2008              Respectfully submitted,


                                   ____/s/_____
                                   JEFFREY A. TAYLOR, DC Bar #498610
                                   United States Attorney


                                   ____/s/_____
                                   RUDOLPH CONTRERAS, DC Bar #434122
                                   Assistant United States Attorney



                                   ___/s/_____
                                   BRANDON L. LOWY
                                   Special Assistant United States Attorney
                                   555 Fourth Street, NW
                                   Washington, DC 20530
                                   Telephone: (202) 307-0364


                                   Attorneys for Defendant

---

facts showing that there is a genuine issue for trial.  If the adverse party does not so respond,
summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD ISASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 1:06-cv-02222 (RBW) |
| | ) | |
| PRISCILLA JONES et al., | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |

**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LCvR 7(h), Defendants hereby submit the following statement.

**I.  PLAINTIFF'S FOIA REQUESTS TO THE JUSTICE DEPARTMENT**

**A.  DOJ's Release of Responsive Documents to Plaintiff**

1.  By letter dated March 31, 2003, Plaintiff made a Freedom of Information Act

("FOIA") request to the Department of Justice's Criminal Division (hereinafter "Criminal

Division"). Plaintiff requested the following:

> 1.  Copy of the extradition Warrant with Affidavit and all supporting papers file [sic] with the New Jersey authorities while I was being extradited from Mexico to New Jersey on February 9, 1995;
>
> 2.  All papers filed with the United States Marshall [sic] who handle the extradition and Order by the Mexican authorities filed also on February 9, 1995; and
>
> 3.  Any and all documentation relevant to this matter maintain [sic] with the office of the United States Marshall who was involved in the Transaction within the treaty of the United States and Mexico and whether or not the document was amended to include the State of New York.

<u>See</u> Pamela A. Roberts Declaration ("Roberts Decl."), ¶ 4; Roberts Exh. 1.  Plaintiff provided his name as "Richard Isasi" or "Richard Isasi Diaz."  Roberts Decl., ¶ 4.  He did not list any additional aliases.  <u>Id.</u>

    2.  By letter addressed to the Plaintiff dated June 26, 2003, the Criminal Division acknowledged receipt of Plaintiff's FOIA request on May 1, 2003, and assigned it case number CRM-20030055 1P.  Roberts Decl., ¶ 5; <u>see</u> Roberts Exh. 2.  Plaintiff was notified that the Criminal Division would conduct a search to determine what records the Division maintained within the scope of his request and would notify him once the search was completed.  Roberts Decl., ¶ 5.  The Criminal Division also provided Plaintiff with a list of other components within the Justice Department and other Federal agencies and suggested that he may wish to send requests to those additional offices if he had not already done so.  <u>Id.</u>

    3.  By letter dated June 2, 2003, Plaintiff sent a second FOIA request to the Criminal Division. Roberts Decl., ¶ 6; <u>see</u> Roberts Exh. 3.  This request was similar to his first request. The request was signed "Richard Isasi" and no additional aliases were listed.  Roberts Decl., ¶ 6.

    4.  By letter dated August 12, 2003, the Criminal Division acknowledged receipt of Plaintiff's second request and advised him that the Division was already processing a similar request from him.  Roberts Decl., ¶ 7; <u>see</u> Roberts Exh. 4.  The Criminal Division informed Plaintiff that he would be contacted when pertinent records had been received and processed. Roberts Decl., ¶ 7.

    5. In the meantime, Plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP") of the Department of Justice, and OIP responded to the appeal on August 11, 2003.  <u>See</u> Roberts Exh. 5.  OIP explained to Plaintiff that the FOIA gives agencies twenty

days to respond to requests and therefore, his appeal at that time was premature. Roberts Decl., ¶ 8.

6. By letter dated September 27, 2005, the Criminal Division's FOIA/PA (Privacy Act) Unit responded to Plaintiff's requests of March 31, 2003 and June 2, 2003, and informed him that 24 documents (items 1-24) within the scope of his request were located and that all records either required by statute, or considered appropriate as a matter of discretion, would be released to him. Roberts Decl., ¶ 9; see Roberts Exh. 6.  Items 1-20 were released to Plaintiff in full and attached to the response letter.  Roberts Decl., ¶ 9.  Items 21-23 were released in part and also attached to the response letter.  Item 24 was withheld in full.  Id.  Material was withheld pursuant to Exemptions 5, 6, 7(C) and 7(F) of the FOIA, 5 U.S.C. § 552(b)(5), (6), (7)(C) and (7)(F). Id. The letter also advised Plaintiff that the Criminal Division had located documents that originated with other agencies and those documents had been referred to those agencies for processing and a direct response to Plaintiff.  Id.  The agencies were the Executive Office for U.S. Attorneys ("EOUSA"), OIP (for documents that were of an interest to the Office of the Attorney General and Deputy Attorney General), the Department of Justice's Office of Legal Counsel ("OLC"), and the U.S. Department of State. Plaintiff was also notified of his right to an administrative appeal.  Id.

7. On October 21, 2005, OIP acknowledged receipt of Plaintiff's administrative appeal. Roberts Decl., ¶ 10; see Roberts Exh. 7.  OIP advised Plaintiff that there was a backlog of pending appeals and his continuing courtesy was appreciated.  Roberts Decl., ¶ 10.

8. On September 26, 2006, OIP responded to Plaintiff's administrative appeal and determined that item 24, which had been previously withheld pursuant to Exemption 5, 5 U.S.C. § 552(b)(5), could be released to Plaintiff in full.  Roberts Decl., ¶ 11; see Roberts Exh. 8.  OIP

released the document to Plaintiff and attached a copy of the document to the release letter.
Roberts Decl., ¶ 11.  OIP explained that it was otherwise affirming, on partly modified grounds,
the Criminal Division's action on his request.  Id.  OIP determined that the Criminal Division had
properly withheld certain information that is protected from disclosure under the FOIA pursuant
to Exemptions 5, 7(C), and 7(F), 5 U.S.C. § 552(b)(5), (b)(7)(C), and (b)(7)(F).  Id.

9.  On December 13, 2007, the Criminal Division's FOIA/PA Unit provided a
supplemental response to Plaintiff.  Roberts Decl., ¶ 12; see Roberts Exh. 9.  In its response, the
Criminal Division explained that an error had been made in referencing the date for item 24.
Roberts Decl., ¶ 12.  It was explained that this document was actually dated March 19, 1996, and
not March 19, 1995, which was listed on the response letter of September 27, 2005.  Id.  The
letter also explained that upon review it was determined that item 22, which had been released in
part pursuant to Exemption 5, could now be released in full.  Id.  A clean copy of item 22 was
attached to the letter.  Id.

**B.  DOJ Office of Information and Privacy Administrative Processing of Referrals
From DOJ Criminal Division**

10. On August 3, 2007, OIP provided a response to Plaintiff regarding the documents that
the Criminal Division had referred for processing.  Roberts Decl., ¶ 13; see Roberts Exh. 10.
OIP released to Plaintiff all of the documents, except one document marked as item 2, totaling
two pages. OIP indicated in its letter that the document was withheld pursuant to Exemption
(b)(5), 5 U.S.C. § 552(b)(5), on behalf of the Criminal Division. Roberts Decl., ¶ 13.

11. On February 15, 2008, the Criminal Division provided a supplemental response to
Plaintiff.  Roberts Decl., ¶ 14; Roberts Exh. 11.  In its letter, the Criminal Division explained to
Plaintiff that item 2 was being released to him in full based on a subsequent review of the

document and a review of other documents that had been released to Plaintiff.  Roberts Decl., ¶ 14.

### C.  DOJ Criminal Division Administrative Processing of Referrals from the State Department

12. On January 28, 2008, the U.S. Department of State referred two documents to the Criminal Division labeled L2 and L10.  Roberts Decl., ¶ 15.  The documents originated with the Department of State but contained information that appeared to be of interest to the Criminal Division.  Id.  The Criminal Division recommended release of the documents with excisions to remove the name of the Legal Attaché and the names of third party suspects pursuant to Exemptions 6 and 7(C).  Id.

13. On January 29, 2008, the U.S. Department of State referred three documents to the Criminal Division for processing and direct response to Plaintiff.  Roberts Decl., ¶ 16; see Roberts Exh. 12.  The Criminal Division reviewed the documents and, by letter dated February 13, 2008, released the three documents to Plaintiff in full.  Roberts Decl., ¶ 16.

## II.  PLAINTIFF'S FOIA REQUESTS TO THE STATE DEPARTMENT

### A.  DOS's Release of Responsive Documents to Plaintiff: IPS Case Number 200300569

14.  By letter dated February 12, 2003 (Exhibit 1), to the Department of State, the Plaintiff requested:

> 1.  Copy of extradition warrant with affidavit and all supporting paper executing extradition from New Jersey state to Mexico Veracruz date Marz 10, 1995.
>
> 2.  Copy of extradition warrant with affidavit and all supporting paper executing extradition from Mexico, Veracruz date Sept 4, 1997 to New Jersey state. [sic]

Margaret P. Grafeld Declaration ("Grafeld Decl."), ¶ 4; Grafeld Exh. 1.

15.  By letter dated March 3, 2003 (Exhibit 2), the Department of State's Office of Information Programs and Services ("IPS") acknowledged receipt of Plaintiff's request and assigned it case number 200300569.  Grafeld Decl. ¶ 5; <u>see</u> Grafeld Exh. 2.  IPS advised Plaintiff that his request was being processed and that he would be notified when responsive material was retrieved and reviewed; the cut-off date for retrieving records was the date of search initiation; only existing records were subject to the FOIA; and the Department's response may be delayed. Grafeld Decl., ¶ 5.

16.  By two letters dated June 23, 2003 (Exhibit 3), IPS informed Plaintiff that searches had been initiated of the Central Foreign Policy Records and the records of the Office of the Legal Adviser.  Grafeld Decl., ¶ 6; Grafeld Exh. 3.  IPS advised Plaintiff that it had completed the search of the Central Foreign Policy Records and had found six responsive documents. Grafeld Decl. ¶ 6.  Of these, four were released in full and two were released in part.  <u>Id.</u>  IPS further advised Plaintiff that no responsive documents were found during the search of the records of the Office of the Legal Adviser.  <u>Id.</u>  Plaintiff was informed of his right to appeal the denial of information.  <u>Id.</u>

17.  By letter dated July 1, 2003 (Exhibit 4) to the Chairman of the Appeals Review Panel, Plaintiff advised that the material he received from IPS was not what he had requested. Plaintiff indicated that the following four items were the subjects of his request:

> 1.  A copy of extradition warrant with affidavit and all supporting paper executing pertaining to [his] extradition from New Jersey State to Mexico Veracruz date Marz 10, 1995.
>
> 2.  A copy of the extradition and executive order from the magistrate of Mexico signed by [Plaintiff].  April 1995.
>
> 3.  A copy of the transportation document from the Mexican agents with place dated stated Sept 3, 1997.  [sic]

4.  A copy of the transportation document from Webb Texas to New Jersey by the U.S. Marshals. Sept 4, 1997.  [sic]

Grafeld Decl., ¶ 7; Grafeld Exh. 4.

18.  By letter dated July 16, 2003 (Exhibit 5), the Appeals Officer in IPS informed Plaintiff that because his July 1, 2003 letter did not appeal the denial of information, IPS did not open an appeal in this case.  Grafeld Decl., ¶ 8; Grafeld Exh. 5.  Plaintiff's letter was nevertheless referred to the same division in IPS that processed his request for its re-examination.  Grafeld Decl. ¶ 8.

19.  By letter dated September 4, 2003 (Exhibit 6), IPS informed Plaintiff that additional searches had been conducted based on his letter of July 1, 2003.  Grafeld Decl., ¶ 9; Grafeld Exh. 6.  Searches of the retired files of the Bureau of Western Hemisphere Affairs and the U.S. Embassy in Mexico were performed and no responsive documents were located.  Grafeld Decl. ¶ 9.  IPS suggested to Plaintiff that the records he sought might be held by the Department of Justice ("DOJ") and provided him the address for that agency's FOIA office.  Id.

20. By letter dated February 14, 2008 (Exhibit 7), Plaintiff was informed that the Department re-examined its search efforts in his request and conducted additional searches of records from the following records systems:  the Central Foreign Policy Records, the Office of the Legal Adviser, the Bureau of Western Hemisphere Affairs, and the U.S. Embassy in Mexico.  IPS advised Plaintiff that these searches resulted in the retrieval of eleven additional responsive documents, of which four documents were released in full, three documents were denied in part, and four were DOJ documents that IPS referred to DOJ for its review and reply directly to the requester.  Id.  ¶ 10; Grafeld Exh. 7.

**B.  DOS Administrative Processing of Referrals from DOJ Criminal Division**

**1.  IPS Case Number 200504385**

21.  By memorandum dated September 27, 2005, DOJ referred 18 Department of State documents to IPS for review.  Grafeld Decl., ¶ 31.  IPS assigned case number 200504385 to this referral.  Id.  To facilitate internal processing, IPS separated the 18 documents referred by DOJ into 28 documents.  Id.

22.  In a series of letters between November 2005 and February 2006, Plaintiff and IPS corresponded regarding the status of the Department's processing of the documents referred by DOJ (Exhibit 8).  Id. at ¶ 32; Grafeld Exh. 8.

23.  With a letter dated July 25, 2006 (Exhibit 9), IPS released 24 of the Department of State documents in full, withheld one in full, and deemed three (fax cover sheets) non-responsive to the request.  Grafeld Decl., ¶ 33; Grafeld Exh. 9.  IPS informed Plaintiff of his right to appeal the denial of information.  Grafeld Decl. ¶ 33.

24.  By letter dated August 3, 2006 (Exhibit 10), Plaintiff claimed to IPS that documents were missing from the package he received on August 1, 2006, and requested that IPS locate the documents and provide him with copies.  Grafeld Decl., ¶ 34; Grafeld Exh. 10.

25.  By letter dated August 21, 2006 (Exhibit 11), to the Chairman of the Appeals Review Panel, Plaintiff appealed the denial of FOIA referral no. 200505014 and listed 8 document numbers in FOIA referral no. 200504385 that appeared to be missing from the package he received.  Grafeld Decl., ¶ 35; Grafeld Exh. 11.

26.  By letter dated September 28, 2006 (Exhibit 12), IPS informed Plaintiff that of the 28 documents referred to the Department by DOJ, three were not responsive to his request, one was not releasable, and 24 were sent to him on July 25, 2006.  Grafeld Decl., ¶ 36; Grafeld Exh. 12. IPS advised Plaintiff that there were no other Department of State documents retrieved in the search conducted by DOJ.  Grafeld Decl. ¶ 36.

27. By letter dated October 30, 2006 (Exhibit 13), the IPS Appeals Officer acknowledged receipt of Plaintiff's appeal dated August 21, 2006 in case no. 200504385. Grafeld Decl. ¶ 37; Grafeld Exh. 13. With respect to the documents Plaintiff said were missing, the Appeals Officer explained that IPS separated and re-numbered some of the documents received from DOJ. Grafeld Decl. ¶ 37. Specifically, five of the documents Plaintiff listed (J19-J23) did not exist; and two of the documents about which Plaintiff had asked, J8 and J9, were determined to be non-responsive. Id. The Appeals Officer advised that document J5 was denied in full and would be processed as an appeal. Id. (The appeal was subsequently terminated when it was overtaken by this litigation. Id.) With respect to Plaintiff's appeal of the denial of case number 200505014, the Appeals Officer informed Plaintiff that the documents had been returned to DOJ for its direct response to Plaintiff. Id.

## 2. IPS Case Number 200505014

28. By memorandum dated November 8, 2005, DOJ referred four documents containing Department of State information to the Department for review, and asked for the Department's views on disclosing this information. Grafeld Decl. ¶ 38. IPS assigned case number 200505014 to this referral. Id.

29. By memorandum dated February 14, 2006, IPS returned to DOJ the four documents referred for review and informed DOJ that the Department of State had no objection to the release of its information contained in the documents. Id. at ¶ 39.

## III. DOJ CRIMINAL DIVISION REFERRAL TO THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS (EOUSA)

30. On September 29, 2005, EOUSA received a Memorandum from the DOJ Criminal Division. Declaration of David Luczynski ("Luczynski Decl."), ¶ 4. This memorandum notified EOUSA that during processing of a Privacy Act request the DOJ Criminal Division had come

across records that originated in an office for which EOUSA is responsible.  Id.  As a result, 11

pages of records have been referred to the EOUSA for a direct reply to the requester.  Id.;

Luczynski Exh. A.

    31.  On October 28, 2005, EOUSA sent a letter to Plaintiff informing him of the

processing of his FOIA request.  Luczynski Decl., ¶ 5.  As a result, Plaintiff was provided with 9

pages of records released in full, and 2 pages of records released in part.  Id.  In addition, the

requester was advised that FOIA exemption 5 U.S.C. §552 (b)(6) and (7)(C) had been applied to

the withheld material.  Id.; Luczynski Exh. B.

    32.  On November 18, 2005, OIP received an appeal from the Plaintiff regarding

EOUSA's determination.  Luczynski Decl., ¶ 6; Luczynski Exh. C.  In response, OIP sent

Plaintiff a letter stating that it had affirmed EOUSA's determination of the Plaintiff's FOIA

request.  Id.; Luczynski Exh. D.

## IV.  DOJ CRIMINAL DIVISION REFERRAL TO THE DOJ OFFICE OF LEGAL COUNSEL (OLC)

    33.  On September 27, 2005, the DOJ Criminal Division referred to the OLC one

document that originated with OLC but that the Criminal Division located in its files while

processing Plaintiff's FOIA request.  Declaration of Paul P. Colborn ("Colborn Decl.), ¶ 3.  The

referral totaled sixteen pages, and it consisted of a fourteen-page draft legal opinion prepared by

the OLC for the DOJ Criminal Division and two one-page transmittal memoranda.  Id.  In its

referral, the Criminal Division asked that the OLC reply directly to Plaintiff concerning the

referred document.  Id. at ¶ 5.

    34.  In a letter dated September 30, 2005, the OLC advised Plaintiff that it was

withholding the document because it was "protected by the deliberative process and attorney-

client privileges and [was] not appropriate for discretionary release."  Id.; Colborn Exh. A.  In a

letter dated October 11, 2005, Plaintiff appealed OLC's decision to withhold the document to the

OIP.  <u>Id.</u> at ¶ 6; Colborn Exh. B.  In a letter dated March 27, 2006, OIP affirmed the OLC's

action, explaining that "OLC properly withheld information that is protected from disclosure

under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(5).  This provision concerns

certain inter- and intra-agency communications protected by the deliberative process and

attorney-client privileges."  <u>Id.</u>; Colborn Exh. C.


Dated: March 18, 2008                    Respectfully submitted,


                                         _____/s/_____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                         _____/s/_____
                                         RUDOLPH CONTRERAS, D.C. BAR #434122
                                         Assistant United States Attorney


                                         _____/s/_____
                                         BRANDON L. LOWY
                                         Special Assistant United States Attorney
                                         555 Fourth St., N.W.
                                         Washington, DC  20530
                                         Phone: (202) 307-0364 Fax: (202) 514-8780
                                         Brandon.Lowy@usdoj.gov

                                         Attorneys for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHARD ISASI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civ. Action No. 1:06-cv-02222 (RBW) |
| | ) |
| PRISCILLA JONES et al., | ) |
| | ) |
| Defendant. | ) |
| ——————————————————— | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

pertains to Plaintiff's alleged FOIA requests to the Defendants.  Plaintiff appears to have sought

to obtain documents pertaining to his extradition from Mexico to the United States, which

Plaintiff believed were in the possession of the U.S. Department of Justice ("DOJ") and the U.S.

Department of State ("DOS").  He alleges that the Defendants have improperly withheld the

records that he seeks.  See Compl. ¶ 22.  Specifically, Plaintiff initiated this Freedom of

Information Act ("FOIA") action against employees of DOJ and DOS in their individual

capacities, seeking completion of his FOIA requests for materials regarding his extradition to the

United States in 1996.[1]  At this juncture, however, there is no question that Defendants, after

conducting reasonable searches, have released all responsive documents found.   Plaintiff also

---

[1] Plaintiff also requested documents regarding his extradition from the State of New Jersey to Mexico, which did not take place.  See Declaration of Margaret Grafeld, ¶ 28.  The Plaintiff was ultimately tried by the authorities in New York.

makes <u>Bivens</u>-type[2] constitutional claims and seeks, inter alia, money damages.  Plaintiff, Richard Isasi, is an inmate confined at the Attica Correctional Facility, a state prison in Attica, New York.

Plaintiff's claims against all of the Defendants should be dismissed because this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The Court lacks subject matter jurisdiction over these Defendants because none qualify as an "agency" under FOIA, and because the agencies have completed processing the FOIA requests at issue, such that the Plaintiff's claims are moot.  For the same reasons, Plaintiff fails to state a claim upon which relief can be granted, such that the Court should dismiss the case with prejudice under Fed. R. Civ. P. 12(b)(6).

In the alternative, all Defendants are entitled to summary judgment on the FOIA claims. No issue of material fact exists as to whether the Defendants received FOIA requests or are agencies subject to FOIA.  However, after DOJ and DOS exchanged correspondence with the Plaintiff and searched their files, the two agencies located responsive documents and duly notified Plaintiff of this development via multiple letters from 2003 to 2006.  With the permission of the Court, DOS and DOJ conducted a secondary, exhaustive file search for the documents Plaintiff requested – based on background information that was not in Plaintiff's original FOIA requests – and have released additional documents to Plaintiff.  Plaintiff cannot now deny that adequate searches have been conducted and that all responsive, non-exempt documents have been released to him by both agencies.  Thus, the Defendants deserve judgment as a matter of law.  To the extent that Plaintiff alleges <u>Bivens</u> claims against the Defendants, these claims should be dismissed for lack of subject matter jurisdiction.

---

[2] <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Finally, in a separate motion, Plaintiff alleges that Defendants and state officials were involved in preventing his mail deliveries at Attica Correctional Facility, a state prison in New York. Defendants oppose this motion because Plaintiff's claims bear no relation to the case at bar, and because Defendants are inappropriate parties to provide the relief requested.

## STATEMENT OF FACTS

Defendants hereby incorporate the Statement of Material Facts Not In Genuine Dispute, filed contemporaneously with this Memorandum.

## ARGUMENT

## I. LEGAL STANDARDS

### A. Requests For Dismissal

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are

unsupported by the facts pleaded in the complaint.  <u>Kowal</u>, 16 F.3d at 1276.  Moreover, the

Court need not "accept legal conclusions cast in the form of factual allegations."  <u>Id.</u>

From the facts alleged in the complaint in this case, Plaintiff can prove no set of facts that would

entitle him to relief.[3]

### B.  <u>Evidentiary Standard For Summary Judgment</u>

Where no genuine dispute exists as to any material fact, summary judgment is required.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  <u>Id.</u> at 247.  "The burden on the moving party

may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of

evidence to support the non-moving party's case."  <u>Sweats Fashions, Inc. v. Pannill Knitting</u>

<u>Company, Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its

burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead

proffer specific facts showing that a genuine issue exists for trial. <u>Matsushita Elec. Indus. Co. v.</u>

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment, Plaintiff must

present some objective evidence that would enable the Court to find he is entitled to relief.

In <u>Celotex Corp. v. Catrett</u>, the Supreme Court held that, in responding to a proper

motion for summary judgment, the party who bears the burden of proof on an issue at trial must

---

[3]  In addition, subject matter jurisdiction over FOIA claims requires that a request was directed at an "agency."  The jurisdictional grant of FOIA states that "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld . . ." 5 U.S.C. § 552(a)(4)(B). The Supreme Court held that federal jurisdiction of FOIA claims is thus based "upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"  <u>Kissinger v. Reporters Comm. For Freedom of the Press</u>, 445 U.S. 136, 150 (1980).  Therefore, if a FOIA request is not directed at an agency as defined by FOIA, the jurisdictional conditions are not satisfied.  <u>See</u> <u>Voinche v. Executive Office of the President</u>, 2007 U.S. Dist. LEXIS 42268 at *4 (D.D.C. June 12, 2007) (finding that the court lacked subject matter jurisdiction because the Executive Office of the President is not a "discrete agency subject to either FOIA or the Privacy Act").
  Plaintiff's claims against the Defendants should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1) and (6), The FOIA subjects the Department of Justice and the Department of State to FOIA requests and makes them the only proper defendants in this case. <u>See</u> 5 U.S.C. § 552(f)(1).

"make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### B.  FOIA Summary Judgment Standards

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Washington Post Co. v. U.S. Dept. of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).

An agency satisfies the summary judgment requirements in a FOIA case by showing that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency that show that the documents are exempt from disclosure. Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned' by evidence . . . of bad faith on the part of the agency." Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

## II. **PLAINTIFF'S FOIA CLAIMS**

### A. **Defendants are Entitled to Judgment as a Matter of Law Because Adequate Searches Were Conducted and Responsive Materials Have Been Released.**

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce responsive information. Id. at 777 n.4. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Consistent with the reasonableness standard, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent and reasonable. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested." <u>Oglesby</u>, 920 F.2d at 68; <u>see</u> <u>SafeCard Servs. v. SEC</u>, 926

F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search

through affidavits of responsible agency officials so long as the affidavits are relatively detailed,

non-conclusory and submitted in good faith." <u>Miller</u>, 779 F.2d at 1383; <u>Goland v. CIA</u>, 607 F.2d

339, 352 (D.C. Cir. 1978), <u>cert.</u> <u>denied</u>, 445 U.S. 927 (1980). Although the agency has the

burden of proof on the adequacy of its search, the "affidavits submitted by an agency are

'accorded a presumption of good faith,'" <u>Carney v. Dept. of Justice</u>, 19 F.3d 807, 812 (2d Cir.

1994), <u>cert. denied</u>, 513 U.S. 823 (1994) (<u>quoting</u> <u>SafeCard Servs</u>., 926 F.2d at 1200). Thus,

once the agency has met its burden regarding adequacy of its search, the burden shifts to the

requester to rebut the evidence by a showing of bad faith on the part of the agency. <u>Miller</u>, 779

F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations.

<u>See</u> <u>Carney</u>, 19 F.3d at 813; <u>SafeCard</u>, 926 F.2d at 1200; <u>Maynard v. CIA</u>, 986 F.2d 547, 559-

560 (1st Cir. 1993). As discussed below, all of the Defendants meet the reasonableness standard

in conducting their searches and are therefore entitled to summary judgment.[4]

### 1. Plaintiff's FOIA Requests to DOJ

#### a. DOJ Criminal Division's Search for Responsive Records

In processing requests from individuals seeking information on themselves, the Criminal

Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central

Criminal Division Index File and Associated Records). Roberts Decl., ¶ 17. When a search of

this Central Index reflects responsive, or potentially responsive records, a search for such records

is sent to the section identified as having custody of the records. <u>Id.</u> In the present matter, a

---

[4] To the extent that Plaintiff's complaint seeks to invoke Federal Rule of Civil Procedure 65 for injunctive relief and immediate disclosure of the requested documents, it fails. The Court's order of November 2, 2007, granting Defendants' Motion for Extension of Time to February 15, 2008, indicates Plaintiff's lack of irreparable injury and renders his request moot. Additionally, the Plaintiff is unlikely to succeed on the merits of this case, and the Court should deny his request for injunctive relief.

search for Plaintiff's records in the JUSTICE/CRM-001 system of records was undertaken on August 4, 2003, using the names "Richard Isasi" and "Richard Isasi Diaz." Roberts Decl., ¶ 18. The search revealed records maintained by the Office of International Affairs for Plaintiff under the names "Richard Isasi, Luis Martinez, George Ortiz, and Luis Martino." Id.

The Criminal Division's FOIA Unit forwarded a request to the Office of International Affairs on August 4, 2003, attaching a copy of Plaintiff's request and requesting that all records and file systems in their office be searched. Roberts Decl., ¶ 19. Designated personnel employed by the pertinent section undertake a search for responsive materials and reports results by means of individual signed forms to the Criminal Division's FOIA/PA Unit. Id. Searches for responsive materials are to be undertaken in the same manner as if the Criminal Division were seeking the information for its own, official purposes.[5] Id. On October 7, 2003, the Office of International Affairs responded to the request indicating that it did not have a record within its office but a file was maintained in the records center. The records were forwarded to the Criminal Division's FOIA/PA Unit. Id.

Pamela A. Roberts, trial attorney for the FOIA/PA Unit in the Criminal Division of the U.S. Department of Justice, personally reviewed the original, signed search response in this case, and verified that the only file located for Plaintiff was reviewed and processed. Roberts Decl., ¶ 20. Only recently was it brought to the attention of Ms. Roberts that Plaintiff had several aliases, and although a search of files under his own name revealed some of the aliases, there was an additional alias that had not been searched. See Roberts Decl., ¶ 21. Therefore, a full search was

---

[5] Unlike the Federal Bureau of Investigation or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals. Nor does it maintain files based on social security numbers. Nor does it maintain any field offices outside the Washington, D.C. area. Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate searches. Roberts Decl., ¶ 19.

conducted for each of Plaintiff's aliases as follows: Luis Martinez, George L. Ortiz, Veteran Falco, and Luis Martino. Id.  Aside from the file maintained by the Office of International Affairs, no additional files or records were located matching the district and dates described in Plaintiff's request.  Id.

### b.  DOJ Properly Applied FOIA Exemptions 5, 6, 7(C), and 7(F)

The documents initially withheld from disclosure were pursuant to Exemptions 5, 6, 7(C) and 7(F), 5 U.S.C. § 552(b)(5),(6), 7(C), and 7(F). Roberts Decl., ¶ 22.  The Criminal Division and OIP subsequently released all information that had previously been withheld pursuant to Exemption 5. See Roberts Exhs. 8, 9, and 11. The justification for the remaining exemptions is explained below.

### i.  Exemptions 6 & 7(C)

FOIA Exemptions 6 and 7(C) permit the withholding of:

> (6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

> (7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information

>> (C)     could reasonably be expected to constitute an unwarranted invasion of personal privacy …

5 U.S.C. § 552(b)(6) and (7)(C).

FOIA Exemption 6 protects personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(6).  FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes, production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C).  Exemptions 6 and 7(C) each require

a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. See Ripskis v. HUD, 746 F.2d 1, 3 (D.C. Cir. 1984); see also U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989). The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test. See id. at 771; see also NARA v. Favish, 541 U.S. 157, 170-72 (reiterating that "[a]s a general rule, withholding information under FOIA cannot be predicated on the identity of the requester," but adding that this of course does not mean that a requester seeking to establish an overriding "public interest" in the disclosure of requested information "need not offer a reason for requesting the information") (Exemption 7(C)), reh'g denied, 541 U.S. 1057 (2004).

        Pursuant to Exemptions 6 and 7(C), the Criminal Division's FOIA/PA Unit withheld:

    1.    From Item 21 - the name, fax number of the U.S. Marshals Service and two
          names of the employees of the Office of International Affairs.[6]

    2.    From Item 23 - the names of two Drug Enforcement Administration ("DEA")
          Agents.

    3.    From State Department Documents marked L2 and L10 - the name of the Legal
          Attache and the names of third-party suspects.

Roberts Decl., ¶ 26. The individuals, whose identities were withheld, as set forth above, were not the requester, nor the names of government attorneys, state or federal. See id. at ¶ 27. The items referenced above, were compiled to extradite Plaintiff, who was a fugitive, back to the United States. Id. at ¶ 28. The Office of International Affairs, a component of the Office of Enforcement Operations, oversees the extradition of international fugitives. Id. Here, Plaintiff

---

[6] The Criminal Division had invoked Exemptions 6 and 7(C) to remove the names of employees of the Office of International Affairs on Item 21. It has subsequently been determined that these names can be released. One employee's name is Maju D. Mattamal and a second name is designated as "el Guapo."

had been convicted of robbery in 1991.  Id.  Plaintiff fled the United States and was eventually

located in Mexico.  Id.  As such, the records here clearly meet the threshold requirement of FOIA

Exemption 7 of "records or information compiled for law enforcement purposes."  Id.

The individuals whose identities have been protected all maintain a substantial privacy

interest in not being identified with a criminal law enforcement investigation.  Id. at ¶ 29.

Identifying individuals associated with criminal investigations can subject them to innuendo,

embarrassment, and stigmatization or even harassment, retaliation and reprisals.  See Department

of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780 (1989); see also

Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C.

Cir. 1996) (noting "strong interest of individuals, whether they be suspects, witnesses, or

investigators, in not being associated unwarrantedly with alleged criminal activity" (quoting

Dunkelberger v.  Dept.  of Justice, 906 F.2d 779, 781 (D.C. Cir. 1990)).  On the other hand,

revealing such information is unlikely to add to the public's understanding of how an agency

works or how well it performs its statutory duties.[7]  See Cole-El v. U.S. Dep't of Justice, No. 03-

1013, slip op. at 10 (D.D.C. Aug. 26, 2004) ("[Plaintiff's] interest in attacking his conviction

does not constitute a public interest sufficient to overcome [a third party's] privacy interests.");

see also Beck v. Department of Justice, 997 F.2d 1489, 1494 (D.C. Cir. 1993).  On balance, the

FOIA/PA Unit determined that the substantial privacy interest that is protected by withholding

this information outweighs any minimal public interest that would be served by its release.

Roberts Decl., ¶ 30.  Such disclosure would be "clearly unwarranted" as required by 5 U.S.C. §

---

[7] Official information that sheds light on an agency's performance of its statutory duties falls squarely within the
statutory purpose of the FOIA. That purpose is not fostered, however, by disclosure of information about private
citizens that reveals little or nothing about an agency's own conduct. See U.S. Dept. of Justice v. Reporters
Committee for Freedom of the Press, 489 U.S. 748, 773 (1989).

552(b)(6).  Id.  Since this is the higher of the two standards of invasion of privacy, the release of

this information also would be "unwarranted" as required by 5 U.S.C. § 552(b)(7)(C).  Id.

### ii.  Exemption 7(F)

FOIA Exemption 7(F) authorizes the withholding of:

> (7)    records or information compiled for law enforcement purposes, but only to
> the extent that the production of such law enforcement records or
> information
>
> (F)    could reasonably be expected to endanger the life or physical
> safety of any individual.

5 U.S.C. § 552(b)(7)(F).  Pursuant to Exemption 7(F), the Criminal Division's FOIA/PA Unit

withheld from Item 23 the names of two DEA agents.  See Roberts Decl., ¶ 32.  The Criminal

Division withheld the names of two DEA agents who were involved in the criminal investigation

of Plaintiff.  Id. at ¶ 33.  These agents have a reasonable expectation of privacy in their identities.

See Id.  There is no indication that Plaintiff is aware of the names of these individuals.  Id.

Based on the nature of their work, it is reasonable to conclude that the release of their identities

could expose them to physical harm from those outside of the law enforcement community.  Id.

### 2.  Plaintiff's Direct FOIA Requests to DOS

#### a.  The State Department's Search for Responsive Records

The State Department's search for records responsive to Plaintiff's request was designed

to uncover all responsive records.  See Grafeld Decl., ¶ 11.  When a FOIA request is received,

the Office of Information Programs and Services ("IPS") evaluates the request and determines

which offices, overseas posts, or other records systems within the Department may reasonably be

expected to contain the information requested.  See id.  This determination is based on the

description of records set forth in the request letter.  Id.  It also requires a familiarity with records

system holdings, applicable records disposition schedules, and the substantive and functional

mandates of the numerous offices within the Department, as well as its Foreign Service posts and missions.  Id.  Such factors as the nature, scope, and complexity of the request itself also are relevant.  Id.

### i.  Central Foreign Policy File

The records of the Department are maintained in both centralized and decentralized records systems.  Id. at ¶12.  The Central Foreign Policy File (or "Central File") is the Department's primary centralized records system and consists of both manual and automated file holdings.[8]  See id.  In this case IPS initially conducted a search of the automated holdings of the Central File for records using Plaintiff's name (Richard Isasi) since 1995, intending to identify any documents relating to Plaintiff.  See id. at ¶ 15-16.  This search yielded six documents; of these, four documents were released in full and two were withheld in part.  Id. at ¶ 16. Subsequently, IPS discovered that Plaintiff used other known aliases, including Luis Martinez, George L. Ortiz, Veteran Falco, Luis Martino, and Richard Isasi Diaz.  Id. at ¶ 17.  Therefore, multiple searches of the automated holdings of the Central File were conducted for documents using these aliases since 1995.  Id.  No additional responsive documents were found.  Id.

### ii. Office/Post Files

Each office within DOS and each Foreign Service post also maintains active working files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission.[9]  Id. at ¶ 18.  In addition to the searches of the automated holdings of the Central File described above, searches were also conducted of the active working files of the Office of Mexican Affairs, and the Office of the Assistant Legal Adviser for Law Enforcement

---

[8] For a more detailed explanation on the Central File and its holdings, please see the declaration of Margaret Grafeld at paragraphs 12 through 14.

[9] These files consist generally of working copies of documents, information copies of documents maintained in the Central File, as well as other documents prepared by or furnished to the office, post, or mission in connection with the performance of its official duties.  Id. at ¶ 18.

and Intelligence (L/LEI).[10]  Id. at ¶ 19.  No additional responsive records were located in the search of the active working files Office of Mexican Affairs.  See id. at ¶ 20.  The initial search of L/LEI records resulted in no responsive records being located, but an additional search of L/LEI records was conducted after the discovery of Plaintiff's other aliases, as described above, and the results of the second search are described below, in the section concerning retired records.  See id. at ¶ 21.  IPS also consulted with the U.S. Embassy in Mexico to determine whether any responsive records remained at the Embassy.  Id. at ¶ 22.  Personnel stationed at the Embassy reported that a search had been conducted of the files in the office that now handles extraditions as well as the files of an office that had handled Plaintiff's extradition, and that no responsive records were located.  Id.  Therefore, as described below, IPS reviewed the retired records manifests and searched potentially relevant retired files of the Embassy.  Id.

### iii. Retired Office/Post Files

When records are no longer needed operationally by an office or post, which generally takes place after two to three years, they are retired and stored at offsite storage facilities.  While they remain under the control of DOS, IPS is generally responsible for conducting searches of retired files in response to FOIA and other types of requests.[11]  Id. at ¶ 23.  In addition to the searches described above, searches were also conducted of the retired records of the Office of Mexican Affairs, the Political Section at the U.S. Embassy in Mexico, and the Office of the Assistant Legal Adviser for L/LEI.  Id. at ¶ 24-25.[12]  IPS examined the retired records manifests for records falling within the time period covered in Plaintiff's request for records retired by the

---

[10] For descriptions of the functions of those Offices, please see the declaration of Margaret Grafeld paragraphs 20 and 21.  The searches of these files were performed by individuals employed within those organizations who are familiar with the subject matter of Plaintiff's request and his known aliases, as well as the contents and organization of the records systems searched.  Grafeld Decl., ¶ 19.

[11] For more information regarding the contents, documentation, and screening of retired files, please see the declaration of Margaret Grafeld paragraph 23.

[12] The searches of those Offices were done by IPS analysts who are familiar with the contents and organization of DOS records, and who are familiar with the subject matter of Plaintiff's request.  See Grafeld Decl., ¶ 24-25.

Office of Mexican Affairs and relevant sections within the U.S. Embassy in Mexico.[13] Id.  No additional responsive records were located in these searches.  Id.  The search of L/LEI retired files, when using Plaintiff's aliases, yielded eleven additional responsive documents; of these, four were released in full, three were released in part, and four were referred to DOJ for its review and reply directly to the requester.  Id. at ¶ 26.[14]

The Department of State conducted an exceedingly thorough search, using not only the name Plaintiff provided in his FOIA request ("Richard Isasi,"), but also various aliases that the Department discovered.  See id. at ¶¶ 17, 19, and 21.  The Department of State searched both its active and retired files, and searched both at home and abroad, for information responsive to Plaintiff's request.   All in all, qualified Department personnel searched "all records systems reasonably expected to contain the information sought by Plaintiff," Grafeld Decl., ¶ 54, including records of the office that handles extraditions, the office that handles Mexican affairs, the American Embassy in Mexico City, and the Department's massive Central Foreign Policy File.  Consequently, although Plaintiff's initial requests and subsequent attempts at clarification have been unclear at best, DOS has released documents that appear to correlate to what Plaintiff requested where there is a reasonable possibility that DOS has such records at all.  See Grafeld Decl. ¶¶ 27-30.

### b.  DOS Properly Applied FOIA Exemptions 5, 6, and 7(C)

### i.  Exemption 5

The FOIA does not apply to:

---

[13] Relevant sections include the Embassy's Political Section, Executive Office, and Office of the Deputy Chief of Mission. See Grafeld Decl., ¶ 25.

[14] The search of L/LEI retired files was performed by individuals employed within that organization who are familiar with both the subject matter of Plaintiff's request and also the contents and organization of the records systems searched.  Id. at ¶ 26.

> Inter-agency or intra-agency memoranda or letters which would not
> be available by law to a party other than an agency in litigation with
> the agency…

5 U.S.C. § 552(b)(5).  This exemption protects, inter alia, the candid views and advice of U.S.

Government officials in their pre-decisional deliberations respecting policy formulation and

administrative direction.  See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975); see

also Missouri ex rel. Shorr v. U.S. Army Corps of Eng'rs, 147 F.3d 708, 710 (8th Cir. 1998)

("The purpose of the deliberative process privilege is to allow agencies freely to explore

alternative avenues of action and to engage in internal debates without fear of public scrutiny.").

Disclosure of material containing such deliberations or of material on which such deliberations

are based would prejudice the free flow of internal recommendations and other necessary

exchanges.  Grafeld Decl., ¶ 41.  It would hamper the ability of responsible officials to formulate

and carry out executive branch programs.  Id.

Document J5 is a two-page typed, undated, unclassified document with extensive hand-

written comments that was referred to the DOS by the DOJ.  Id. at ¶ 37, 50.  This document

appears to be a draft of a diplomatic note to the Mexican government concerning Plaintiff's

extradition.  Id.  The document is heavily edited, replete with hand-written commentary and

interlineations in the text and in the margins, and with text crossed out.  Id.  The entire document

is a pre-decisional draft that constitutes part of the deliberative process of determining how to

effect an extradition and how to write a particular diplomatic note.  Id.  Disclosure of this

information, which is predecisional and contains selected factual material intertwined with

opinion, would inhibit candid internal discussion and the expression of recommendations and

judgments regarding current problems and preferred courses of action. Id. at ¶ 41.   The withheld

information is, accordingly, exempt from release under FOIA exemption (b)(5).  There is no

factual non-deliberative material that may be segregated and released.  Id. at ¶ 50.

### ii.  Exemption 6 and Exemption 7(C)

The courts have interpreted the language of Exemption (b)(6), as set out above on page

20, broadly enough to encompass all information that applies to an individual without regard to

whether it was located in a particular type of file.  See U.S. Dept. of State v. Washington Post

Co. 456 U.S. 595, 599-603 (1982) (citing H.R. Rep. No. 89-1497, at 11 (1966); S. Rep. No.

89813, at 9 (1965); S. Rep. No. 88-1219, at 14 (1964)).  Inasmuch as the information withheld is

personal to an individual, there is clearly a privacy interest involved, and the agency must weigh

the extent of the invasion of privacy against the public interest in disclosure.  See Grafeld Decl.,

¶ 43.  In balancing, the agency must (1) examine whether disclosure would serve the "core

purpose" for which Congress enacted the FOIA, i.e., to show "what the government is up to,"

and consider that (2) public interest means the interest of the public in general, not particular

interest of the person or group seeking the information.  See U.S. Dept. of Justice v. Reporters

Committee for Freedom of the Press, 489 U.S. 749 (1989).  Accordingly, the identity of the

requester as well as the purpose for which the information is sought is irrelevant in evaluating the

public interest aspect of the disclosure determination.  Grafeld Decl., ¶ 44.

Document No. E2 is six-page DOS telegram No. 87918 to Embassy Mexico City, dated

April 11, 1995; it is the only DOS document being withheld solely under the authority of

Exemption (b)(6).  Grafeld Decl., ¶ 48.  The only information withheld in this document is the

name of a private individual who was the victim of a robbery at gunpoint.  Id.  Disclosure of this

information would constitute a clearly unwarranted invasion of that victim's personal privacy,

and the victim's identity does not shed any light on the government's activities.  See 5 U.S.C. §

552(b)(6); <u>see also</u> <u>Reporters Committee</u>, 489 U.S. at 775.  Accordingly, the privacy interest

clearly outweighs any public interest in disclosure of such personal information, and this

information is exempt from disclosure under FOIA exemption (b)(6).  <u>See</u> <u>Dept. of the Air Force</u>

<u>v. Rose</u>, 425 U.S. 352, 372 (1976); <u>see also</u> Grafeld Decl., ¶¶ 45, 48.

   The information withheld by DOS under Exemption (b)(7)(C), as set out above on page

20, identifies law enforcement officials.  Grafeld Decl., ¶ 47.  In each instance where this

exemption has been asserted, Exemption 6 has also been asserted for the same information.

Document No. E3 is four-page Department of State telegram No. 31974 to Embassy Mexico

City, dated February 7, 1995, which has information being withheld under the authority of

Exemptions (b)(6) and (b)(7)(C).  <u>Id.</u> at ¶ 49.  The first redaction consists of the name of a

private individual who was the victim of robbery at gunpoint.  <u>Id.</u>  Disclosure of this information

would constitute a clearly unwarranted invasion of the victim's personal privacy, and the

victim's identity does not shed any light on the government's activities.  <u>Id.</u>  Accordingly, this

information is exempt from disclosure under FOIA exemption (b)(6).  <u>Id.</u>  The second redaction

is information that reveals the identity of DEA law enforcement agents working in Mexico.  <u>Id.</u>

Disclosure of this information would constitute an unwarranted invasion of their personal

privacy and would not shed additional light on the government's activities.  <u>Id.</u>  Accordingly, this

information is exempt from disclosure under FOIA exemptions (b)(6) and (b)(7)(C).  Because

only the names of individuals have been withheld from this document, there is no additional non-

exempt material that may be segregated and released.  <u>Id.</u>

   Document L9 is a three-page "*acta de entrega*" in Spanish, signed by two FBI special

agents and by two officials of the Government of Mexico, dated September 3, 1995, which has

information being withheld under the authority of Exemptions (b)(6) and (b)(7)(C).  Grafeld

Decl., ¶ 52.  This document memorializes Plaintiff's transfer from the custody of Mexican officials to the custody of U.S. Government officials for transport to the United States.  Id.  The only redactions in this document are the names and titles of two FBI special agents who signed their names on the last page.  Id.  Disclosure of this information would constitute an unwarranted invasion of their personal privacy and would not shed additional light on the government's activities.  Id.  Accordingly, this information is exempt from disclosure under FOIA exemptions (b)(6) and (b)(7)(C).  Id.  Because only the names and titles of individuals have been withheld from this document, there is no additional non-exempt material that may be segregated and released.  Id.

Document L2 is a one-page letter, in Spanish, from the Legal Adviser of the Consular Section of the U.S. Embassy in Mexico City to the Director of the Mexican Transport and Aeronautical Control, dated September 2, 1997, which has information being withheld under the authority of Exemptions (b)(6) and (b)(7)(C). Grafeld Decl., ¶ 51; see Roberts Decl., ¶ 26. Document L10 is a diplomatic note from the U.S. Embassy in Mexico City to the Mexican foreign ministry, dated April 10, 1995.  Grafeld Decl., ¶ 53; see Roberts Decl., ¶ 26.  This letter consists of four pages, with an attached informal translation in Spanish of five pages for a total of nine pages, and has information being withheld under the authority of Exemptions (b)(6) and (b)(7)(C). [15] Id.

In summary, DOS initiated and completed searches of all records systems reasonably expected to contain the information sought by Plaintiff.  Grafeld Decl., ¶ 54.  Seventeen responsive records were located.  Id.  Of these, eight documents were released in full, five were released with excisions, and four were referred to DOJ for its direct reply to Plaintiff.  Id.  In

---

[15] The justification for withholding information from Documents L2 and L10 were provided by Pamela A. Roberts, as set forth in her declaration.  See supra pg. 21.

addition, in response to different FOIA requests that Plaintiff submitted to DOJ, 28 Department

of State documents and four DOJ documents containing DOS information were referred by DOJ

to DOS for review.  Id.  Of these 32 documents, 24 were released in full, one was withheld in

full, three were determined to be outside the scope of Plaintiff's request, and the DOS had no

objection to the release of its information within the four DOJ documents.  Id.

### 3.  Plaintiff's FOIA Requests Referred to EOUSA

#### a.  EOUSA's Search for Responsive Records

On September 29, 2005, EOUSA received a Memorandum from the Criminal Division.

Supplemental Declaration of David Luczynski ("Luczynski Supp. Decl."), ¶ 4.  This

memorandum notified EOUSA that during processing of a request the Criminal Division has

come across records which originated in an office for which EOUSA is responsible.  Luczynski

Supp. Decl., ¶ 4.  As a result, 11 pages of records have been referred to the EOUSA for a direct

reply to the requester.  Id.  The processing of those records has been described in Mr.

Luczynski's prior declaration dated September 28, 2007.  Id.  Sometime thereafter, EOUSA was

notified that there may be several other aliases under which Plaintiff's records may have been

filed.  Id. at ¶ 5.  While records are not normally filed in such a manner, as a precautionary

measure EOUSA decided to search the Eastern District of New York under all possible names

relating to the Plaintiff.  Id.

On February 11, 2008, EOUSA contacted the FOIA contact for the Eastern District of

New York and requested an additional search for records, this time including all of Plaintiff's

known aliases.  Id.  at ¶ 6.  After receiving the request, the FOIA contact began a systematic

search for records relating to the Plaintiff to determine the location of any and all files relating to

his case.  Id.  at ¶ 7.  The result of the renewed search presented no additional records found in

the Eastern District of New York. Id. at ¶ 8; see Luczynski Supp. Exh. A.  Each step in the
handling of Plaintiff's request was entirely consistent with the EOUSA and the U.S. Attorney's
Office procedures, which were adopted to insure an equitable response to all persons seeking
access to records under the FOIA.  Luczynski Supp. Decl., ¶ 9.

### b.  EOUSA Properly Applied FOIA Exemption 6

Exemption (b)(6) permits withholding personnel, medical, and similar files, which if
disclosed would constitute a clearly unwarranted invasion of personal privacy.  See supra p. 20;
Luczynski Decl., ¶ 8.  This exemption has been interpreted broadly to qualify all information
pertaining to a particular individual, and was applied to prevent disclosure of social security
numbers, addresses, telephone numbers, and other highly personal material.  See, e.g., DOD v.
FLRA, 510 U.S. 487, 500 (1994) (home addresses); Singleton v. Executive Office for United
States Attorneys, No. 05-2413, slip op. at 4 (D.D.C. Nov. 1, 2006) ("Disclosure of the [Assistant
United States Attorneys'] home addresses would constitute a clearly unwarranted invasion of
personal privacy."); Kidd v. Dep't of Justice, 362 F. Supp. 2d 291, 296-97 (D.D.C. 2005) (home
telephone number); Peay v. Dep't of Justice, No. 04-1859, 2006 WL 1805616, at *2 (D.D.C.
June 29, 2006) ("The IRS properly applied exemption 6 to the social security numbers of IRS
personnel.").  EOUSA either withheld in full or deleted information from the document released
where names and identifying information pertains to persons whose right to personal privacy
outweighs the public's right to know.  Luczynski Decl., ¶ 9.  Release of this information was
determined to constitute a clearly unwarranted invasion of personal privacy of other third party
individuals in a manner that could subject them to harassment.  Id.

EOUSA categorically applied this exemption in conjunction with exemption (b)(7)(C) to
all records pertaining to third party individuals to protect their personal privacy interests.  Id. at ¶

10. The categorical application was appropriate because no consent or authorization to release this information was provided to EOUSA in connection with his request. Id. EOUSA applied this exemption to both pages that were redacted and released in part to the requester. Id. at ¶ 11. The only withholdings are comprised of identifying personnel numbers as well as telephone numbers. Id.

### c. EOUSA Properly Applied FOIA Exemption 7(C)

The pages EOUSA withheld were deemed exempt under FOIA Exemption (b)(7)(C), which protects from public disclosure information compiled for law enforcement purposes, if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. See supra p. 20; Luczynski Decl., ¶ 12. All the information at issue was compiled for law enforcement purposes – namely, to facilitate the investigation and criminal prosecution of the Requester. Id. Exemption (b)(7)(C) was applied to the withheld records in an effort to protect the identity of third-party individuals, such as potential witnesses and law enforcement personnel, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Id. at ¶ 13. Release of such personal identifiers could result in unwanted efforts to gain further access to such persons or to personal information about them – or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences – all to their detriment. Id.

Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information, because its dissemination would not help explain government activities and operations or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Id. at ¶ 14. Moreover, no third-party individual provided

authorization or consent to disclose such information.  Cf. 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law); Id.  The two pages of documents redacted under this exemption are the same as the ones redacted under Exemption (b)(6).  The only redactions are names of third party individual(s).  Id. at ¶ 15.

Although not strictly required in this case, the EOUSA also concluded that these documents were not subject to release under the Privacy Act.  See Luczynski Decl., ¶ 7.

### 4. OLC Properly Applied FOIA Exemption 5 to Plaintiff's FOIA Requests Referred by the DOJ Criminal Division

On September 27, 2005, the DOJ Criminal Division referred to the OLC one document that originated with OLC but that the Criminal Division located in its files while processing Plaintiff's FOIA request.  Declaration of Paul P. Colborn ("Colborn Decl.), ¶ 3.  The referral totaled sixteen pages, and it consisted of two one-page transmittal memoranda and a fourteen-page draft legal opinion prepared by the OLC for the DOJ Criminal Division.  Colborn Decl., ¶ 3.  Upon re-review the referred document, the OLC determined that the two transmittal memoranda are appropriate for discretionary release, and it released them to Plaintiff on March 14, 2008.  Id.

The fourteen-page draft legal opinion addresses legal issues raised by the possible extradition of a United States citizen imprisoned in Mexico to the United States to stand trial for a crime committed in the United States.  Id. at ¶ 4.  OLC prepared the memorandum in the course of providing legal advice to the Criminal Division, and the memorandum reflects confidential information received from the Criminal Division.  Id.  In particular, the draft opinion addresses issues concerning the possibility of returning the prisoner to Mexico to complete his Mexican

23

prison sentence following his anticipated trial in the United States.  Id.  The face of the document

clearly indicates that it is a pre-decisional, non-final draft.  Id.  It is labeled "Draft," is dated

March 29, 1996, and, on a few pages, contains handwritten notes and marginalia.  Id.  It is

addressed to Mark M. Richard, then a Deputy Assistant Attorney General for the Criminal

Division, and it is entitled, "Return Extradition/ Mexico."  The "From" line of the document is

blank.  Id.

The OLC properly withheld the entire draft legal opinion because it is protected by FOIA

Exemption 5.  This exemption protects from disclosure "inter-agency or intra-agency

memorandums or letters which would not be available by law to a party other than an agency in

litigation with the agency."  See 5 U.S.C. § 552(b)(5).  It has been construed to exempt those

documents or information normally privileged in the civil discovery context, including

documents protected by the two privileges relied upon by OLC in withholding the referred

document, the deliberative process and attorney-client privileges.  See NLRB v. Sears, Roebuck

& Co., 421 U.S. 132, 149 (1975); see FTC v. Grolier Inc., 462 U.S. 19, 26 (1983); Martin v.

Office of Special Counsel, 819 F.2d 1181, 1184 (D.C. Cir. 1987); see also Colborn Decl. ¶ 7.

The deliberative process privilege protects the internal deliberations of the Government by

exempting from release under FOIA recommendations, analysis, opinions, speculation and other

non-factual information prepared in anticipation of decisionmaking.  Id. at ¶ 8.  Similarly, the

attorney-client privilege protects confidential communications between an attorney and his client

relating to a legal matter for which the client has sought advice.  Id.

The draft legal opinion falls squarely within the deliberative process and attorney-client

privileges.  Id. at ¶ 9.  As discussed above, OLC prepared the document for the purpose of

providing confidential legal advice to its client, the Criminal Division, about the possible

extradition of a United States citizen from Mexico.  Id.  The draft legal document reflects confidential information that OLC received from the Criminal Division for the purpose of preparing its legal advice.  Id.  Moreover, OLC prepared the document with the expectation that it would be held in confidence, and, to the best of OLC's knowledge, it has been held in confidence.  Id.

The document is also clearly pre-decisional.  Id. at ¶ 10.  As explained above, the document is a non-final draft reflecting preliminary legal advice about an action contemplated — but not yet taken — by the Executive Branch.  Id.  Creating and sharing documents like the draft legal opinion is an integral part of deliberations within OLC, the DOJ, and the Executive Branch. Id.  Indeed, as a matter of Office policy, OLC attorneys exchange draft documents with others in DOJ for comments, edits, and suggestions (as the transmittal memoranda indicate occurred in this case).  Id.  Inevitably, initial drafts of documents differ substantially from the final versions, as attorneys adjust their analysis in response to input from their colleagues.  Id.

Compelled disclosure of this advisory and pre-decisional draft legal opinion would cause serious harm to the deliberative processes of the OLC and the Department of Justice, and would disrupt the attorney-client relationship between OLC and other components in the DOJ and other entities in the Executive Branch.  Id. at ¶ 11.  Attorneys in OLC are often asked to provide advice and analysis with respect to very difficult and unsettled issues of law.  Id.  Frequently, such issues arise in connection with highly complex and sensitive operations of the Executive Branch. Id.  It is essential to the mission of the Executive Branch that OLC legal advice, and the development of that advice, not be inhibited by concerns about public disclosure.  Id.  Protecting the confidentiality of documents such as the draft legal opinion is essential in order both to ensure that creative and even controversial legal arguments and theories may be examined

candidly, effectively, and in writing and to ensure that other components of the Executive Branch and the DOJ will continue to request legal advice from OLC on such sensitive matters.  Id.

## B. <u>All Reasonably Segregable Material Has Been Released to Plaintiff.</u>

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); <u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C. Cir. 1977).  The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." <u>Trans-Pacific Policing Agreement v. United States Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." <u>Mead Data</u>, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  <u>Id</u>.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

Given the nature of the Department of State's withholdings — which consist only of personally identifying information (primarily names) and a draft document — it is clear that the Department of State has properly analyzed these documents and determined that no additional

non-exempt material can be segregated and released.  Grafeld Decl. ¶¶ 49, 50, 52, and 54.

Armstrong, 97 F.3d at 578-79.  Additionally, a review of Ms. Roberts' declaration reveals that

DOJ carefully reviewed the information and confirms that all reasonably segregable non-exempt

material has been released.  Roberts Decl., ¶ 34.  A review of Mr. Luczynski's declaration also

reveals that EOUSA carefully reviewed the information and confirms that all reasonably

segregable non-exempt material has been released.  Luczynski Decl., ¶ 16.  Moreover, a review

of Mr. Colborn's declaration reveals that the OLC carefully reviewed the information and

confirms that there is no segregable non-exempt material that can be released.  Colborn Decl., ¶

12.[16]

## III.  PLAINTIFF'S CONSTITUTIONAL CLAIMS

### A.  Bivens-type claims may not arise from allegations of FOIA violations

To the extent that Plaintiff's complaint, as supplemented, may be read as seeking relief

from any defendant for an alleged violation of constitutional rights for failure to comply with the

FOIA, it fails. FOIA is a comprehensive statutory scheme to resolve all issues associated with

the release of government documents.  Harrison v. Lappin, Civil Action No. 04-0061(JR), at 3

(D.D.C. Mar 31, 2005); Johnson v. Executive Office for United States Attorneys, 310 F.3d 771,

777 (D.C. Cir. 2002).  With an extensive and detailed process available to requesters under

FOIA, courts have concluded that a Bivens-type remedy is not appropriate.  Harrison, No. 04-

0061(JR) at 3; Johnson, 310 F.3d at 777; see Spagnola v. Mathis, 859 F.2d 223, 228 D.C. Cir.

1988) (en banc) (no Bivens remedy available if a statute provides a "comprehensive system to

administer public rights").  Furthermore, to the extent Plaintiff seeks to hold any individual

---

[16] To the extent that Plaintiff's complaint seeks money, compensatory, and punitive damages for his FOIA violation claims, it fails.  The FOIA does not authorize any award of monetary damages to a requester for an agency's unjustified refusal to release requested records.  See Eltayib v. U.S. Coast Guard, 53 F. App'x 127, 127 (D.C. Cir. 2002) (declaring that the FOIA "does not authorize the collection of damages"); See also Schwartz v. U.S. Patent & Trademark Office, No. 95-5349, 1996 U.S. App. LEXIS 4609, at *2-3 (D.C. Cir. Feb. 22, 1996).

government employee liable, individuals are not proper parties to civil actions under FOIA.

Harrison, No. 04-0061(JR) at 3; See Stone v. FBI, 816 F.Supp. 782, 785 (D.D.C. 1993)

(individual employees of the federal government are not subject to suit under FOIA).

**B. Section 1983: Plaintiff's § 1983 Cause Of Action Fails To State A Claim Upon Which Relief May Be Granted**

Although not identified as a separate count, Plaintiff alleges that Defendants' actions

violated 42 U.S.C. § 1983.  See Compl. ¶ 26.  Plaintiff's reliance on Section 1983 is legally

misplaced.  "Section 1983 provides that every person who, under color of law 'of any State or

Territory or the District of Columbia,' deprives another of constitutional rights 'shall be liable to

the party injured.'" 42 U.S.C. § 1983; see also Gray v. Poole, 243 F.3d 572, 574 n.2 (D.C. Cir.

2001).  "The traditional definition of acting under color of state law requires that the defendants

in a §1983 action have exercised power 'possessed by virtue of state law.'"  Williams v. United

States, 396 F.3d 412, 414 (D.C. Cir. 2005).  As such, in Section 1983 cases, courts have "focused

on whether [the] defendants are state officials or have conspired with state officials in

committing illegal acts."  Id.

Here, Mr. Isasi's verified Complaint fails to show that the individual defendants in this

case acted under color of state law or that they are state officials.  In fact, the individuals

identified in Mr. Isasi's Complaint are all federal officials within the DOJ and DOS.  See Compl.

¶ 27.  Accordingly, the Court should dismiss Mr. Isasi's Section 1983 claim as legally

deficient.[17]

**IV. PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

---

[17] In his Complaint, Plaintiff cites 28 U.S.C. §§ 2283-84, which are entitled *Stay of State court proceedings*, and *Three-judge court; when required; composition; procedure*, respectively.  These sections of the United States Code are unhelpful to Plaintiff's complaint, as well as irrelevant to the case at bar.  Any relief sought based upon this authority should be denied.

On February 28, 2008, Plaintiff filed a Motion Order to Show Cause for Preliminary Injunction and Temporary Restraining Order [sic] (hereinafter "PI/TRO Motion"). See Dkt. Entry 40. Since at least 2004, Plaintiff has resided at Attica Correctional Facility, a state prison in New York. See Pl. Summons; see also PI/TRO Motion, ¶ 5. Plaintiff alleges that in 2004 and 2007, he had one case pending at the U.S. Court of Appeals for the Second Circuit, and a third case pending at the District Court for the Western District of New York in 2007. See PI/TRO Motion, ¶ 2-5, 8, and 9. Plaintiff further alleges that during each of these cases, he was prevented from receiving mail from the courts. See id. at ¶ 5, 8, and 9. None of the cases mentioned by that Plaintiff are, or relate to, the case at bar.

Plaintiff's new claims should be dismissed. Plaintiff resides at a state prison facility, where he is guarded by state prison officials. In the present case, Plaintiff named defendants who are current and former employees of federal agencies, and their work deals largely with FOIA concerns. Plaintiff's claims should be brought in a completely separate action, because any parties that could respond to Plaintiff's claims appropriately are not involved in this case and would need to be joined as additional defendants in this matter.[18]

Plaintiff's claims should also be dismissed because the relief requested bears no resemblance to those relating to Plaintiff's claim under FOIA. Defendants have spent months searching for files that are responsive to Plaintiff's FOIA requests, as well as reviewing files for release to Plaintiff. However, in his most recent motion Plaintiff claims only generally that Defendants "and State Officials removed the Plaintiffs from Attica Correctional Facility" to New Jersey and back to Attica in August 2004, and that he did not receive mail until he returned to Attica in November 2004. See PI/TRO Motion, ¶ 5-6. Plaintiff moved for an order to show

---

[18] Moreover, to the extent those persons are in New York State, this Court would likely lack personal jurisdiction over them.

cause for such actions, but the Motion and the claims therein have nothing to do with the present

case.  Plaintiff should bring these claims in a new action, and address them to authorities that

may provide Plaintiff with the additional relief he seeks.

## CONCLUSION

For all of the foregoing reasons, this action should be dismissed.  Alternatively,

Defendants request entry of summary judgment.


Respectfully submitted,


_____/s/_____
JEFFREY TAYLOR, D.C. BAR # 498610
United States Attorney



_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney



_____/s/_____
BRANDON L. LOWY
Special Assistant United States Attorney
555 4th Street, N.W.   Rm. E-4405
Washington, D.C. 20530

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of March, 2008, I caused the foregoing Defendants'

Motion to Dismiss, or in the Alternative, for Summary Judgment, proposed Order, and

Opposition to Plaintiff's Motion for Order to Show Cause for Preliminary Injunction and

Temporary Restraining Order to be filed via the Court's Electronic Case Filing system, and

served upon Plaintiff, *pro se*, by first-class mail, postage prepaid, addressed as follows:

RICHARD ISASI
# 98A1899
ATTICA CORRECTIONAL FACILITY
P.O. Box 149
Attica, NY 14011-0149


                          /s/  *Brandon L. Lowy*
                          BRANDON L. LOWY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHARD ISASI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 1:06-cv-02222 (RBW) |
| | ) |
| PRISCILLA JONES et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**<u>ORDER</u>**

Upon consideration of Defendants' Motion to Dismiss, or in the Alternative, for

Summary Judgment and Opposition to Plaintiff's Motion for Order to Show Cause for

Preliminary Injunction and Temporary Restraining Order, and the entire record of this case, it is

hereby

_____ ORDERED that Defendant's Motion to Dismiss is GRANTED.  It is
FURTHER ORDERED that Plaintiff's Motion for Order to Show Cause for
Preliminary Injunction and Temporary Restraining Order is DENIED.
Plaintiff's Complaint is DISMISSED

_____ ORDERED that Defendant's Motion to Dismiss is DENIED and Plaintiff's
Motion for Summary Judgment is GRANTED.  It is FURTHER ORDERED
that Plaintiff's Motion for Order to Show Cause for Preliminary Injunction
and Temporary Restraining Order is DENIED.  Plaintiff's Complaint is
DISMISSED.

Dated this _____ day of _____, 2008.

_____
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD ISASI, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action Nos. 06-2222 (RBW)(Lead) |
|  | ) 07-2015 (RBW) |
| DEPARTMENT OF JUSTICE, et al., | ) |
| Defendants. | ) |

## <u>DECLARATION OF PAMELA A. ROBERTS</u>

I, Pamela A. Roberts, declare the following to be true and correct:

1. I am an attorney in the Criminal Division of the United States Department of Justice assigned to the Office of Enforcement Operations. My specific assignment at the present time is that of trial attorney for the Division's Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit).

2. In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., and the Privacy Act (PA), 5 U.S.C. § 552a *et seq*., and to provide litigation support and assistance to Assistant United States Attorneys and to Department trial attorneys litigating these cases in District Court. In conjunction with these duties, I review processing files that have been compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit. I also consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA

1

requests, and with the supervisory paralegals to confirm that determinations to withhold or

to release records of the Criminal Division have been made in accordance with the

provisions of both the FOIA and the PA, and with Department of Justice regulations - 28

C.F.R. § 16.1 *et seq.*

3. I make this declaration on the basis of information acquired through the

performance of my official duties.

## SUMMARY OF CORRESPONDENCE

4. By letter dated March 31, 2003, Plaintiff made a FOIA request to the

Department of Justice's Criminal Division.  Plaintiff requested the following:

> Copy of the extradition Warrant with Affidavit and all supporting papers file [sic]
> with the New Jersey authorities while I was being extradited from Mexico to New
> Jersey on February 9, 1995;
>
> All papers filed with the United States Marshall [sic] who handle the extradition
> and Order by the Mexican authorities filed also on February 9, 1995; and
>
> Any and all documentation relevant to this matter maintain [sic] with the office of
> the United States Marshall who was involved in the Transaction within the treaty of
> the United States and Mexico and whether or not the document was amended to
> include the State of New York.

Plaintiff provided his name as "Richard Isasi" or "Richard Isasi Diaz." He did not list any

additional aliases.

*See* Exhibit 1.

5. By letter addressed to the Plaintiff dated June 26, 2003, the Criminal Division

acknowledged receipt of Plaintiff's FOIA request on May 1, 2003, and assigned it case

number CRM-200300551P.  Plaintiff was notified that the Criminal Division would

conduct a search to determine what records the Division maintained within the scope of his

2

request and would notify him once the search was completed. The Criminal Division also provided Plaintiff with a list of other components within the Justice Department and other Federal agencies and suggested that he may wish to send requests to those additional offices if he had not already done so. *See* Exhibit 2.

6. By letter dated June 2, 2003, Plaintiff sent a second FOIA request to the Criminal Division. This request was similar to his first request. The request was signed "Richard Isasi" and no additional aliases were listed. *See* Exhibit 3.

7. By letter dated August 12, 2003, the Criminal Division acknowledged receipt of Plaintiff's second request and advised him that the Division was already processing a similar request from him. The Criminal Division informed Plaintiff that he would be contacted when pertinent records had been received and processed. *See* Exhibit 4.

8. In the meantime, Plaintiff filed an administrative appeal with the Office of Information and Privacy (OIP) and OIP responded to the appeal on August 11, 2003. *See* Exhibit 5. OIP explained to Plaintiff that the FOIA gives agencies twenty days to respond to requests and therefore, his appeal at that time was premature.

9. By letter dated September 27, 2005, the Criminal Division's FOIA/PA Unit responded to Plaintiff's requests of March 31, 2003 and June 2, 2003, and informed him that 24 documents (items 1-24) within the scope of his request were located and all records either required by statute, or considered appropriate as a matter of discretion would be released to him. Items 1-20 were released to Plaintiff in full and attached to the response letter. Items 21-23 were released in part and also attached to the response letter. Item 24 was withheld in full. Material was withheld pursuant to Exemptions 5, 6, 7(C) and 7(F) of

the FOIA, 5 U.S.C. § 552(b)(5), (6), (7)(C) and (7)(F). The letter also advised Plaintiff that

the Criminal Division had located documents that originated with other agencies and those

documents had been referred to those agencies for processing and a direct response to

Plaintiff. The agencies were the Executive Office for U.S. Attorneys, OIP (for documents

that were of an interest to the Office of the Attorney General and Deputy Attorney General),

the Office of Legal Counsel, and the State Department. Plaintiff was also notified of his

right to an administrative appeal. *See* Exhibit 6.

10.  On October 21, 2005, OIP acknowledged receipt of Plaintiff's administrative

appeal. OIP advised Plaintiff that there was a backlog of pending appeals and his

continuing courtesy was appreciated. *See* Exhibit 7.

11.  On September 26, 2006, OIP responded to Plaintiff's administrative appeal and

determined that item 24, which had been previously withheld pursuant to Exemption 5, 5

U.S.C. § 552(b)(5), could be released to Plaintiff in full. OIP released the document to

Plaintiff and attached a copy of the document to the release letter. OIP explained that it

was otherwise affirming, on partly modified grounds, the Criminal Division's action on his

request. OIP determined that the Criminal Division had properly withheld certain

information that is protected from disclosure under the FOIA pursuant to Exemptions 5,

7(C), and 7(F), 5 U.S.C. § 552(b)(5), (b)(7)(C), and (b)(7)(F). *See* Exhibit 8

12.  On December 13, 2007, the Criminal Division's FOIA/PA Unit provided a

supplemental response to Plaintiff. In its response, the Criminal Division explained that an

error had been made in referencing the date for item 24. It was explained that this

document was actually dated March 19, 1996, and not March 19, 1995, which was listed on

the response letter of September 27, 2005. The letter also explained that upon review it

was determined that item 22, which had been released in part pursuant to Exemption 5,

could now be released in full. A clean copy of item 22 was attached to the letter. *See*

Exhibit 9.

### REFERRAL TO OFFICE OF INFORMATION AND PRIVACY

13. On August 3, 2007, OIP provided a response to Plaintiff regarding the

documents that the Criminal Division had referred for processing. OIP released to Plaintiff

all of the documents, except one document marked as item 2, totaling two pages. OIP

indicated in its letter that the document was withheld pursuant to Exemption (b)(5), 5

U.S.C. § 5552(b)(5), on behalf of the Criminal Division. *See* Exhibit 10.

14. On February 15, 2008, the Criminal Division provided a supplemental response

to Plaintiff. In its letter, the Criminal Division explained to Plaintiff that item 2 was being

released to him in full based on a subsequent review of the document and a review of other

documents that had been released to Plaintiff. *See* Exhibit 11.

### REFERRALS FROM THE DEPARTMENT OF STATE

15. On January 28, 2008, the U.S. Department of State referred two documents to

the Criminal Division marked L2 and L10. The documents originated with the Department

of State but contained information that appeared to be of interest to the Criminal Division.

The Criminal Division recommended release of the documents with excisions to remove

the name of the Legal Attache and the names of third party suspects pursuant to

Exemptions 6 and 7(C).

16. On January 29, 2008, the U.S. Department of State referred three documents to

the Criminal Division for processing and direct response to Plaintiff. The Criminal

Division reviewed the documents and, by letter dated February 13, 2008, released the three

documents to Plaintiff in full. *See* Exhibit 12.

## CRIMINAL DIVISION'S SEARCHES FOR RESPONSIVE RECORDS

17.    In processing requests from individuals seeking information on themselves, the

Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001

(Central Criminal Division Index File and Associated Records). When a search of this

Central Index reflects responsive, or potentially responsive records, a search for such

records is sent to the section identified as having custody of the records.

18.    In the present matter, a search for Plaintiff's records in the JUSTICE/CRM-001

Privacy Act system of records was undertaken on August 4, 2003, using the names

"Richard Isasi" and "Richard Isasi Diaz." The search revealed records maintained by the

Office of International Affairs for Plaintiff under the names "Richard Isasi, Luis Martinez,

George Ortiz, and Luis Martino."

19. The Criminal Division's FOIA Unit forwarded a request to the Office of

International Affairs on August 4, 2003, attaching a copy of Plaintiff's request and

requested that all records and file systems in their office be searched. Designated

personnel employed by the pertinent section undertakes a search for responsive materials

and reports results by means of individual signed forms to the Criminal Division's

FOIA/PA Unit. Searches for responsive materials are to be undertaken in the same manner

6

as if the Criminal Division were seeking the information for its own, official purposes. [1]

On October 7, 2003, the Office of International Affairs responded to the request indicating

that it did not have a record within its office but a file was maintained in the records center.

The records were forwarded to the Criminal Division's FOIA Unit.

20. I have personally reviewed the original, signed search response in this case, and

have verified that the only file located for Plaintiff was reviewed and processed.

21. It was recently brought to my attention that Plaintiff did have several aliases

and although a search of files under his own name revealed some of the aliases there was an

additional alias that had not been searched. Therefore, a full search was conducted for each

of Plaintiff's aliases as follows: Luis Martinez, George L. Ortiz, Veteran Falco, and Luis

Martino. Aside from the file maintained by the Office of International Affairs, no

additional files or records were located matching the district and dates described in

Plaintiff's request.

## EXPLANATION OF EXEMPTIONS

22. The documents initially withheld from disclosure were pursuant to Exemptions

5, 6, 7(C) and 7(F), 5 U.S.C. §§ 552(b)(5),(6), 7(C), and 7(F). The Criminal Division and

OIP subsequently released all information that had previously been withheld pursuant to

Exemption 5. *See* Exhibit 8, Exhibit 9 and Exhibit 11. The justification for the remaining

---

[1]Unlike the Federal Bureau of Investigation or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals. Nor does it maintain files based on social security numbers. Nor does it maintain any field offices outside the Washington, D.C. area. Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate searches.

exemptions is explained below.

## Exemptions 6 & 7(C)

23.  FOIA exemptions 6 and 7(C) permit the withholding of:

(6)    personnel and medical files and similar files the disclosure of
which would constitute a clearly unwarranted invasion of
personal privacy;

(7)    records or information compiled for law enforcement
purposes, but only to the extent that the production of such
law enforcement records or information ...

(C)    could reasonably be expected to constitute an unwarranted invasion
of personal privacy ...

5 U.S.C. §§ 552(b)(6) and (7)(C).

24.  FOIA Exemption 6 protects personnel and medical files and similar files, the

disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  5

U.S.C. § 552(b)(6).  FOIA Exemption 7(C) protects records or information compiled for

law enforcement purposes, production of which could reasonably be expected to constitute

an unwarranted invasion of personal privacy.  5 U.S.C. § 552(b)(7)(C).

25.  Exemptions 6 and 7(C) each require a balancing of the individual's right to

personal privacy against the public's interest in shedding light on an agency's performance

of its statutory duties.  The requester's identity, purpose in making the request, and

proposed use of the requested information have no bearing on this balancing test.

26.  Pursuant to Exemptions 6 and 7(C), the Criminal Division's FOIA/PA Unit

withheld:

1. From Item 21 - the name, fax number of the U.S. Marshals Service and two names of the

employees of the Office of International Affairs. [2]

2. From Item 23 - the names of two DEA Agents.

3. From State Department Documents marked L-2 and L-10 - the name of the Legal Attache and the names of third-party suspects.

27.  The individuals whose identities were withheld, as set forth above, were not the requester, nor the names of government attorneys, state or federal.

28.  The items referenced in paragraph 26 above, were compiled to extradite Plaintiff, who was a fugitive, back to the United States.  The Office International Affairs, a component of the Office of Enforcement Operations, oversees the extradition of international fugitives.  Here, Plaintiff had been convicted of robbery in 1991.  Plaintiff fled the United States and was eventually located in Mexico.  As such, the records here clearly meet the threshold requirement of FOIA Exemption 7 of "records or information complied for law enforcement purposes."

29.  The individuals whose identities have been protected all maintain a substantial privacy interest in not being identified with a criminal law enforcement investigation. Identifying individuals being associated with criminal investigations can subject them to innuendo, embarrassment, and stigmatization or even harassment, retaliation and reprisals.

30.  On the other hand, revealing such information is unlikely to add to the public's

---

[2] The Criminal Division had invoked Exemptions 6 and 7(C) to remove the names of employees of the Office of International Affairs on Item 21.  It has subsequently been determined that these names can be released.  One employees's name is Maju D. Mattamal and a second name is designated as "el Guapo."

understanding of how an agency works or how well it performs its statutory duties.[3]  On

balance, the FOIA/PA Unit determined that the substantial privacy interest that is protected

by withholding this information outweighs any minimal public interest that would be

served by its release.  Such disclosure would be "clearly unwarranted" as required by 5

U.S.C. § 552(b)(6).  Since this is the higher of the two standards of invasion of privacy, the

release of this information also would be "unwarranted" as required by 5 U.S.C. §

552(b)(7)(C).

### Exemption 7(F)

31.  FOIA Exemption 7(F) authorizes the withholding of:

(7)     records or information complied for law enforcement purposes, but only to
        the extent that the production of such law enforcement records or
        information ...

        (F)     could reasonably be expected to endanger the life or physical safety
                of any individuals ...

5 U.S.C. § 552(b)(7)(F).

32.  Pursuant to Exemption 7(F), the Criminal Division's FOIA/PA Unit withheld:

From item 23- the names of two DEA agents.

33.  The Criminal Division withheld the names of two DEA agents who were

involved in the criminal investigation of Plaintiff.  These agents, as explained above, have a

reasonable expectation of privacy in their identities.  There is no indication that Plaintiff is

---

[3]Official information that sheds light on an agency's performance of its statutory duties
falls squarely within the statutory purpose of the FOIA.  That purpose is not fostered, however,
by disclosure of information about private citizens that reveals little or nothing about an agency's
own conduct.  *See United States Department of Justice v. Reporters Committee for Freedom of
the Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 1481-82 (1989).

aware of the names of these individuals. Based on the nature of their work, it is reasonable to conclude that the release of their identities could expose them to physical harm from those outside of the law enforcement community.

34.  In sum, no documents were withheld in full.  Of the 24 documents located by the Criminal Division, two were released to plaintiff with excisions.  Of the five documents referred from the State Department, two were released to plaintiff with excisions. The excised documents were carefully reviewed for reasonable segregation of non-exempt information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _March 13, 2008_

_Pamela A. Roberts_
PAMELA A. ROBERTS

11

*PA 2003005551A*

MAR 8 2003

Richard Isasi, # 98-A-1899
Attica Correctional Facility
Attica, New York 1401-0149

freedom of information officer
FOIA/ PA Referral Unite
Justice Management Division
U.S. Department of Justice\Washington, D.C.20530-0001

RE    This is a request Pursuant to the Freedom of Information Act
      (FOIA). 5th Amendment § 552 And the Privacy Act § 552 a.

Dear Sir/Madam

    I respectfully submit herein this letter of request to your most Honorable office seeking the

following information:

    1.    Copy of the extradition Warrant with Affidavit and all supporting papers file with the

New Jersey authorities while I was being extradited from Mexico to New Jersey on February 9, 1995.

    2.    All papers filed with the United States Marshall who handle the extradition and Order

by the Mexican authorities filed also on February 9,1995.

    3.    Any and all documentation relevant to this matter maintain with the office of the

United States Marshall who was involved in the Transaction within the treaty of the United States and

Mexico and whether or not the document was amended to include the State of New York.

    .    as You know, the freedom of information act provides that if portions of a document are

exempt from release, the remainder portion of the documents must segregated and disclosed.

Therefore, I will expect you to send me all nonexempt portions of the records which I have requested,

EXHIBIT 1

and ask that you justify any deletions with reference to specific exemptions of FOIA. The information requested is not to be used for commercial benefits, so I do not expect to be charged fees for your review of the materials to see if it falls with one of FOIA's exemption.

Please to advise me of the expense for copies I requested before filling the requested documents. The freedom of Information Act, law requires that an agency respond to a request within five (5) business days of receipt of a request. Therefore, I would appreciate a response as soon as possible. However if for any reason any portion of my request is denied, please inform me of the reason why in writing

dated: Attica, New York
        March 31, 2003

                                        Respectfully submitted

                                        _R Isasi_____
                                        Richard Isasi,# 98-A-1899
                                        AtticaCorrectional Facility
                                        Attica, New York 14011-0149

Cc: self filed
RI/ri
dated 4/31/03

DATE of BIRTH.  8-28-54
SOCIAL #.  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.
PLACE of BIRTH.  HABANA. CUBA.

U.S. Department of Justice                    **Certification of Identity**                    

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]     _Richard Isasi Diaz_

Citizenship Status [2] _Resident_     Social Security Number [3] _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_

Current Address _Attica Corr. Fac. Box 149 Attica N.Y. 14011_

Date of Birth _8-28-54_     Place of Birth _Habana - Cuba_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _R Sasi_     Date _May 1 - 2003_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ldb                                    JUN 2 6 2003
Typed: 6/20/03

CRM- 200300551P


Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
Box 149
Attica, NY  1401-0149

Dear Mr. Isasi:

        This is to acknowledge receipt of your letter of
May 1, 2003, requesting records of the Criminal Division under
the Freedom of Information Act (FOIA).  This request has been
assigned file number 200300551P.  Please refer to this number in
any future correspondence with this Unit.

        We will conduct a search to determine what records (if any)
we have that are within the scope of your request.  Once we have
completed our search, we will notify you as to our disposition of
your request.  Please note that this search will encompass only
Criminal Division records.

        Please be advised that this Office processes only records
maintained by the Criminal Division of the United States
Department of Justice.  Your request also seeks information
maintained by one or more other components of the Justice
Department, or other Federal agencies.  The enclosed list
contains the addresses of other offices to which you may wish to
send requests, if you have not done so already.  We have
highlighted any office you have mentioned specifically.

        If you have any questions regarding the status of this
request, you may contact Denise Kennedy on 202-616-0307.

                        Sincerely,



                        Thomas J. McIntyre, Chief
                        Freedom of Information/Privacy Act Unit

                                EXHIBIT 2

X 8/20/03

**FILE COPY**

FOI 200300690
RICHARD ISASI
98A1899
Attica Corr Fac.
Box 149.
Attica, N.Y. 14011.

Chief, FOIA/PA United.
U.S. Dept of Justice.                           June 2, 2003
Criminal Division.
Office of International Affairs.

        Dear Sir or His

                                    JUN 11 2003

    Re: ~~The~~

        People v Isasi  Ind # 845/95.

    PLEASE BE ADVISED. PURSUANT TO ARTICLE SIX (6)
SECTION 89 SUB3 3, AS AMENDED OF THE PUBLIC
OFFICERS' LAW, UPON RECEIPT OF WRITTEN
RESQUEST KINDLY PROVIDE OR MAKE AVAILABLE
TO ME THE FOLLOWING RECORDS, POST, VIZ:

1.  COPY OF EXTRADITION WARRANT WITH AFFIDAVIT AND
ALL SUPPORTING PAPER EXECUTING EXTRADITION
FROM MEXICO TO NEW JERSEY STATE, DATED SEPT 4,
1997.

2.  COPY OF TRANSPORTATION FROM WEBB TEXAS TO
NEW JERSEY STATE, SIGNED BY THE U.S. MARSHALS

3.  COPY OF EXTRADITION WARRANT WITH AFFIDAVIT
AND ALL SUPPORTING PAPER EXECUTING
EXTRADITION FROM THE NEW JERSEY STATE TO
THE STATE OF NEW YORK, DATED SEPT 4, 1997.

                                    EXHIBIT 3

If there are any fees for copying the records requested, please inform me before filling the request (or ... please supply the records without informing me if the fees are not in excess of $_____.

As you know, the Freedom of Information Law requires that an agency respond to a request within five (5) business days of receipt of a request. Therefore, I would appreciate a response as soon as possible and look forward to hearing from you shortly.

If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide the name and address of the person or body to whom an appeal should be directed.

Respectfully submitted.

R. Isasi

Richard Isasi
05/18/99
Astoria Corr. Fac.



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ts
typed 8-08-03

CRM-200300690F

AUG 1 2 2003

Mr. Richard Isasi
DIN #98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Dear Mr. Isasi:

    This is to acknowledge receipt of your request dated June 2, 2003, for records relating to your extradition from Mexico to New Jersey and from New Jersey to New York.

    Our records indicate that we are already processing an almost identical request from you dated March 31, 2003. We are currently awaiting receipt of records from the Office of International Affairs. We will advise you further when pertinent records have been received and processed.

           Sincerely,

           Thomas J. McIntyre, Chief
           Freedom of Information/Privacy Act Unit



EXHIBIT 4     **FILE COPY**



OverSEARCHES Complete

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

AUG 1 7 2003

Mr. Richard Isasi
No. 98A1899
Attica Correctional Facility
Post Office Box 149                                          AUG 1 3 2003
Attica, NY 14011-0149

     Re:    CRM200300551

Dear Mr. Isasi:       .

     I am writing in response to your letter, dated June 23, 2003 and received in this Office on
June 30, 2003, in which you attempt to appeal from the failure of the Criminal Division to respond to
your request for records concerning you.

     Please be advised that the Freedom of Information Act gives agencies twenty working days to
respond to requests for access to records. <u>See</u> 5 U.S.C. § 552(a)(6)(A)(i)(2000); 28 C.F.R.
§ 16.6(b) (2001). This twenty-day period begins to run when the office that possesses the records
actually receives the request. <u>See</u> 28 C.F.R. § 16.3(a). You indicate that you filed a FOIA request
with the Criminal Division on June 2, 2003. An answer, therefore, was not due from that Office until
June 30, 2003 at the earliest. Accordingly, I am closing your appeal as premature.

     If your client disagrees with my action on your appeal, he may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,

                              Richard L. Huff
                              Co-Director

                                              EXHIBIT 5





**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

CRM-200300551P and 200300690P

SEP 2 7 2005

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

This is in response to your requests dated March 31, 2003 and June 2, 2003 for records concerning you.

We located 24 documents (items 1-24) within the scope of your request. We have processed your request under the Freedom of Information Act and will make all records available to you whose release is either required by that statute, or considered appropriate as a matter of discretion.

In light of our review, we have determined to release items 1-20 in full and items 21-23 in part, and to withhold item 24 (as described on the enclosed schedule) in full. We are withholding the record and portions of records indicated pursuant to one or more of the following FOIA exemptions set forth in 5 U.S.C. 552(b):

> (5)  which permits the withholding of inter-agency or intra-agency memorandums or letters which reflect the predecisional, deliberative processes of the Department;

> (6)  which permits the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and,

> (7)  which permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...

EXHIBIT 6
FILE COPY

(C)  could reasonably be expected to
     constitute an unwarranted invasion
     of personal privacy;

(F)  could reasonably be expected to
     endanger the life or physical
     safety of any individual.

We have also located documents which originated in an Office of an United States Attorney. Pursuant to Department practice, we have referred these documents to the Executive Office for United States Attorneys (which processes such documents) for direct response to you.

In addition, we have located documents which are of interest to the Offices of the Attorney General and Deputy Attorney General. We have referred these documents to the Office of Information and Privacy (which processes such documents) for direct response to you. We have also located documents which originated in the Office of Legal Counsel and State Department and have referred those documents to those agencies for direct response to you.

You have a right to an administrative appeal of this partial denial of your request. Department regulations provide that such appeals must be filed within sixty days of your receipt of this letter. 28 C.F.R. 16.9. Your appeal should be addressed to: The Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

Sincerely,


Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

2

SCHEDULE OF DOCUMENTS WITHHELD IN FULL
(Refer to Body of Letter for Full Description of (Exemptions)

24.  Fax Transmittal, Secretaria De Relaciones Exteriores to Mary
Lee Warren, March 19, 1995.  Withheld in full pursuant to FOI
exemption 5 U.S.C. 552(b)(5).



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 2 1 2005

Mr. Richard Isasi
No. 98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

    Re: Request No. CRM200300551P and CRM200300690P

Dear Mr. Isasi:

    This is to advise you that your administrative appeal from the action of the Criminal Division on your request for information from the files of the Department of Justice was received by this Office on October 17, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0187**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                  Sincerely,

                  Priscilla Jones
                  Chief, Administrative Staff

                                   EXHIBIT 7

CRM



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP 2 6 2006**

Mr. Richard Isasi                         Re:    Appeal No. 06-0187
DIN 98-A-1899                                    Request Nos. 200300551P &
Attica Correctional Facility                     200300690P
Post Office Box 149                              BVE:GLB:KAM
Attica, NY 14011-0149

Dear Mr. Isasi:

        You appealed from the action of the Criminal Division of the United States Department
of Justice on your request for access to records pertaining to yourself.

        After carefully considering your appeal, and as a result of discussions between Criminal
Division personnel and a member of my staff, I am releasing two additional pages to you in part
that were previously withheld in full from you, copies of which are enclosed. I am otherwise
affirming, on partly modified grounds, the Criminal Division's action on your request.

        The records responsive to your request are exempt from the access provision of the
Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.91 (2006). Because
these records are not available to you under the Privacy Act, your request has been reviewed
under the Freedom of Information Act in order to afford you the greatest possible access to them.

        The Criminal Division properly withheld certain information that is protected from
disclosure under the FOIA pursuant to:

        5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency
        communications protected by the deliberative process and attorney work-product
        privileges;

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        constitute an unwarranted invasion of the personal privacy of third parties; and

        5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        endanger the life or personal safety of an individual.

                                                        EXHIBIT 8

- 2 -

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure (2)



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C.  20530*

CRM-200300551P and 200300690P

                                                        DEC 1 3 2007

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

        This letter is to advise you of a correction in our response to you of September 27, 2005.

        In our letter, we responded to your Freedom of Information Act requests of March 31, 2003 and June 2, 2003.  As indicated in our response letter, we withheld from disclosure, Item 24 which was decribed as a "Fax Transmittal, Secretaria De Relaciones Exteriores to Mary Lee Warren, March 19, 1995."  There was an error in regard to the date of this document.  The document is actually dated March 19, 1996.

        Following your administrative appeal to the Office of Information and Privacy (OIP), the March 19, 1996 document was released to you in full.  Another copy of the document is included with this letter.  Thus, there is no document dated "March 19, 1995, that was withheld from disclosure.

        Further, upon review of Item 22, we have determined that the information initially withheld from the letter may now be released.  Attached is a clean copy of Item 22, which is a letter dated March 12, 1996.

        We hope that this information clarifies our response to you.

                                        Sincerely,

12/13/07
*(signature)*

                                        Thomas C. Taylor
                                        Associate Director for Policy

EXHIBIT 9
**FILE COPY**



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

AUG 0 3 2007

Mr. Richard Isasi
98-A-1899                              Re:    AG/06-R0009
Attica Correctional Facility                  DAG/06-R0021
Attica, NY 14011-0149                         CLM:TEH:GEB

Dear Mr. Isasi:

   This is a final response to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated June 3, 2003, in which you requested certain records pertaining to yourself. On September 27, 2005, the Criminal Division of the Department of Justice referred your request and six documents, totaling thirteen pages, to this Office for processing and direct response to you. Your request and the referred documents were received in this Office on October 4, 2005. This response is made on behalf of the Offices of the Attorney General and Deputy Attorney General.

   Please find enclosed five documents, totaling eleven pages, that are responsive to your request. I have determined that these documents are appropriate for release without excision. We are withholding one document, totaling two pages, on behalf of the Criminal Division pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Exemption 5 pertains to certain inter- and intra- agency communications protected by deliberative and attorney work product privileges.

   If you are not satisfied with my action on your request, you may administratively appeal from this partial denial by writing to the Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                              Sincerely,

                              _Thomas E. H_
                                      for

                              Carmen L. Mallon
                              Chief of Staff

Enclosures

EXHIBIT 10



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200300551P and CRM-200300690P

FEB 15 2008

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

This is a supplemental response to your Freedom of Information Act (FOIA) requests of March 31, 2003 and June 2, 2003.

In processing your requests, the Criminal Division referred several documents to the Office of Information and Privacy (OIP). OIP reviewed these documents and, by letter dated August 3, 2007, released all of the documents to you except for one document, totaling two pages, which was withheld pursuant to Exemption 5 of the FOIA, 5 U.S.C. Section 552(b)(5). This document was marked item 2 and was withheld on behalf of the Criminal Division.

Upon subsequent review of item 2 and upon review of additional information that has already been released to you, we have determined that item 2 may be released to you in full. A copy of this document is enclosed with this letter.

Sincerely,

Thomas C. Taylor
Associate Director for Policy

2/15/08
per

EXHIBIT 11

# FILE COPY



**U.S. Department of Justice**

Criminal Division

*Office of Enforcement Operations*                                          *Washington, D.C. 20530*

CRM-200800065P

FEB 1 3 2008

Mr. Richard Isasi
Reg. #98A1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

Dear Mr. Isasi:

   While processing your Freedom of Information Act request of February 12, 2003, the
U.S. Department of State (DOS) located three records (items 1-3) which contain information of
interest to the Criminal Division of the Department of Justice, and has referred those records to
us for our review and direct response to you. These records were received in this Office on
January 29, 2008. This request has been assigned file number CRM-20080065P. Please refer to
this number in any future correspondence with this Unit.

   We have processed your request under the Freedom of Information Act and will make all
records available to you whose release is either required by that statute, or considered as a matter
of discretion.

   In light of our review, and the recommendations of the DOS, we have determined to
release items 1- 3 in full. A copy of the records are enclosed.

               Sincerely,

               *Thomas C. Taylor by Pat*
               Thomas C. Taylor
               Associate Director for Policy
               Office of Enforcement Operations
               Criminal Division

                              EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Richard Isasi                           )
                                        )
         Plaintiff                      )
                                        )
    v.                                  )    Civil Action No.
                                        )       CA-06-2222
Priscilla Jones, et al.,                )
                                        )
         Defendants.                    )
                                        )
                                        )
---                                     )

## DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1.  I am the U.S. Department of State's (Department's) Information and Privacy Coordinator and the Director of the Department's Office of Information Programs and Services (IPS). In these capacities, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act (PA), 5 U.S.C. § 552a, and other applicable records access provisions.  I have been in the employ of the Department of

State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department. I am authorized to classify and declassify national security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 C.F.R. §§ 9.7, 9.14. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for the processing of the subject request, and upon information furnished to me in the course of my official duties. I have read the complaint filed by the plaintiff in the above-captioned matter, and I am familiar with the efforts of Department personnel to process the subject request.

2. The core responsibilities of IPS include: records access requests made by the need-to-know community, the public (under the FOIA, the Privacy Act, and the mandatory classification review requirements of E.O.12958, as amended, or the Ethics in Government Act), members of Congress, other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national security classification management and declassification review; corporate records archives management; research; the

3

Department's Library; and the technology that supports these activities.

3.    The purpose of this declaration is to inform the Court of the Department's responses to plaintiff's FOIA request made directly to the Department (IPS case no. 200300569), and to two referrals from the Department of Justice (DOJ) of records requested by plaintiff from DOJ (IPS case nos. 200504385 and 200505014).    A description of the administrative processing of this request and referrals follows, as well as a detailed description of the information withheld and applicable FOIA exemptions applied.

## I. ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST

### IPS Case Number 200300569

4.    By letter dated February 12, 2003 (Exhibit 1), to the Department of State, the plaintiff requested:

> 1.    Copy of extradition warrant with affidavit and all supporting paper executing extradition from New Jersey state to Mexico Veracruz date Marz 10, 1995.
>
> 2.    Copy of extradition warrant with affidavit and all supporting paper executing extradition from Mexico, Veracruz date Sept 4, 1997 to New Jersey state. [sic]

Plaintiff asked to be advised of the fees for copying records "before filling his request" and to "supply the records without informing [him] if the fees are not in excess of $_____."

4

5.   By letter dated March 3, 2003 (Exhibit 2), IPS
acknowledged receipt of plaintiff's request and assigned it case
number 200300569.   IPS advised plaintiff that his request was
being processed and that he would be notified when responsive
material was retrieved and reviewed; the cut-off date for
retrieving records was the date of search initiation; only
existing records were subject to the FOIA; processing costs were
estimated to be below the minimum amount charged in his fee
category; and the Department's response may be delayed.

6.   By two letters dated June 23, 2003 (Exhibit 3), IPS
informed plaintiff that searches had been initiated of the
Central Foreign Policy Records and the records of the Office of
the Legal Adviser.   IPS advised plaintiff that it had completed
the search of the Central Foreign Policy Records and had found
six responsive documents.   Of these, four were released in full
and two were released in part.   IPS further advised plaintiff
that no responsive documents were found during the search of the
records of the Office of the Legal Adviser.   Plaintiff was
informed of his right to appeal the denial of information.

7.   By letter dated July 1, 2003 (Exhibit 4) to the
Chairman of the Appeals Review Panel, plaintiff advised that the
material he received from IPS was not what he had requested.
Plaintiff indicated that the following four items were the
subjects of his request:

*Richard Isasi v. Priscilla Jones, et al.*
*Grafeld Declaration*

> 1.  A copy of extradition warrant with affidavit and
> all supporting paper executing pertaining to [his]
> extradition from New Jersey State to Mexico Veracruz
> date Marz 10, 1995.
>
> 2.  A copy of the extradition and executive order from
> the magistrate of Mexico signed by [plaintiff].  April
> 1995.
>
> 3.  A copy of the transportation document from the
> Mexican agents with place dated stated Sept 3, 1997.
>
> 4.  A copy of the transportation document from Webb
> Texas to New Jersey by the U.S. Marshals. Sept 4,
> 1997.  [sic]

8.  By letter dated July 16, 2003 (Exhibit 5), the Appeals
Officer in IPS informed plaintiff that because his July 1, 2003
letter did not appeal the denial of information, IPS did not
open an appeal in this case.  The Appeals Officer also informed
him that his letter was being referred to the office that
managed his case for its review.  (In fact, plaintiff's letter
was referred to the same division in IPS that processed his
request for its re-examination.)

9.  By letter dated September 4, 2003 (Exhibit 6), IPS
informed plaintiff that additional searches had been conducted
in connection with case no. 200300569 based on his letter of
July 1, 2003.  Searches of the retired files of the Bureau of
Western Hemisphere Affairs and the U.S. Embassy in Mexico were
performed and no responsive documents were located.  IPS
suggested to plaintiff that the records he sought might be held

by the Department of Justice (DOJ) and provided him the address
for that agency's FOIA office.

10. By letter dated February 14, 2008 (Exhibit 7),
plaintiff was informed that the Department re-examined its
search efforts in his request and conducted additional searches
of records from the following records systems:  the Central
Foreign Policy Records, the Office of the Legal Adviser, the
Bureau of Western Hemisphere Affairs, and the U.S. Embassy in
Mexico.  IPS advised plaintiff that these searches resulted in
the retrieval of eleven additional responsive documents, of
which four documents were released in full, three documents were
denied in part, and four were DOJ documents that IPS referred to
DOJ for its review and reply directly to the requester.

## II. THE SEARCH PROCESS

11.  The Department's search for records responsive to
plaintiff's request was designed to uncover all responsive
records.  When a FOIA request is received, IPS evaluates the
request and determines which offices, overseas posts, or other
records systems within the Department may reasonably be expected
to contain the information requested.  This determination is
based on the description of records set forth in the request
letter.  It also requires a familiarity with records system
holdings, applicable records disposition schedules, and the

substantive and functional mandates of the numerous offices within the Department, as well as its foreign service posts and missions.  Such factors as the nature, scope, and complexity of the request itself also are relevant.

Central Foreign Policy File

12.  The records of the Department are maintained in both centralized and decentralized records systems.  The Central Foreign Policy File (or "Central File") is the Department's primary centralized records system.  The file consists of both manual and automated file holdings.  It includes almost all documents of a substantive nature, regardless of physical format, that establish, discuss, or define foreign policy. Included are telegrams and written documents:  airgrams, congressional correspondence, general correspondence, diplomatic notes, intelligence reports, memorandums, memorandums of conversation, and operations memorandums.  Excluded are non-telegram records authorized to be maintained on a decentralized basis, and records authorized for separate disposition.

13.  The manual holdings are searched by first reviewing a customized paper index (the "retired records manifest") to the holdings.  Boxes containing potentially relevant documents are identified from the retired records manifest.  These boxes are

pulled from the Department's records storage facility and copies made of relevant documents therein.

14.   The automated holdings, which are classified at the Secret level or below, are composed of approximately 30 million electronic telegrams between the Department and foreign service posts and other written documents.  Written documents ingested into the automated holdings after October 1994 have an associated electronic text version and those ingested prior to October 1994 have their text stored on microfilm.   Searches of the automated file holdings are conducted using an automated application which searches the full text of the 30 million electronic telegrams and the electronic text version of the written documents.  For all other written documents in the automated holdings that are not full-text searchable, the system will search the text of a customized electronic index to those documents that directs a searcher to a full copy of the document on microfilm.   Searches of the Central File were conducted by analysts in IPS who are familiar with its contents and organization, and who are familiar with the subject matter of plaintiff's request.

15.   In this case IPS conducted a search of the Central File that was intended to identify any documents relating to plaintiff.

16.    Specifically, IPS conducted a search of the automated holdings of the Central File for records using plaintiff's name (Richard Isasi) since 1995.  This search yielded six documents; of these, four documents were released in full and two were withheld in part.

17.    Upon a re-examination of the documents identified in its search of the Central File, IPS discovered that plaintiff used other known aliases, including Luis Martinez, George L. Ortiz, Veteran Falco, Luis Martino, and Richard Isasi Diaz. Therefore, multiple searches of the automated holdings of the Central File were conducted for documents using these aliases since 1995.  No additional responsive documents were found.

Office/Post Files

18.    Each office within the Department and each foreign service post also maintains active working files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission.  These files consist generally of working copies of documents, information copies of documents maintained in the Central File, as well as other documents prepared by or furnished to the office, post, or mission in connection with the performance of its official duties.

19.    In addition to the searches of the automated holdings of the Central File described above, searches were also conducted of the active working files of the Office of Mexican Affairs (within the Bureau of Western Hemisphere Affairs), and the Office of the Assistant Legal Adviser for Law Enforcement and Intelligence (L/LEI) (within the Office of the Legal Adviser).  The searches of these files were performed by individuals employed within those organizations who are familiar with the subject matter of plaintiff's request and his known aliases, as well as the contents and organization of the records systems searched.

20.    The Office of Mexican Affairs is responsible for carrying out U.S. relations with Mexico and maintains regular contact with foreign service posts in that country.  Among the activities this office is responsible for carrying out is fostering Mexican cooperation in the area of international law enforcement, including the control of international drug trafficking and crime.  No additional responsive records were located in the search of this office's active working files.

21.    L/LEI provides legal advice and services on international aspects of law enforcement matters, including the international extradition of fugitives.  It also negotiates bilateral extradition and mutual legal assistance treaties.  The initial search of L/LEI records resulted in no responsive

records being located.  An additional search of L/LEI records was conducted after the discovery of plaintiff's other aliases (see paragraph 17 above).  The results of the second search are described in paragraph 26 below.

22.  IPS also consulted with the U.S. Embassy in Mexico to determine whether any responsive records remained at the Embassy.  Personnel stationed at the Embassy reported that a search had been conducted of the files in the office that now handles extraditions as well as the files of an office that had handled plaintiff's extradition, and that no responsive records were located.  Therefore, as described below, IPS reviewed the retired records manifests and searched potentially relevant retired files of the Embassy.

Retired Office/Post Files

23.  When records are no longer needed operationally by an office or post, which generally, though not mandatorily or uniformly, takes place after two to three years, they are retired and stored at offsite storage facilities.  While they remain under the Department's control, IPS is responsible for conducting searches of retired files in response to FOIA and other types of requests.  Retired (inactive) office and post files consist generally of working copies of documents, information copies of documents maintained in the Central File,

as well as other specialized documents prepared by or furnished
to the office or Foreign Service post in connection with the
performance of its official duties.  Retired records manifests
are used to document the contents of retired files, copies of
which are maintained at IPS for analysts to use in identifying
potentially responsive retired files.  Periodically, retired
files are screened and documents are destroyed according to
authorized disposition schedules.

   24.  In addition to the searches described above, searches
were also conducted of the retired records of:  the Office of
Mexican Affairs (within the Bureau of Western Hemisphere
Affairs); the Political Section at the U.S. Embassy in Mexico;
and the Office of the Assistant Legal Adviser for Law
Enforcement and Intelligence (L/LEI) (within the Office of the
Legal Adviser).

   25.  The searches of files retired by the U.S. Embassy in
Mexico and by the Office of Mexican Affairs were performed by
IPS analysts who are familiar with the contents and organization
of Department records, and who are familiar with the subject
matter of plaintiff's request.  IPS examined the retired records
manifests for records falling within the time period covered in
plaintiff's request for records retired by the Office of Mexican
Affairs and relevant sections within the U.S. Embassy in Mexico,
i.e., the records of the Embassy's Political Section, Executive

Office and Office of the Deputy Chief of Mission.  No additional responsive records were located in these searches.

26.  The search of L/LEI retired files was performed by individuals employed within that organization who are familiar with both the subject matter of plaintiff's request and also the contents and organization of the records systems searched. Eleven additional responsive documents were located; of these, four were released in full, three were released in part, and four were referred to DOJ for its review and reply directly to the requester.

Documents Found

27.  As noted above, plaintiff's original February 12, 2003 request to the Department of State sought "the following record" about himself:

> 1.  Copy of extradition warrant with affidavit and all supporting paper executing extradition from New Jersey state to Mexico Veracruz date Marz 10, 1995.
>
> 2.  Copy of extradition warrant with affidavit and all supporting paper executing extradition from Mexico, Veracruz date Sept 4, 1997 to New Jersey state. [sic]

(See Exhibit 1).

28.  In order to better understand extradition documents and the facts of plaintiff's extradition in particular, I consulted with the Department's Office of the Legal Adviser, which oversees extradition matters on behalf of the Department.

That office informed me of the following facts.  Plaintiff was never extradited from New Jersey to Mexico.  On the contrary, as is evident from the public record, he had fled from the United States to Mexico.  Therefore, there is no reasonable possibility that the Department would have the records requested in the first numbered paragraph of plaintiff's February 12, 2003 request.  Furthermore, in the case of an extradition such as plaintiff's 1997 extradition from Mexico to the United States, the Department would not have any such thing as an "extradition warrant," let alone what plaintiff described in his August 3, 2006 letter as "federal warrants signed by the Secretary of State."  (See Exhibit 9.)  Extraditions from Mexico are effected by the following process: the U.S. Government requests extradition through formal diplomatic correspondence ("diplomatic notes") to the Government of Mexico with attached supporting materials, including affidavits about the crime committed, that support a finding that the requirements of the U.S.-Mexico Extradition Treaty have been met.  In some cases, multiple diplomatic notes or other written communications are necessary.  Occasionally, supplemental materials will be sent directly from the Department of Justice to the Mexican Prosecutor General Office (PGR).  The Government of Mexico informs the U.S. Embassy of granted extradition requests via diplomatic note to the U.S. Embassy in Mexico City.  Typically,

this diplomatic note will also include an attached "acuerdo" (issued by Mexico's Secretariat for External Relations), which discusses the legal basis for extradition and any relevant conditions that may apply.  None of these records would typically be signed by the Secretary of State.

29.   In light of this uncertainty, the Department initially construed plaintiff's request as seeking any records pertaining to the extradition of Richard Isasi -- the only name plaintiff had provided -- and released on March 3, 2003 nearly all the material it found.  (The only withheld information, as described below, was the names of certain third parties with privacy interests.)   These records were communications between the Department of State and the American Embassy in Mexico City regarding plaintiff's extradition, including instructions directing the American Embassy to request plaintiff's extradition and language to include in diplomatic notes to be delivered to the Government of Mexico.

30.   In response to this release of records, however, plaintiff's letter to IPS dated July 1, 2003 stated that "the material I received from your office are not the documents I requested."  (See Exhibit 4).  Accordingly, from this letter it was apparent that the Department's earlier interpretation of the plaintiff's request was not targeted to the specific documents

*Richard Isasi v. Priscilla Jones, et al.*
*Grafeld Declaration*

plaintiff was seeking.  Plaintiff then characterized the

original request as seeking the following:

> 1.  A copy of the extradition warrant with the
> affidavit and all supporting paper pertaining to the
> executing extradition from NJ.
>
> 2.  A copy of the extradition and executive order from
> the magistrate of Mexico signed by myself.  April
> 1995.
>
> 3.  A copy of the transportation document from the
> Mexican agents with place dated stated Sept 3 1997.
>
> 4.  A copy of the transportation document from Webb
> Texas to New Jersey by the U.S. Marshalls.  Sept 4
> 1997.

See id.  Subsequently, plaintiff's letter dated August 21, 2006

characterized his request in language very similar to the

original, two-paragraph language contained in the February 12,

2003 request.  (See Exhibit 10.)  In light of the manner in

which extraditions are conducted, the nature of the records

involved, plaintiff's various formulations of his request, and

plaintiff's statement that the already released records

containing internal Department communications were "not the

documents I requested," the Department subsequently interpreted

plaintiff's request as seeking any documents pertaining to his

extradition that were exchanged with the Government of Mexico or

that otherwise themselves played a formal role in effecting the

extradition.  Although plaintiff's request and subsequent

communications are unclear in invoking nonexistent records, this

interpretation appears to provide the best fit with plaintiff's intentions, and has led to our release of documents that appear to correlate to the items requested where there is a reasonable possibility that the Department would have such records at all.[1]

### III. ADMINISTRATIVE PROCESSING OF REFERRALS FROM DOJ

IPS Case Number 200504385

31.  By memorandum dated September 27, 2005, DOJ referred 18 Department of State documents to IPS for review.  IPS assigned case number 200504385 to this referral.  To facilitate internal processing, IPS separated the 18 documents referred by DOJ into 28 documents.

32.  In a series of letters between November 2005 and February 2006, plaintiff and IPS corresponded regarding the status of the Department's processing of the documents referred by DOJ (Exhibit 8).

---

[1] For example, taking the four items listed in plaintiff's July 1, 2003 letter:  As noted above, plaintiff was never extradited from the United States as described in the first item of this reformulation, and no records about that extradition would exist.  As for the second item, Document L7, an "acuerdo" concerning plaintiff that came to the United States with a diplomatic note from Mexico, may be what plaintiff was intending to request.  By the third item, the plaintiff may have meant the "acta de entrega" produced as document L9.  The Department of State would typically not possess records responsive to the last item, as borne out by the searches in this case.

33.  By letter dated July 25, 2006 (Exhibit 9), IPS informed plaintiff that 23 of the Department of State documents referred were released in full and one was withheld in full. (Actually, IPS released 24 documents in full to plaintiff and withheld one document in full.  The remaining three documents, which were merely fax cover sheets transmitting within the United States Government some of the other documents without comment, were deemed non-responsive.)  IPS informed plaintiff of his right to appeal the denial of information.

34.  By letter dated August 3, 2006 (Exhibit 10), plaintiff informed IPS that documents were missing from the package he received on August 1, 2006, and requested that IPS locate the documents and provide him with copies.

35.  By letter dated August 21, 2006 (Exhibit 11), to the Chairman of the Appeals Review Panel, plaintiff appealed the denial of FOIA referral no. 200505014 and listed 8 document numbers in FOIA referral no. 200504385 that appeared to be missing from the package he received.

36.  By letter dated September 28, 2006 (Exhibit 12), IPS informed plaintiff that of the 28 documents referred to the Department by DOJ, three were not responsive to his request, one was not releasable, and 24 were sent to him on July 25, 2006. IPS advised plaintiff that there were no other Department of State documents retrieved in the search conducted by DOJ.

37.  By letter dated October 30, 2006 (Exhibit 13), the IPS Appeals Officer acknowledged receipt of plaintiff's appeal dated August 21, 2006 in case no. 200504385.  With respect to the documents plaintiff said were missing, the Appeals Officer explained that IPS separated and re-numbered some of the documents received from DOJ.  Specifically, five of the documents plaintiff listed (J19-J23) did not exist; and two of the documents about which plaintiff had asked, J8 and J9, were determined to be non-responsive.  The Appeals Officer advised that document J5 was denied in full and would be processed as an appeal.  (The appeal was subsequently terminated when it was overtaken by this litigation.)  With respect to plaintiff's appeal of the denial of case number 200505014, the Appeals Officer informed plaintiff that the documents had been returned to DOJ for its direct response to plaintiff.

IPS Case Number 200505014

38.  By memorandum dated November 8, 2005, DOJ referred four documents containing Department of State information to the Department for review, and asked for the Department's views on disclosing this information.  IPS assigned case number 200505014 to this referral.

39.  By memorandum dated February 14, 2006, IPS returned to DOJ the four documents referred for review and informed DOJ that

the Department of State had no objection to the release of its information contained in the documents.

## **EXEMPTIONS CLAIMED**

### FOIA Exemption (b)(5) - Deliberative Process

40.   Title 5 U.S.C. Section 552(b)(5) states that the FOIA does not apply to:

> Inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency...

41.   This exemption protects, inter alia, the candid views and advice of U.S. Government officials in their predecisional deliberations respecting policy formulation and administrative direction.   Disclosure of material containing such deliberations or of material on which such deliberations are based would prejudice the free flow of internal recommendations and other necessary exchanges.   It would hamper the ability of responsible officials to formulate and carry out executive branch programs. Information in one document has been withheld on the basis of this exemption.   Disclosure of this information, which is predecisional and contains selected factual material intertwined with opinion, would inhibit candid internal discussion and the express of recommendations and judgments regarding current problems and preferred courses of action.   The withheld

information is, accordingly, exempt from release under FOIA
exemption (b)(5).

### FOIA Exemption (b)(6) - Personal Privacy

42.  Title 5 U.S.C. Section 552 (b)(6) states that the FOIA
does not apply to:

> ...personnel and medical files and similar
> files the disclosure of which would
> constitute a clearly unwarranted invasion of
> personal privacy....

The courts have interpreted the language of exemption
(b)(6) broadly to encompass all information that applies to an
individual without regard to whether it was located in a
particular type of file.  Two documents in this case contain
information that has been withheld by the Department under this
privacy exemption by excising names.  Information has been
withheld from two additional documents at the request of the
Department of Justice, which is describing the withholdings in
its own Vaughn declaration.

43.  Inasmuch as the information withheld is personal to an
individual, there is clearly a privacy interest involved.  I am
required, therefore, to determine whether there exists any
public interest in disclosure and to weight any such interest
against the extent of the invasion of privacy.

44.  In United States Department of Justice v. Reporters
Committee for Freedom of the Press, 489 U.S. 749 (1989), the

Supreme Court laid down two rules for determining public interest in disclosure of information involving a privacy interest: (1) the agency must examine whether disclosure would serve the "core purpose" for which Congress enacted the FOIA, i.e., to show "what the government is up to," and (2) public interest means the interest of the public in general, not particular interest of the person or group seeking the information. Accordingly, the identity of the requester as well as the purpose for which the information is sought is irrelevant in evaluating the public interest aspect of the disclosure determination.

45. I have concluded that (1) disclosure of certain information would result in a clearly unwarranted invasion of personal privacy; and (2) disclosure of this information would not serve the "core purpose" of the FOIA, i.e., it would not show "what the government is up to." Accordingly, the privacy interest clearly outweighs any public interest in disclosure of such personal information and must, therefore, prevail.

FOIA Exemption (b)(7)(c) - Invasion of Privacy

46. Title 5 U.S.C. Section 552 (b)(7) states that the FOIA does not apply to:

> records or information compiled for law enforcement
> purposes, but only to the extent that the
> production of such records or information... (C)
> could reasonably be expected to constitute an
> unwarranted invasion of personal privacy.

*Richard Isasi v. Priscilla Jones, et al.*
*Grafeld Declaration*

47.   Names and identifying data have been withheld by the Department from two documents relating to law enforcement to protect personal privacy.  Information has been swithheld from two additional documents at the request of the Department of Justice, which is describing the withholdings in its own Vaughn declaration.  The discussion of exemption 6 above applies also to this exemption.  The information withheld by the Department under this exemption identifies law enforcement officials.  The withheld information is, therefore, exempt from disclosure under FOIA exemption (b)(7)(C).  In each instance where this exemption has been asserted, Exemption 6 has also been asserted for the same information.

## DOCUMENT DESCRIPTIONS

48.   Document No. E2 is Department of State telegram No. 87918 to Embassy Mexico City, dated April 11, 1995.  Six pages. UNCLASSIFIED.  Denied in part.  Exemption (b)(6).

The only information withheld in this document is the name of a private individual who was the victim of robbery at gunpoint.  Disclosure of this information would constitute a clearly unwarranted invasion of that victim's personal privacy, and the victim's identity does not shed any light on the government's activities.  Accordingly, this information is exempt from disclosure under FOIA exemption (b)(6).

49.   Document No. E3 is Department of State telegram No. 31974 to Embassy Mexico City, dated February 7, 1995.   Four pages.   UNCLASSIFIED.   Denied in part.   Exemptions (b)(6) and (b)(7)(C).

Information was withheld from two places in this document. The first redaction consists of the name of a private individual who was the victim of robbery at gunpoint.   Disclosure of this information would constitute a clearly unwarranted invasion of the victim's personal privacy, and the victim's identity does not shed any light on the government's activities.   Accordingly, this information is exempt from disclosure under FOIA exemption (b)(6).   The second redaction is information that reveals the identity of U.S. Drug Enforcement Agency law enforcement agents working in Mexico.   Disclosure of this information would constitute an unwarranted invasion of their personal privacy and would not shed additional light on the government's activities. Accordingly, this information is exempt from disclosure under FOIA exemptions (b)(6) and (b)(7)(C).   Because only the names of individuals have been withheld from this document, there is no additional non-exempt material that may be segregated and released.

50.   Document J5 is a typed, undated, document with extensive hand-written comments.   Two pages.   UNCLASSIFIED. Denied in full.   Exemption (b)(5).

This document appears to be a draft of a diplomatic note to the Mexican government concerning plaintiff's extradition. The document is heavily edited, replete with hand-written commentary and interlineations in the text and in the margins, and with text crossed out. The entire document is a pre-decisional draft that constitutes part of the deliberative process of determining how to effect an extradition and how to write a particular diplomatic note. It is accordingly exempt from disclosure under FOIA exemption (b)(5). There is no factual non-deliberative material that may be segregated and released.

51. Document L2 is a letter, in Spanish, from the Legal Adviser of the Consular Section of the U.S. Embassy in Mexico City to the Director of the Mexican Transport and Aeronautical Control, dated September 2, 1997. One page. UNCLASSIFIED. Denied in part. Exemptions (b)(6) and (b)(7)(C).

The Department of Justice will describe in its declaration the reasons for this withholding.

52. Document L9 is an "acta de entrega" in Spanish, signed by two FBI special agents and by two officials of the Government of Mexico, dated September 3, 1995. Three pages. UNCLASSIFIED. Denied in part. Exemptions (b)(6) and (b)(7)(C).

This document memorializes plaintiff's transfer from the custody of Mexican officials to the custody of United States Government officials for transport to the United States. The

only redactions in this document are the names and titles of two

FBI special agents who signed their names on the last page.

Disclosure of this information would constitute an unwarranted

invasion of their personal privacy and would not shed additional

light on the government's activities.  Accordingly, this

information is exempt from disclosure under FOIA exemptions

(b)(6) and (b)(7)(C).  Because only the names and titles of

individuals have been withheld from this document, there is no

additional non-exempt material that may be segregated and

released.

53.  Document L10 is a diplomatic note from the U.S.

Embassy in Mexico City to the Mexican foreign ministry, dated

April 10, 1995.  Four pages, with an attached informal

translation in Spanish of five pages for a total of nine pages.

UNCLASSIFIED.  Denied in part.  Exemptions (b)(6) and (b)(7)(C).

The Department of Justice will describe in its declaration

the reasons for the withholdings in this document.

## CONCLUSION

54.  In summary, the Department initiated and completed

searches of all records systems reasonably expected to contain

the information sought by plaintiff.  Seventeen responsive

records were located.  Of these, eight documents were released

in full, five were released with excisions, and four were

referred to DOJ for its direct reply to plaintiff.  In addition, in response to different FOIA requests that plaintiff submitted to DOJ, 28 Department of State documents and four DOJ documents containing Department of State information were referred by DOJ to the Department for review.  Of these 32 documents, 24 were released in full, one was withheld in full, three were determined to be outside the scope of plaintiff's request, and the Department of State had no objection to the release of its information within the four DOJ documents.  All of the documents addressed herein have been carefully reviewed for reasonable segregation of non-exempt information, and I have determined that no segregation of meaningful information in the withheld documents can be made without disclosing information warranting protection under the law.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _____ day of February 2008.

Margaret P. Grafeld

F-200300569
RICHARD ISASI # 98A1899
ATTICA CORR FAC. BOX 149.
ATTICA. NEW YORK. 14011

REASON.
RECORD ACCESS.                    FEBRUARY 12·2003.

ASSISTANT LEGAL ADVISER FOR
CONSULAR AFFAIRS, U.S. DEPARTMENT OF STATE,
WASHINGTON D.C. 20520.

RE: FREEDOM OF INFORMATION LAW REQUEST
    PEOPLE V ISASI    IND # 845/95

DEAR; RECORD ACCESS OFFICER.

    PLEASE BE ADVISED. PURSUANT TO ARTICLE SIX (6)
SECTION 89, SUBS 3 AS AMENDED OF THE PUBLIC
OFFICER LAW, UPON RECEIPT OF WRITTEN REQUEST
KINDLY PROVIDE OR MAKE AVAILABLE TO ME
THE FOLLOWING RECORD, POST, VIZ:

1 - COPY OF EXTRADITION WARRANT WITH AFFIDAVIT AND
    ALL SUPPORTING PAPER EXECUTING EXTRADITION
FROM NEW JERSEY STATE TO MEXICO VERACRUZ
DATE MARE 10, 1995.

2 - COPY OF EXTRADITION WARRANT WITH AFFIDAVIT AND
    ALL SUPPORTING PAPER EXECUTING EXTRADITION
FROM MEXICO, VERACRUZ DATE SEPT 4, 1997 TO
NEW JERSEY STATE.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 1

IF THERE ARE ANY FEES FOR COPYING THE RECORDS REQUESTED, PLEASE INFORM ME BEFORE FILLING THE REQUEST ( OK:... PLEASE SUPPLY THE RECORDS WITHOUT INFORMING ME IF THE FEES ARE NOT IN EXCESS OF $_____ ).

AS YOU KNOW THE FREEDOM OF INFORMATION LAW REQUIRE THAT AN AGENCY RESPOND TO A REQUEST WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF A REQUEST. THEREFORE, I WOULD APPRECIATE A RESPONSE AS SOON AS POSSIBLE AND LOOK FOWARD TO HEARING FROM YOU SHORTLY.

IF FOR ANY REASON ANY PORTION OF MY REQUEST IS DENIED. PLEASE INFORM ME OF THE REASONS FOR THE DENIAL IN WRITING AND PROVIDE THE NAME AND ADDRESS OF THE PERSON OR BODY TO WHOM AN APPEAL SHOULD BE DIRECTED.

RESPECTFULLY SUBMITTED.

SING: R. Isasi

cc.
RI.

RICHARD ISASI # 98A1899
ATTICA CORR FAC.
POST OFFICE, BOX 149
ATTICA, NEW YORK. 14011-0149.

March 3, 2003
Request Number: 200300569

Mr. Richard Isasi
#98A1899
Attica Correctional Facility, Box 149
Attica, New York 14011

Dear Mr. Isasi:

Thank you for your letter of February 12, 2003, which we
received on February 25, 2003, in which you requested
copies of the warrants with affidavits and all supporting
paper executing your extradition to Mexico in 1995 and your
extradition from Mexico to the U.S. in 1997.

For your information, the following are conditions which
govern all Freedom of Information Act (FOIA) requests:

> The cut-off date for retrieving records is the date
> that a search is initiated.  Only existing records are
> subject to the Freedom of Information Act.

We have begun to process your request based upon the
information provided in your letter.  As soon as responsive
material has been retrieved and reviewed, we will notify you.

**Fee Information:**
The Freedom of Information Act permits agencies to collect
fees to recover the direct costs of processing requests,
unless a fee waiver has been granted or the charges fall
below a certain amount.  These issues are addressed below.

Initial inquiries indicate that the total costs for
processing this request will be below the minimum amount
charged in your requester category.  Accordingly, your
request will be processed at no cost to you.  Note that this
determination pertains only to this case.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 2

- 2 -

Due to its central role in conducting U.S. foreign affairs
and the significant public interest in access to its records,
the Department receives requests of a number, range and
complexity perhaps unparalleled among government agencies.
Because of the large number of requests now pending with the
Department, we anticipate that our response will be delayed.

If you have any questions with respect to the processing of
this request, you may write to:

        Office of Information Programs and Services
        A/RPS/IPS/RL
        U.S. Department of State, SA-2
        Washington, D.C.  20522-6001

or telephone: (202) 261-8314 or fax: (202) 261-8579.  You may
visit our website at http://foia.state.gov or through the main
State Department website at www.state.gov.  Please be sure to
refer to your request number in all correspondence about this
case.

                        Sincerely,


                        Robert W. DuBose
                        Requester Communication Branch



United States Department of State

*Washington, D.C.  20520*

JUN 23 2003

Mr. Richard Isasi
#98A1899
Attica Correctional Facility
Post Office Box 149
Attica, NY 14011-0149

Re:   Freedom of Information Act Request No. 200300569

Dear Mr. Isasi:

Pursuant to your request, this office initiated searches of
the following record systems: the Central Foreign Policy
Records (the principal record system of the Department of
State); and, the Office of the Legal Adviser.

The search of the Central Foreign Policy Records has been
completed and has resulted in the retrieval of six documents
that are responsive to your request. The Information Response
Branch has reviewed these documents. The results of that
review( together with an explanation of your right to appeal)
are set forth in the accompanying letter (with enclosures) of
Director, Margaret P. Grafeld.

The search of the records of the Office of the Legal Adviser
has been completed and has resulted in the retrieval of no
documents responsive to your request.

Accordingly, the Information Response Branch has completed
the processing of your request.

If you have any questions with respect to the processing of
your request, you may write to the Office of IRM Programs and
Services, A/RPS/IPS/CR, SA-2, Room 6001, Department of State,
Washington, D.C. 20522-6001, or telephone: (202) 261-8314.
Please be sure to refer to your request number in all
correspondence about this case.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 3

2

We hope that the Department has been service to you in this matter.

Sincerely,

R. Peyton Howard
Office of IRM Programs and Services

Enclosures:
As Stated.

Case Control No. 200300569
Segment ER001

Mr. Richard Isasi
#98A1899
Attica Correctional Facility          JUN 2 3 2003
Post Office Box 149
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to your letter dated February 12, 2003, requesting
the release of certain Department of State material under
the Freedom of Information Act (Title 5 USC Section 552).

A search of records under the Department's control has
resulted in the retrieval of six documents that appear
responsive to your request.  We have determined that four
may be released, and two may be released with excisions.

The material in excised portions of the two documents
released in part is of such a nature that its release would
constitute a clearly unwarranted invasion of personal
privacy.  As such, it is exempt from release under
subsection (b)(6) of the Freedom of Information Act.

The material in an excised portion of one of the documents
released in part is information compiled for law enforcement
purposes which, if produced, could reasonably be expected to
constitute an unwarranted invasion of personal privacy.  As
such, it is exempt from release under subsection (b)(7)(C)
of the Freedom of Information Act.

In one case, two exemptions in the Freedom of Information
Act apply to the same document.  In the case of a document
released in part, all non-exempt material that is reasonably
segregable from the exempt material has been released.

- 2 -

With respect to material we have withheld under the Freedom
of Information Act, you have the right to appeal our
determination within 60 days.  Appeals should be addressed
to the Chairman, Appeals Review Panel, c/o Appeals Officer,
A/RPS/IPS/PP/IA, SA-2, Room 6001, Department of State,
Washington, D.C. 20522-6001.  The letter of appeal should
refer to the case control and segment numbers shown above.
A copy of the appeals procedures is enclosed.


                    Sincerely,

                    JL Mills  5/20/07

                    Margaret P. Grafeld
                    Director
                    Office of IRM Programs and Services

Richard Isasi # 98A1899.
Attica Corr Fac.
Post Office Box 149.
Attica N.Y. 14011-0149.

Chairman Appeal Review Panel.
A/O Appeals Officer A/RPS/IPS/PP/IA,
SA-2 Room 6001.
Department of State
Washington. D.C. 20522-6001.

Case Control # 200300569.
Segment ER 001.

Director:
Margaret P Grafeld.

The material I received from your office are not the documents I requested. The documents I am seeking are directly relevant to my case. They support the truth.

I requested.

1  A copy of the extradition warrant with the affidavit and all supporting paper pertaining to the executing extradition from New Jersey to Mexico Veracruz March 1995.

2  A copy of the extradition and executive order from the Magistrate of Mexico signed by myself. April 1995.

3  A copy of the transportation document from the Mexican Agents with place dated stated Sept 3 1997

4  A copy of the transportation document from Webb Texas to New Jersey by the U.S. Marshals. Sept 4. 1997.

Miss Director.

These documents are pertinent to the issue and will permit me to show the credibility of my extradition.

Sincerely
R Isasi

Richard Isasi # 98A1899
Attica Corr Fac.

July 1. 2003.

d.c. RI.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 4

Copie

RICHARD ISASI # 98A1899
ATTICA CORR FAC. BOX 149
ATTICA. NEW YORK. 14011.

RESON                              FEBRUARY 12-2003.

RECORD ACCESS.
ASSISTANT LEGAL ADVISER FOR
CONSULAR AFFAIRS, U.S. DEPARTMENT OF STATE,
WASHINGTON D.C. 20520.

RE:   FREEDOM OF INFORMATION LAW REQUEST
PEOPLE V ISASI    IND # 845/95.

DEAR; RECORD ACCESS OFFICER.

PLEASE BE ADVISED, PURSUANT TO ARTICLE SIX (6)
SECTION 89 SUBD 3, AS AMENDED OF THE PUBLIC
OFFICER LAW UPON RECEIPT OF WRITTEN REQUEST
KINDLY PROVIDE OR MAKE AVAILABLE TO ME
THE FOLLOWING RECORD, POST, VIE:

1- COPY OF EXTRADITION WARRANT WITH AFFIDAVIT AND
ALL SUPPORTING PAPER EXECUTING EXTRADITION
FROM NEW JERSEY STATE TO MEXICO VERACRUZ
DATE MARZ 10, 1995.

2- COPY OF EXTRADITION WARRANT WITH AFFIDAVIT AND
ALL SUPPORTING PAPER EXECUTING EXTRADITION
FROM MEXICO, VERACRUZ DATE SEPT 4, 1997. TO
NEW JERSEY STATE.

IF THERE ARE ANY FEES FOR COPYING THE RECORDS
REQUESTED, PLEASE INFORM ME BEFORE FILLING
THE REQUEST ( OK:... PLEASE SUPPLY THE RECORDS
WITHOUT INFORMING ME IF THE FEES ARE NOT IN
EXCESS OF $ _____ ).

AS YOU KNOW THE FREEDOM OF INFORMATION LAW
REQUIRE THAT ANY AGENCY RESPOND TO A REQUEST
WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF
A REQUEST. THEREFORE, I WOULD APPRECIATE
A RESPONSE AS SOON AS POSSIBLE AND LOOK
FOWARD TO HEARING FROM YOU SHORTLY.

IF FOR ANY REASON ANY PORTION OF MY REQUEST
IS DENIED PLEASE INFORM ME OF THE REASONS
FOR THE DENIAL IN WRITING AND PROVIDE THE
NAME AND ADDRESS OF THE PERSON OR BODY TO
WHOM AN APPEAL SHOULD BE DIRECTED.

RESPECTFULLY SUBMITTED

SIGN: R Isasi

RICHARD ISASI  98A1899
ATTICA CORR FAC.
POST OFFICE BOX 149
ATTICA, NEW YORK. 14011-0149.

CC.
RI.



United States Department of State

*Washington, D.C. 20520*

July 16, 2003

Mr. Richard Isasi
#98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY  14011-0149

Re:  Freedom of Information Request No. 200300569

Dear Mr. Isasi:

This is to inform you that the Chairman of the Department's
Appeals Review Panel has received your letter of July 1, 2003,
regarding Freedom of Information Case No. 200300569.  Your
letter does not indicate that you are appealing any of the
denied material.  Therefore, we are not opening an appeal on
your case.

In addition, your letter noted your concerns over the adequacy
of the searches.  The adequacy of a search is not subject to
administrative appeal.  I will refer your letter to the office
that managed your case for its review.

Should you have any questions, please write to:

        The Appeals Officer
        A/RPS/IPS/PP/IA
        SA-2 Room 6021
        U.S. Department of State
        Washington, D.C. 20522-6001.

                Sincerely,

                Lori Hartmann
                Appeals Officer
                Office of IRM Programs and Services

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 5



United States Department of State

*Washington, D.C. 20520*

Mr. Richard Isasi
#98A1899
Attica Correctional Facility
Post Office Box 149
Attica, NY 14001-0149

SEP   4 2003

Re:  Freedom of Information Act Request No. 200300569

Dear Mr. Isasi:

Based on your letter to the Appeals Branch of July 1, 2003
your case has been reopened by this office for further
searching.

The records of the retired files of the Bureau of Western
Hemisphere Affairs have been searched, but the search has
resulted in the retrieval of no documents responsive to your
office.

In addition, the retired files of the American Embassy in
Mexico City have been searched, but that search has also
resulted in the retrieval of no documents responsive to your
request.

The records you seek may be stored with the Department of
Justice. If you wish to pursue your search further there you
should write:

> Mr. Thomas McIntyre
> Criminal Division
> Suite 1127
> Keeney Building
> 950 Pennsylvania Avenue, NW
> Washington, D.C. 20530

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 6

2

We hope that the Department has been of service to you in this matter.

Sincerely,

R. Peyton Howard
 Office of IRM Programs and Services



**United States Department of State**

*Washington, D.C. 20520*

FEB 1 4 2008

Case No.: 200300569

Mr. Richard Isasi
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to our letter dated September 4, 2003 regarding the release of certain Department of State material under the Freedom of Information Act (Title 5 USC Section 552).

Please be advised that the Department revisited the search effort in your case, and initiated additional searches of records from the following offices and records systems: the Central Foreign Policy Records; the Office of the Legal Adviser; the Bureau of Western Hemisphere Affairs; and the US Embassy in Mexico City.

These searches have been completed, and have resulted in the retrieval of 11 documents responsive to your request. After reviewing these documents, we have determined that four may be released in full, and three may be released with excisions. All released material is enclosed.

A decision on the remaining four documents requires interagency coordination: they originated in another government agency, which is reviewing the documents and responding to you directly.

An enclosure provides information on Freedom of Information Act exemptions and other grounds for withholding material. Where we have made excisions, the applicable exemptions are marked on each document.

In some cases, two or more exemptions may apply in the same document. In the case of a document released in part, all non-exempt material that is reasonably segregable from the exempt material has been released.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 7

- 2 -

We have now completed the processing of your case.

If you have any questions, you may write to the Office of Information Programs and Services, SA-2, Department of State, Washington, DC 20522-8100, or telephone us at (202) 261-8484. Please be sure to refer to the case number shown above in all correspondence about this case.

We hope that the Department has been of service to you in this matter.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.

Richard Isasi # 98A1899
Attica Corr Facility
Box 149
Attica. New York. 14011-0149.

Department of State.
U.S.A.  Washington. DC.
20520.

Re: Freedom of Information Act Request.

Dean Sir / Madam.

The submitted Letter in Regard of my Request No. 200300569P.
File by this Dept on July 1, 2003. (see enclosed)

On September 27, 2005. the Dept of Justice Criminal Division
Release Documents Pertaining to my Request and I was
Advised That some Documents are Referred to this
Agencie for Direct Response to me.

Please can this Dept Review this Long Delay Petition
and Provide any Information or Decision Relate to
my Request

I Expect a Respoce as the Law Provides.

November 8, 2005                    Respectfully Submitted
                                    R Isasi
                                    _____
                                    Richard Isasi # 98A1899
                                    Attica Corr Facility
cc. RI.
    File.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 8

'05 NOV 28 PM 3:25
RECEIVED
11-29-05



United States Department of State

*Washington, D.C.  20520*

SEP  4 2003

Mr. Richard Isasi
#98A1899
Attica Correctional Facility
Post Office Box 149
Attica, NY 14001-0149

Re:  Freedom of Information Act Request No. 200300569

Dear Mr. Isasi:

Based on your letter to the Appeals Branch of July 1, 2003
your case has been reopened by this office for further
searching.

The records of the retired files of the Bureau of Western
Hemisphere Affairs have been searched, but the search has
resulted in the retrieval of no documents responsive to your
office.

In addition, the retired files of the American Embassy in
Mexico City have been searched, but that search has also
resulted in the retrieval of no documents responsive to your
request.

The records you seek may be stored with the Department of
Justice. If you wish to pursue your search further there you
should write:

            Mr. Thomas McIntyre
            Criminal Division
            Suite 1127
            Keeney Building
            950 Pennsylvania Avenue, NW
            Washington, D.C. 20530

Richard Isasi # 98-A-1899
Attica Correctional Facility
639 Exchange Street Road, Box 149
Attica, New York 14011-0149

December 7, 2005

DEPARTMENT OF STATE
U.S.A. Washington D.C. 205 22

RE: F.O.I.L. Request No. 200300569
CRM 200300571P & 200300696
By U.S. Department of Justice

Dear Sir/Madam:

Please take notice that this is my second letter to this agency with respect to above
reference Freedom of Information Law request.   On September 27, 2005, I was advised by the
U.S. Department of Justice Criminal Division,  that they "have referred those documents to [this]
agency for direct response to [me]."   See, copy of letter.

To this date and time I have not heard from this office.    Please be advised that due to this
office lack of response it has deprived me of my right to file the appropriate administrative appeal.

Thanking this Office for its anticipated attention, time and cooperation in this matter, I
remain.

Respectfully yours,

R. Isasi

Richard Isasi

cc. File

'05 DEC 22 AM 9:42
RECEIVED
12/22/05
WM

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF WYOMING)

## CERTIFICATE OF SERVICE

I, RICHARD ISASI, do aver and declare pursuant to 28 USC § 1746 that on December 8, 2005 a letter requesting status of my F.O.I.L. Request released by the Criminal Division of the Department of Justice dated September 27, 2005, a copy which is enclosed herein, was served upon this office by placing the same into a pre-addressed post-paid wrapper and depositing the same in a U.S. Mail Letter Box regularly maintained and serviced by the Attica Correctional Facility's Internal Mail System.

DATED: December 8, 2005
        Attica, New York

R Isasi

Richard Isasi    #98-A-1899
Petitioner pro se
Attica Correctional Facility
Exchange Street Road, Box 149
Attica, New York 14011-0149



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

CRM-200300551P and 200300690P          SEP 2 7 2005

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

     This is in response to your requests dated March 31, 2003
and June 2, 2003 for records concerning you.

     We located 24 documents (items 1-24) within the scope of
your request.  We have processed your request under the Freedom
of Information Act and will make all records available to you
whose release is either required by that statute, or considered
appropriate as a matter of discretion.

     In light of our review, we have determined to release items
1-20 in full and items 21-23 in part, and to withhold item 24
(as described on the enclosed schedule) in full.  We are
withholding the record and portions of records indicated pursuant
to one or more of the following FOIA exemptions set forth in 5
U.S.C. 552(b):

          (5)   which permits the withholding of inter-agency
                or intra-agency memorandums or letters which
                reflect the predecisional, deliberative
                processes of the Department;

          (6)   which permits the withholding of personnel
                and medical files and similar files the
                disclosure of which would constitute a
                clearly unwarranted invasion of personal
                privacy; and,

          (7)   which permits the withholding of records or
                information compiled for law enforcement
                purposes, but only to the extent that the
                production of such law enforcement records or
                information...

(C)    could reasonably be expected to
       constitute an unwarranted invasion
       of personal privacy;

(F)    could reasonably be expected to
       endanger the life or physical
       safety of any individual.

We have also located documents which originated in an Office
of an United States Attorney.  Pursuant to Department practice,
we have referred these documents to the Executive Office for
United States Attorneys (which processes such documents) for
direct response to you.

In addition, we have located documents which are of interest
to the Offices of the Attorney General and Deputy Attorney
General.  We have referred these documents to the Office of
Information and Privacy (which processes such documents) for
direct response to you.  We have also located documents which
originated in the Office of Legal Counsel and State Department
and have referred those documents to those agencies for direct
response to you.

You have a right to an administrative appeal of this partial
denial of your request.  Department regulations provide that such
appeals must be filed within sixty days of your receipt of this
letter.  28 C.F.R. 16.9.  Your appeal should be addressed to: The
Office of Information and Privacy, United States Department of
Justice, Flag Building, Suite 570, Washington, D.C. 20530.  Both
the envelope and the letter should be clearly marked with the
legend "FOIA Appeal."  If you exercise this right and your appeal
is denied, you also have the right to seek judicial review of
this action in the federal judicial district (1) in which you
reside, (2) in which you have your principal place of business,
(3) in which the records denied are located, or (4) for the
District of Columbia.  If you elect to file an appeal, please
include, in your letter to the Office of Information and Privacy,
the Criminal Division file number that appears above your name in
this letter.

Sincerely,

Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

2

SCHEDULE OF DOCUMENTS WITHHELD IN FULL
(Refer to Body of Letter for Full Description of (Exemptions)

24.  Fax Transmittal, Secretaria De Relaciones Exteriores to Mary
Lee Warren, March 19, 1995.  Withheld in full pursuant to FOI
exemption 5 U.S.C. 552(b)(5).

December 13, 2005

Richard Isasi,
Attica Correctional Facility
P.O. Box 149
Attica, NY 140110-0149

Re:  Freedom of Information Act Request nos. 200504385 and
     200505014

Dear Mr. Isasi:

Thank you for your letter of November 8, 2005, in which you
requested the status of information forwarded to the
Department of State from the Department of Justice.   For
your information, the FOIA request you submitted to the
Department of State (case no. 200300569) was officially
processed and closed on September 4, 2003.

The Office of Information Programs and Services has
received two referrals (200504385 and 200505014) from the
Department of Justice to be processed under your name.
Please know that the Department of State generally adheres
to a first in, first out basis for processing all Freedom
of Information and Privacy Act requests.   As a result of
the considerable number of referrals being processed at
this time, we are unable to provide you with an estimated
completion date.

Please be assured that every effort is being made to
address your interests, and we apologize for any
inconvenience you may have experienced regarding this
matter.   If you need further assistance, you may contact
the Requester Liaison Division at (202) 261-8484 or fax us
at (202) 261-8582.   Please be sure to refer to the request
case number in all future correspondence or inquiries.

Thank you for your patience and cooperation.

Sincerely,

Audree B. Holton
Advocacy and Oversight
Office of Information
    Programs and Services



United States Department of State

*Washington, D.C. 20520*

December 29, 2005

Mr. Richard Isasi
Attica Correctional Facility
P.O. Box 149
Attica, NY 140110-0149

Re:    Freedom of Information Act Request nos. 200504385 and 200505014

Dear Mr. Isasi:

Thank you for your follow-up letter of December 7, 2005, in which you requested the status of information forwarded to the Department of State from the Department of Justice.

In our correspondence to you dated December 13, 2005, we informed you that the Office of Information Programs and Services had received two referrals (200504385 and 200505014) from the Department of Justice to be processed under your name. In that letter you were informed that the Department of State generally adheres to a first in, first out basis for processing all Freedom of Information and Privacy Act requests, and your requests will be processed in queue according to the dates they were received.

Our case processing division has been advised of your concern and continued interest in this request. Please be assured that every effort is being made to address your interests and respond to your request in an amenable manner.

Pleased be advised that you have 60 days from receipt of the Department's denial to file an appeal.

If you need further assistance, you may contact the Requester Liaison Division at (202) 261-8484 or fax us at (202) 261-8582. Please be sure to refer to the request case number in all future correspondence or inquiries.

Thank you for your patience and cooperation.

Sincerely,

Audree B. Holton
Advocacy and Oversight
Office of Information
Programs and Services

Richard Isasi # 98-A-1899
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

Freedom Of Information Officer,
United States Department Of State,
Washington, D.C. 20520

Re: This is the Second request made under the Freedom Of Information Act (
FOIL ), 5 U.S.C. Section 552 ( And The Privacy Act 5 U.S.C. § 552 a ).

DuBosé

Please send me copies of ( The Two Referral ( 200504385 ) And ( 20050014 ).
Full disclosure and release of all records.

ELLIS
200505
Of 4

As you know, the Freedom Of Information Act; provides that, if portion of a
document are exempt from release, the remainder portion of the documents must
segregate and disclose. Therefore, I will expect you to send me all the none
exempted portion of the records; of which I have requested. And I ask that you
justify any detention.

With reference to specific exemption of ( F.O.I.L. ); the information
requested is not to be used for commercial benefits; therefore I do not expect
to be charged any fee's for your review of the materials to see if any
portions falls within one of F.O.I.L.'s exemptions.

I agree to pay all reasonable cost or fee's applicable to this request. I
agree to do this above and/or beyond the specific allotment on cost or fee's
applicable at no change, pursuant to the Uniform Practice Code. The OMB
Uniform F.O.I.L., fee schedule and guidelines section 6(b) Federal Regulation
10017, in compliance with U.S.C. Section 9701, or if I am considered indigent,
I asked that your department and/or agency waive all charge pursuant to; 5
U.S.C. Section 552 (a)(i)(3) et seq.

'06 FEB 17 AM10:44

Pursuant to 5 U.S.C. Section (a)(6)(A)(i), it is noted that your Department and/or Agency has ten (10) working days following receipt of this request to provide me with this information and/or material sought. Should any delay occur, it is requested that your Department and/or Agency inform me of this delay, as provided by statute; or I will then be forced to pursue other remedy. Public Citizen V. F.T.C. 869 F.2d 1541(1989); Blazey V. Tenet, 194 F.3d 90(1999); CNRI Inc. V. E.E.D.C. 149 F.3d 449(1998).

Failure to respond this Second request for the production of documents will be cause for the undersigned to initiate civil proceedings in the Federal District Court to enforce compliance with provisions of Title 5 United States Code, Sections 552 and/or 552a, as applicable to this document request.

I certify under penalty of perjury, under law of the United States, 28 U.S.C. Section 1746 (1), that I have read the foregoing request for information and know its contents thereof, and that the information listed above; full name, current mailing location, date and place, are true, correct and complete.

Executed this *FEBRUARY* day ___9___, 2006

_R. Isasi_

Richard Isasi # 98-A-1899
Attica Corr. Facility.



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200504385

JUL 2 5 2006

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to your letter dated March 31, 2003 to the U.S. Department of Justice, requesting the release of certain material under the Freedom of Information Act (Title 5 USC Section 552). Twenty-four of the relevant documents retrieved in response to your request originated with the Department of State and were therefore referred to us for appropriate action. We have determined that twenty-three may be released, and one may not be released.

Subsection (b)(5) of the Freedom of Information Act exempts from disclosure inter-agency or intra-agency communications containing deliberative process, attorney-client, or attorney work product information. The information in the document withheld in full is exempt from release under exemption 5 because it consists of pre-decisional deliberative process material.

With respect to material withheld by the Department of State, you have the right to appeal our determination within 60 days. Appeals should be addressed to the Chairman, Appeals Review Panel, c/o Appeals Officer, A/RPS/IPS/PP/LC, SA-2, Room 8100, Department of State, Washington, D.C. 20522-8100. The letter of appeal should refer to the case number shown above. A copy of the appeals procedures is enclosed.

If you have any questions with respect to our handling of your case, you may write to the Office of Information Programs and Services, SA-2, Department

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 9

- 2 -

of State, Washington, D.C. 20522-8100.  Please be sure to refer to the case
number shown above in all correspondence about this case.

Sincerely,

*H. Eugene Bovis*

↳ Margaret P. Grafeld
   Director
   Office of Information Programs
      and Services

Enclosures:
  As stated.

Richard Isasi # 98A4099
Attica Correctional Facility
Box 149
Attica. New York. 14011-0149.

Office of Information Programs
AND Services.
United States Department of State
Washington D.C. 20520.

Case No: 200504385.

Dear. Sir/Madam.

The Addressee Letter in Regard of the Release Documents That I Was
Received. On August 1, 2006.

After review your Letter and Documents There Are Documents
Missing  The Documents Received and Enumerate By your Office.
1a, 1b, 1c, 2, 3, 4, 6, 7, 7a, 8a, 8b, 9a, 10,
10a, 10b, 11, 12, 13, 14, 15, 15a, 16, 17, and 18.

Documents Missing.  5, 8, 9, 19, 20, 21, 22, 23.

I Believe By your Information That 24, Has Be The Document
Withheld in Full By The Exemption 5.

To Call your Attention and Was Missing Fully in My Request: see 1
The Matter of US Transportation. Via Commercial Air Carrier Escorted
By The F.B.I. That The Federal Warrants signed By The Secretary
of State Was no Attached to This Request.

Can You Please Locate The Missing Documents and Provide Me With
Copies or Information. In Trying to Get The Documents
Through your Office. So I Dont Have To Appeal This Matter.

Respectfully Submitted

August 3, 2006                                   R Isasi

                                   Richard Isasi # 98A4099

GC.RI
File.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 10



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200504385

JUL 2 5 2006

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to your letter dated March 31, 2003 to the U.S. Department of Justice, requesting the release of certain material under the Freedom of Information Act (Title 5 USC Section 552). Twenty-four of the relevant documents retrieved in response to your request originated with the Department of State and were therefore referred to us for appropriate action. We have determined that twenty-three may be released, and one may not be released.

Subsection (b)(5) of the Freedom of Information Act exempts from disclosure inter-agency or intra-agency communications containing deliberative process, attorney-client, or attorney work product information. The information in the document withheld in full is exempt from release under exemption 5 because it consists of pre-decisional deliberative process material.

With respect to material withheld by the Department of State, you have the right to appeal our determination within 60 days. Appeals should be addressed to the Chairman, Appeals Review Panel, c/o Appeals Officer, A/RPS/IPS/PP/LC, SA-2, Room 8100, Department of State, Washington, D.C. 20522-8100. The letter of appeal should refer to the case number shown above. A copy of the appeals procedures is enclosed.

If you have any questions with respect to our handling of your case, you may write to the Office of Information Programs and Services, SA-2, Department

- 2 -

of State, Washington, D.C. 20522-8100.  Please be sure to refer to the case number shown above in all correspondence about this case.

Sincerely,

*H. Eugene Bovis*

for Margaret P. Grafeld
Director
Office of Information Programs
and Services

Enclosures:
  As stated.

EXPLANATION OF EXEMPTIONS

SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b) (2) related solely to the internal personnel rules and practices of an agency;

(b) (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b) (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b) (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b) (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b) (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual;

(b) (8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b) (9) geological and geophysical information and data, including maps, concerning wells.

SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(b)  No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request or with the prior written consent of the individual to whom the record pertains,...

(d) (5) information compiled in reasonable anticipation of a civil action proceeding;

(j) (1) applies to CIA records and information provided by foreign governments;

(j) (2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k) (1) information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k) (2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k) (3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k) (4) required by statute to be maintained and used solely as statistical records;

(k) (5) investigatory material compiled solely for the purpose of determining suitability eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k) (6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k) (7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

# CERTIFICATE OF SERVICE

Richard Isaci          Petitioner

v.

Victor Herbert    Defendant

Docket No. 200504385

I, _Richard Isaci_, hereby certify
under penalty of perjury that on _August_ _3_, _2006_, I
served by United States Mail a copy of _Letter Requesting_
_Missing Documents in the Previously Released_,
and _Served By the Attica Legal Mail System_ at:

_Office of Information Programs and Services_
_United States Department of State_
_Washington, DC. 20520_

Address

_R. Isaci_
Signature

'06 AUG 10 AM 10:07

Richard Ishsi # 98A1899
Attica Correctional Facility
Box 149
Attica, New York, 14011-0149

Department of State
Washington, DC. 20522-8100.

RE: Freedom of Informations "Appeal"
Case No: 200504385.

Chairman, Appeals Review Panel C/o Appeal Officer.

By requested Letter dated February 12, 2003, I requested:

1  Copy of extradition warrant with Affidavit and all supporting
   paper executing extradition from New Jersey to Mexico.

2  Copy of extradition warrant with Affidavit and all supporting
   paper executing extradition from Mexico to New Jersey, September
   4, 1997.

   In our correspondence dated December 29, 2005, see attached; I was
   advised that the Department of Justice referral documents
   pertaining to my request. After long delay, on July 25, 2006,
   see attached. This Agencie released the referral No. 200504385
   and denied me fully the referral No: 200505014. I hereby
   appeal the denial.

   Accord. The letter July 25, 2006. The Agencie determined that twenty
   - four of the relevant documents; that twenty three may be released
   and one may not be released.

   After review all the documents enumerate by this Agencie, not
   warrants was released to my request and they are documents
   missing: 15, 18, 19, 19, 20, 21, 22, 23 of the supposed
   twenty - three documents released by this Agencie. I hereby
   appeal the denial of this release.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 11

Subsection (b)(5) of the Freedom of Information Act. The Information in the Document withheld by this Agencie it consists of the Decisional Deliberative process. Fall within the Deliberative process privilege a Document must be both "Predecisional" and "Deliberative" Assembly 968 F. 2d at 920 Was elaborated on these terms in Assembly.

The FOIA provides that. This Section does not apply under 5 U.S.C. § 552 (b)(5) 1970 This Was made clear in E.P.A. v. Mink 410 U.S. 73 85-94, 93 set 827, 35 L.ed 2d 119 (1973) Considered By the Court in Mink Has not been classified "Secret."

Therefore Justification of Refusal to Disclose the actual Document that reveal Government play Devil's advocate in the requested extradition from Mexico, Must be Disclose without of Question.

It is a Fact. that the Denial such Document by the Department of State. and Affirm that Luis Martinez Was Extradited and Escorted by The FBI Agents on September 3, 1997 and refuse to released the Federal Warrant's requested by the Appellant in His letter Dated February 16, 2003. See: Exhibit A.

In Appeal this Decision if the Document's are Denied on Appeal, Please Explain the Reasons For the Denial Fully in writing as required by Law. With the Time Limit For Agency Decision on an Administrative Appeal.

Respectfully Submitted

R. Isasi

August 21, 2006

Richard Isasi # 98A1890
Attica Corr Facility
Box 149
Attica, N.Y. 14011-0149.

CC. RI.
File



**United States Department of State**

*Washington, D.C. 20520*

December 29, 2005

Mr. Richard Isasi
Attica Correctional Facility
P.O. Box 149
Attica, NY 140110-0149

Re:   Freedom of Information Act Request nos. 200504385 and 200505014

Dear Mr. Isasi:

Thank you for your follow-up letter of December 7, 2005, in which you
requested the status of information forwarded to the Department of State
from the Department of Justice.

In our correspondence to you dated December 13, 2005, we informed you
that the Office of Information Programs and Services had received two
referrals (200504385 and 200505014) from the Department of Justice to be
processed under your name. In that letter you were informed that the
Department of State generally adheres to a first in, first out basis for
processing all Freedom of Information and Privacy Act requests, and your
requests will be processed in queue according to the dates they were
received.

Our case processing division has been advised of your concern and
continued interest in this request. Please be assured that every effort is being
made to address your interests and respond to your request in an amenable
manner.

Pleased be advised that you have 60 days from receipt of the Department's
denial to file an appeal.

If you need further assistance, you may contact the Requester Liaison
Division at (202) 261-8484 or fax us at (202) 261-8582. Please be sure to
refer to the request case number in all future correspondence or inquiries.

Thank you for your patience and cooperation.

Sincerely,

*for* Audree B. Holton
Advocacy and Oversight
Office of Information
Programs and Services



United States Department of State

Washington, D.C. 20520

Case No. 200504385

JUL 25 2006

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to your letter dated March 31, 2003 to the U.S. Department of Justice, requesting the release of certain material under the Freedom of Information Act (Title 5 USC Section 552). Twenty-four of the relevant documents retrieved in response to your request originated with the Department of State and were therefore referred to us for appropriate action. We have determined that twenty-three may be released, and one may not be released.

Subsection (b)(5) of the Freedom of Information Act exempts from disclosure inter-agency or intra-agency communications containing deliberative process, attorney-client, or attorney work product information. The information in the document withheld in full is exempt from release under exemption 5 because it consists of pre-decisional deliberative process material.

With respect to material withheld by the Department of State, you have the right to appeal our determination within 60 days. Appeals should be addressed to the Chairman, Appeals Review Panel, c/o Appeals Officer, A/RPS/IPS/PP/LC, SA-2, Room 8100, Department of State, Washington, D.C. 20522-8100. The letter of appeal should refer to the case number shown above. A copy of the appeals procedures is enclosed.

If you have any questions with respect to our handling of your case, you may write to the Office of Information Programs and Services, SA-2, Department

- 2 -

of State, Washington, D.C. 20522-8100.  Please be sure to refer to the case number shown above in all correspondence about this case.

Sincerely,

*H. Eugene Bovis*

*for* Margaret P. Grafeld
Director
Office of Information Programs
and Services

Enclosures:
As stated.

*Appeal #*

# CERTIFICATE OF SERVICE

Richard Basi          Plaintiff

v.

James J. Conway   Defendant

Docket No. 2005043855

I, _Richard Basi_ , hereby certify
under penalty of perjury that on _August_ _21_, _2006_, I
served by United States Mail a copy of _"F.O.I.A." Appeal Letter_

_and Certificate Legal Mail_ ,

and _Served By Attica Legal Mail System_ at:

_United States Dept of State_
_Washington, DC. 20522-8100_
_Chairman, Appeals Review Panel c/o Appeal Office_
_A/RPS/IPS/PP1/Lc. SA-2. Room 8100_
Address

_R. Basi_
Signature



'06 AUG 30 AM 9:27



**United States Department of State**

*Washington, D.C. 20520*

SEP 2 8 2006

Case No. 200504385

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
Attica, NY 14011-0149

Dear Mr. Isasi:

I refer to your letter dated August 3, 2006, requesting additional documents to the twenty-four you were sent under cover of Margaret Grafeld's July 25, 2006 letter.

Your original FOIA request, dated June 2, 2003, was to the Criminal Division of the Department of Justice. When that office searched its records in response to your request, it found several documents that had originated with the Department of State. Those documents were sent to us to review and respond directly to you. Of the twenty-eight documents we received from the Department of Justice, three were not relevant to your request, one was not releasable and twenty-four were sent you under on July 25. There were no other Department of State documents retrieved in the record search made by the Department of Justice.

If you would like us to search the Department of State files for documents relevant to your case, you should submit a Freedom of Information Act request to

Office of Information Programs and Services
A/ISS/IPS/RL
U.S. Department of State, SA-2
Washington, D.C. 20522-8100

You may also file a FOIA request with the Department of State over the internet. I have enclosed a print-out which explains the procedure for filing on-line.

Sincerely,

Donald G. Besom
Reviewer
Office of Information Programs
and Services

Enclosure:
As stated.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 12



**United States Department of State**

*Washington, D.C. 20520*

October 30, 2006

Richard Isasi #98A1899
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

Re: Freedom of Information Request No. 200504385

Dear Mr. Isasi:

This is to inform you that the Chairman of the Department's Appeals Review
Panel has received your letter of August 21, 2006, appealing Freedom of
Information Case No. 200504385.

Your letter notes that the following documents appear to be missing: J5, J8, J9,
J19, J20, J21, J22, and J23. The Department of Justice referred a total of 23
documents for our review and direct response to you. This office separated and
re-numbered some documents – i.e. document J8 became J8, J8A, and J8B.
Therefore, documents J19-J23 do not exist. Document J5 was denied in full and
will be the subject of this appeal. Documents J8 and J9 were reviewed and
determined to be non-responsive to your request.

With regard to case no. 200505014, the documents were returned to the
Department of Justice for its response to you.

GRAFELD DECLARATION
Civil Action No. 06-CV-2222
Exhibit 13

Should you have any questions concerning the status of your appeal, please write to:

      The Appeals Officer
      A/ISS/IPS/PP/LC
      SA-2 Room 8100
      U.S. Department of State
      Washington, D.C. 20522-8100

                Sincerely,

                Lori Hartmann
                Appeals Officer
                Office of Information Programs and Services

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )         Civil Action No. 06-CV-2222
UNITED STATES DEPARTMENT OF             )
JUSTICE and EXECUTIVE OFFICE OF         )
UNITED STATES ATTORNEYS,                )
                                        )
            Defendants.                 )
_____)


## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the

reviewing of FOIA/PA requests for access to records located in this office and ninety-four United

States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of

correspondence related to requests, reviewing of searches conducted in response to requests,

locating of responsive records, preparing of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Richard Isasi. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

### Referral to EOUSA

4. On September 29, 2005, EOUSA received a Memorandum from the Criminal Division. This memorandum notified EOUSA that during processing of a Privacy Act request the Criminal Division has come across records which originated in an office for which EOUSA is responsible. As a result, 11 pages of records have been referred to the EOUSA for a direct reply to the requester. **Exhibit A.**

5. On October 28, 2005, EOUSA sent a letter to Plaintiff informing him of the processing of his FOIA request. As a result, Plaintiff was provided with 9 pages of records released in full ("RIF"), and 2 pages of records released in part ("RIP"). In addition, the requester was advised that FOIA exemptions 5 U.S.C. §552 (b)(6), (b)(7)(C), and PA Exemption 5 U.S.C. §552a (j)(2), had been applied to the withheld material. **Exhibit B.**

6. On Nov. 18th, 2005, OIP received an appeal from the Plaintiff regarding EOUSA's determination. **Exhibit C**. In response, OIP sent Plaintiff a letter stating that it is affirming EOUSA's determination of the Plaintiff's FOIA request. **Exhibit D**.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

7. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
### EXEMPTION 5 U.S.C. §552(b)(6)

8. Exemption (b)(6) permits withholding personnel, medical, and similar files, which if disclosed would constitute a clearly unwarranted invasion of personal privacy. This exemption has been interpreted broadly to qualify all information pertaining to a particular individual. In

particular this exemption was applied to prevent disclosure of such information as social security number, address, telephone number, and other highly personal material.

9. Where names and identifying information pertaining to persons whose right to personal privacy outweighs the public's right to know, that information was either withheld in full or deleted from the document released. Release of this information was determined to constitute a clearly unwarranted invasion of personal privacy of other third party individuals in a manner that could subject these persons to harassment.

10. EOUSA categorically applied this exemption in conjunction with exemption (b)(7)(C) to all records pertaining to third party individuals to protect their personal privacy interests. The categorical application was appropriate because no consent or authorization to release this information was provided to EOUSA in connection with his request.

11. EOUSA applied this exemption to both pages that were redacted and released in part to the requester. The only withholdings are comprised of identifying personnel numbers as well as phone numbers.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

12. The pages withheld were deemed exempt under FOIA Exemption (b)(7)(C), which protects from public disclosure information compiled for law enforcement purposes, if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. All the information at issue was compiled for law enforcement purposes – namely, to facilitate the investigation and criminal prosecution of the Requester.

13. Exemption (b)(7)(C) was applied to the withheld records in an effort to protect the

identity of third-party individuals, such as potential witnesses and law enforcement personnel, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of such personal identifiers could result in unwanted efforts to gain further access to such persons or to personal information about them– or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences– all to their detriment.

14. Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information, because its dissemination would not help explain government activities and operations or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Moreover, no third-party individual provided authorization or consent to disclose such information. *Cf.* 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law).

15. The two pages of documents redacted under this exemption are the same as the ones redacted under Exemption (b)(6). The only redactions are names of third party individual(s).

## SEGREGABILITY

16. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. All nondisclosed information was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without

destroying the integrity of those document as a whole.  In short, no reasonably segregable non-exempt information has been withheld from the Requester.

## CONCLUSION

17.  Each step in the handling of Mr. Isasi's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28th, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit





**U.S. Department of Justice**

Criminal Division

_____

*Washington, D.C. 20530*

SEP 2 7 2005

## MEMORANDUM

**To:**      Marie A. O'Rourke, Assistant Director
             FOI/PA Unit
             Executive Office for United States Attorneys

**From:**    Thomas J. McIntyre, Chief
             FOI/PA Unit
             Office of Enforcement Operations

**SUBJECT:** PA Requests-Richard Isasi, #200300690P and
             #200300551P

    We are processing Privacy Act requests from the person named
above. In searching our system CRM-001, we have located the
attached documents which originated in an office for which you
are responsible. We are referring these documents to you for
direct reply to the requester. We also have attached a copy of
the request letter for your assistance and will advise the
requester of this referral.

    Please address correspondence to us concerning this matter
to: Thomas J. McIntyre, Chief, Freedom of Information/Privacy
Act Unit, Office of Enforcement Operations, Criminal Division,
Department of Justice, Washington, D.C. 20530. Attention: Keith
Dyson, (202) 514-0874.

05-2905-t

A



**U.S. Departme___ f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W. Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

REFERRAL AGENCY:    United States Department of Justice
                    Criminal Division
                    Washington, D.C. 20530

FOIA/PA CONTACT:    Keith Dyson

REFERRAL AGENCY Request No.: 200300690P and #200300551P

EOUSA Request No.:  05-2905-R

Requester:  Isasi, Richard
Subject:  Alliant Techsystems, Inc.

Dear  Mr. Dyson                        :

    This office received a referral from your office on ____9/27/05

    Attached, for your information, is a copy of our final response to the above requester who sought records from your agency.

                                Sincerely,

                                Marie A. O'Rourke
                                Assistant Director

FOIA/PA Unit Analyst:  Sanjav Sola

Attachment(s)

Form No. 045 - 11/02



**U.S. Departmen__ _f_ Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: _Isasi, Richard_____    Request Number: _05-2905-R_____
Subject of Request: _Alliant Techsystems, Inc._____

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [    ] full denial.

`! OCT '28  :` .

Enclosed please find:

_9_____ page(s) are being released in full (RIF);
_2_____ page(s) are being released in part (RIP);
_____page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

In addition, this office is withholding approximately _____ page(s) of grand jury material which is retained in the District.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552                                                            Section 552a

[    ] (b)(1)      [    ] (b)(4)      [    ] (b)(7)(B)          [ X ] (j)(2)
[    ] (b)(2)      [    ] (b)(5)      [ X ] (b)(7)(C)          [    ] (k)(2)
[    ] (b)(3)      [ X ] (b)(6)      [    ] (b)(7)(D)          [    ] (k)(5)
_____   [    ] (b)(7)(A)   [    ] (b)(7)(E)          [    ] _____
_____                     [    ] (b)(7)(F)

(Page 1 of 2)

2/04                                                                  Form No. 021- no fee-



[ X ]  See additional information attached.

**The Criminal Division of the Justice Department referred these documents to us because the documents originated in our office.**

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - no fee- 2/04

*rec d 11-18*

Richard Basi # 98A1899
Attica Work Facility
Box 149    06-0595
Attica. New York. 14011-0149.

#05-2905-8

Co Director.
Freedom of Information / Privacy Act Appeal.
United States Dept of Justice
Flag Building. suite 570.
Washington. DC. 20530.0001.

Appeal No 06-0234
200300551P and 200300690P ?

Dear Co Director.

The Submitter's letter to Appeal the Decision of Executive Office for the United States Attorneys. The Denial of my Request.

Find enclosed for your Review and Determination.

I expect a response as the Law Provides.

November 8, 2005                    Respectfully Submitted

                                    R Basi
ac rl.                              Richard Basi # 98A1899
      File.



OFFICE OF INFORMATION
AND PRIVACY

NOV 1 8 2005

RECEIVED





**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

Telephone: (202) 514-3642

Washington, D.C. 20530 -8  PM 12:55
2006 NOV

DEPT. OF JUSTICE /EOUSA
FOIA/PRIVACY STAFF

NOV - 6 2006

Mr. Richard Isasi
DIN No. 98-A-1899
Attica Correctional Facility
Post Office Box 149
Attica, NY 14011-0149

Re:   Appeal No. 06-0525
      Request No. 05-2905-R
      BVE:ALB:DJS

Dear Mr. Isasi:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on records referred to it by the Criminal Division of the United States Department of Justice pursuant to your request for access to records pertaining to yourself.

After carefully considering your appeal, I am affirming EOUSA's action on the records referred to it. The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.81 (2006). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

EOUSA properly withheld from you certain information that is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(C). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metalfe
Director



DUSA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )
                                        )        Civil Action No. 06-CV-2222
UNITED STATES DEPARTMENT OF             )
JUSTICE and EXECUTIVE OFFICE OF         )
UNITED STATES ATTORNEYS,                )
                                        )
                Defendants.             )
                                        )

## SUPPLEMENTAL DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Richard Isasi. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. On September 29, 2005, EOUSA received a Memorandum from the Criminal Division. This memorandum notified EOUSA that during processing of a Privacy Act request the Criminal Division has come across records which originated in an office for which EOUSA is responsible. As a result, 11 pages of records have been referred to the EOUSA for a direct reply to the requester. The processing of those records has been described in my prior declaration dated September 28, 2007.

5. Sometime thereafter, EAOUSA was notified that there may be several other aliases under which Plaintiff's records may have been filed. While records are not normally filed in such a manner, as a precautionary measure EOUSA decided to search the Eastern District of New York under all possible names relating to the Plaintiff.

6. On February 11, 2008, I contacted the FOIA Contact for the Eastern District of New

York and requested an additional search for records, this time including Plaintiff's all known aliases.

7. After receiving the request, the FOIA Contact began a systematic search for records relating to the Plaintiff to determine the location of any and all files relating to his case. A detailed account of this search has been described by the Contact himself in his declaration, which is attached to this declaration as **Exhibit A**.

8. The result of the renewed search presented no additional records found in the Eastern District of New York.

## CONCLUSION

9. Each step in the handling of Mr. Isasi's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13th, 2008.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

Page 3 of 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI,                               )
                                             )
            Plaintiff,                       )
                                             )
        v.                                   )  Civ. Action Nos. 06-2222 (RBW) (Lead)
                                             )
DEPARTMENT OF JUSTICE et al.,                )
                                             )
            Defendants.                      )
―――――――――――――――――――――――――――                  )

### _DECLARATION OF THOMAS P. LOWENTHAL_

I, Thomas P. Lowenthal, declare the following to be a true and correct statement of facts:

1.  I am a Paralegal Specialist assigned to the United States Attorney's Office ("USAO") for the Eastern District of New York. My responsibilities include serving as liaison (FOIA Coordinator) to the Freedom of Information Act and Privacy Act Staff ("the FOIA/PA Staff") for the Executive Office for United States Attorneys in Washington, D.C. My duties in that regard require me to receive requests filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1996), and the Privacy Act of 1974 ("PA"), 5 U.S.C. §552a (1988) whenever the records are identified as likely to be located in the Eastern District of New York.

2.  The statements I make in this declaration are made on the basis of my review of the official files and records of the USAO for the Eastern District of New York, my own personal knowledge, or on the basis of knowledge acquired by me through the performance of my official duties.

3.  Due to the nature of my official duties, I am familiar with the procedures followed by this



office in responding to the FOIA/PA request, made by David Luczynski, to the Department of Justice, Executive Office for United States Attorneys (EOUSA) dated February 11, 2008 that is the subject of this action.

4. This declaration is made in support of the motion to dismiss or in the alternative, motion for summary judgment filed by the United States Department of Justice, defendant in this lawsuit.

5. On February 11, 2008, the request was sent to my office in the Eastern District of New York were I searched for records responsive to the request, which was any information regarding Mr. Isasi's extradition back to Mexico.

6. By using the computer indexes in our office, I determined that our office had no files relating to Mr. Isasi. Pacer reflects a civil case for the Eastern District of New York, docket number CV-06-5834, for Richard Isasi as being transferred to the District of Columbia on November 1, 2006.

7. By using the computer indexes in our office, I determined that our office had no files relating to Luis Martinez, an alias of Richard Isasi.. I did find information related to seven individuals named Luis Martinez, but these were all criminal cases, not relating to a civil extradition case.

8. By using the computer indexes in our office, I determined that our office had no files relating to George L. Ortiz, an alias of Richard Isasi.

9. By using the computer indexes in our office, I determined that our office had no files relating to Luis Martino, an alias of Richard Isasi.

10. By using the computer indexes in our office, I determined that our office had no files relating to Veteran Falco, an alias of Richard Isasi.

11. The search I conducted for records responsive to Mr. Isasi's FOIA/PA request was a systematic search to determine the location of any and all files relating to him in order to comply

with the request.   The specific computer case tracking systems utilized in searching for records

pertaining to Richard Isasi, and his aliases,  was the Legal Information Office Network System

(LIONS)  The LIONS system tracks civil, criminal, and appellate investigations and cases. The

LIONS database has files for the retrieval of information based on defendant's name, USAO jacket

number, and Court docket number.  There were no other places for me to search for records

pertaining to Mr. Isasi.

12.  Each step in the handling of Mr. Isasi's request was entirely consistent with the EOUSA

and the United States Attorney's Office procedures that were adopted to ensure an equitable response

to all persons seeking access to records under the FOIA/PA.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008.


Thomas P. Lowenthal
Paralegal Specialist
United States Attorney's Office for
the Eastern District of New York

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

|  |  |  |
|---|---|---|
| RICHARD ISASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2222 (RBW) |
| | ) | |
| PRISCILLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF PAUL P. COLBORN

I, Paul P. Colborn, declare as follows:

1. I am a Special Counsel in the Office of Legal Counsel ("OLC" or the "Office"), a component of the Department of Justice. I am a career member of the Senior Executive Service. I joined OLC in 1986 and have had the responsibility since 1987 of supervising OLC's responses to requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In connection with that responsibility, I supervised OLC's processing of one document identified as responsive to Plaintiff's April 31, 2003 FOIA request to the Criminal Division (the "FOIA request") in the above-captioned case. I submit this declaration in support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. This declaration is based on my personal knowledge, information, and belief, and on information disclosed to me in my official capacity.

OLC's Responsibilities in the Department

2. The principal function of OLC is to assist the Attorney General in his role as a legal adviser to the President of the United States and to departments and agencies in the Executive

Branch. In connection with these functions, OLC often provides advice and prepares confidential documents addressing a wide range of legal questions involving the operations of the Department and the other Executive Branch entities. A significant portion of OLC's work involves performing a purely advisory role, providing confidential legal advice and analysis to the Attorney General and other officials in the Department and, through him or on his behalf, to the other components of the Executive Branch.

Referred Document

3.    On September 27, 2005, the Criminal Division referred to this Office one document that originated with OLC but that the Criminal Division located in its files while processing the FOIA request. The referral totaled sixteen pages, and it consisted of a fourteen-page draft legal opinion prepared by the Office for the Criminal Division and two one-page transmittal memoranda. In re-reviewing the referred document while preparing this declaration, we determined that the two transmittal memoranda are appropriate for discretionary release, and we are releasing them to the plaintiff today.

4.    The fourteen-page draft legal opinion addresses legal issues raised by the possible extradition of a United States citizen imprisoned in Mexico to the United States to stand trial for a crime committed in the United States. OLC prepared the memorandum in the course of providing legal advice to the Criminal Division, and the memorandum reflects confidential information received from the Criminal Division. In particular, the draft opinion addresses issues concerning the possibility of returning the prisoner to Mexico to complete his Mexican prison sentence following his anticipated trial in the United States. The face of the document clearly indicates that it is a pre-decisional, non-final draft. It is labeled "Draft," is dated March 29, 1996, and, on a few pages, contains handwritten notes and marginalia. It is addressed to

2

Mark M. Richard, then a Deputy Assistant Attorney General for the Criminal Division, and it is entitled, "Return Extradition/Mexico." The "From" line of the document is blank.

Administrative Processing

5.    In its referral, the Criminal Division asked that OLC reply directly to Plaintiff concerning the referred document. In a letter dated September 30, 2005, I advised Plaintiff that OLC was withholding the document because it was "protected by the deliberative process and attorney-client privileges and [was] not appropriate for discretionary release." (A copy of the September 30, 2005, letter is attached as Exhibit A.)

6.    In a letter dated October 11, 2005, Plaintiff appealed OLC's decision to withhold the document to the Office of Information and Privacy ("OIP"). (A copy of the October 11, 2005, letter is attached as Exhibit B.) In a letter dated March 27, 2006, OIP affirmed our action, explaining that "OLC properly withheld information that is protected from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(5). This provision concerns certain inter- and intra-agency communications protected by the deliberative process and attorney-client privileges." (A copy of the March 27, 2006, letter is attached as Exhibit C.)

Rationale for Withholding Referred Document

7.    The draft legal opinion is protected by FOIA Exemption Five. That exemption protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." This exemption has been construed to exempt those documents or information normally privileged in the civil discovery context, including documents protected by the two privileges relied upon by OLC in withholding the referred document, the deliberative process and attorney-client privileges.

3

8.      The deliberative process privilege protects the internal deliberations of the Government by exempting from release under FOIA recommendations, analysis, opinions, speculation and other non-factual information prepared in anticipation of decisionmaking. Similarly, the attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought advice.

9.      The draft legal opinion falls squarely within the deliberative process and attorney-client privileges. As discussed above, OLC prepared the document for the purpose of providing confidential legal advice to its client, the Criminal Division, about the possible extradition of a United States citizen from Mexico. The draft legal document reflects confidential information that OLC received from the Criminal Division for the purpose of preparing its legal advice. Moreover, OLC prepared the document with the expectation that it would be held in confidence, and, to the best of my knowledge, it has been held in confidence.

10.     The document is also clearly pre-decisional. As explained above, the document is a non-final draft reflecting preliminary legal advice about an action contemplated—but not yet taken—by the Executive Branch. Creating and sharing documents like the draft legal opinion is an integral part of deliberations within OLC, the Department, and the Executive Branch. Through the drafting process, OLC attorneys articulate, focus, and refine their advice and analysis. Drafts do not represent the final position or ultimate views of the Office. To the contrary, drafts are, by their very nature, pre-decisional and deliberative. They are part of the exchange of ideas that accompanies sound decisionmaking, and they reflect the preliminary assessments and suggestions of OLC attorneys. Indeed, as a matter of Office policy, OLC attorneys exchange draft documents with others in the Department for comments, edits, and suggestions (as the transmittal memoranda indicate occurred in this case). Inevitably, initial

4

drafts of documents differ substantially from the final versions, as attorneys adjust their analysis in response to input from their colleagues.

11. Compelled disclosure of this advisory and pre-decisional draft legal opinion would cause serious harm to the deliberative processes of the Office and the Department of Justice, and would disrupt the attorney-client relationship between OLC and other components in the Department and other entities in the Executive Branch. Attorneys in OLC are often asked to provide advice and analysis with respect to very difficult and unsettled issues of law. Frequently, such issues arise in connection with highly complex and sensitive operations of the Executive Branch. It is essential to the mission of the Executive Branch that OLC legal advice, and the development of that advice, not be inhibited by concerns about public disclosure. Protecting the confidentiality of documents such as the draft legal opinion is essential in order both to ensure that creative and even controversial legal arguments and theories may be examined candidly, effectively, and in writing and to ensure that other components of the Executive Branch and the Department will continue to request legal advice from OLC on such sensitive matters.

12. Finally, I have carefully reviewed the draft legal opinion for segregation of non-exempt information, and I have determined that no portions of the document can be released without disclosing information protected under FOIA Exemption Five.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2008

_____
Paul P. Colborn

5

# EXHIBIT A



**U.S. Department of Justice**

Office of Legal Counsel

---

*Washington, D.C. 20530*

September 30, 2005

Richard Isasi
No. 98-A-1899
Attica Correctional Facility
Attica, NY 14011-0149

Dear Mr. Isasi:

This responds to your Freedom of Information/Privacy Act request to the Criminal Division dated April 31, 2003. Pursuant to Exemption Five of the Act, 5 U.S.C. § 552(b)(5), we are withholding one document that originated with this Office but was located in the files of the Criminal Division. The document is protected by the deliberative process and attorney-client privileges and is not appropriate for discretionary release.

If you consider my response to be a denial of this request, you may appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Washington, D.C. 20530, within 60 days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Paul P. Colborn
Special Counsel
Office of Legal Counsel

# EXHIBIT B

Richard Isasi # 98A1899
Attica Corr Fac.
Box 149.
Attica. New York. 14011-0149.

06-0234

PART
FOR
A

OLC
(a letter
att, but
not?)

Co Director
Freedom of Information / Privacy Act Appeal

United States Dept of Justice
Flag Building. suite 570.
Washington. DC. 20530.0001.

Dup of
06-0187

clm #?

Appeal No: CRM. 200300551P and 200300690P

the Submitted to Appeal the Dicision of the Office of Legal
Counsel. The Denial of my Request.

Find enclosed for your Review and Determination.

I expect a Response as the Law provides.

October 11, 2005

Respctfully Submitted

R Isasi

Richard Isasi # 98A1899

app

ac. RI
File.

OFFICE OF INFORMATION
AND PRIVACY

OCT 2 0 2005

RECEIVED

# EXHIBIT C



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAR 2 7 2006**

Mr. Richard Isasi
DIN No. 98-A-1899
Attica Correctional Facility
Post Office Box 149                    Re:    Appeal No. 06-0234
Attica, NY 14011-0149                         BVE:ALB:CL

Dear Mr. Isasi:

        You appealed from the action of the Office of Legal Counsel on the documents referred
to it from the Criminal Division in response to your request for information about your
extradition from Mexico.

        After carefully considering your appeal, I have decided to affirm the action of the OLC on
your request.  The OLC properly withheld information that is protected from disclosure under the
Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(5).  This provision concerns certain
inter- and intra-agency communications protected by the deliberative process and attorney-client
privileges.  I have also determined that this information is not appropriate for discretionary
release.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                Sincerely,

                                Daniel J. Metcalfe
                                Director

                                By:

                                Janice G. McLeod
                                Senior Counsel