United States District Court
for the District of Columbia



RECEIVED

APR 0 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

―――――――――――――――――――――――

Richard Isasi,
      Plaintiff

      v.

Priscilla Jones, et al.,
          Defendants

Civil Action
No. 06-2222(RBW)

―――――――――――――――――――――――

### Memorandum of Points and Authorities in Support of Plaintiff to dismiss Defendants' action entirely.

Plaintiff Richard Isasi brings this pro se action against the defendants who violated the Freedom of Information Act, (FOIA) 5 USC 552 et.seq. that the defendants still refuse to release plaintiff's documents: Defense Counsel Motions, Memoranda of Points and Authorities in Support of Defendants, Motion to Dismiss, or in the alternative, for summary judgment, where counsel motion appointed to see:[1]

[1]Plaintiff also requested documents regarding his extradition form the State of New Jersey to Mexico, which did not take place. See Declaration of Margaret Grafeld  28. The plaintiff was ultimately tried by the authorities in New York.

### Declaration of Margaret P. Grafeld, p. 13 at 27

Documents found:

27  As noted above, plaintiff's original February 12, 2003, request to the Department of State sought "the following record" about himself:

    1.  Copy of extradition warrant with affidavit and all supporting papers, executing extradition from the State of New Jer-

sey to Veracruz, Mexico, dated March 10, 1995.

2.  Copy of extradition warrant with affidavit and all support-
ing papers executing extradition from Veracruz, Mexico, dated
Sept. 4, 1997, to the State of New Jersey.  (See declaration
exhibit 1)

28   Margaret P. Garfeld, stating at p. 14.

     Furthermore, in the case of an extradition such as Plain-
tiff's 1997 extradition from Mexico to the United States, the
Department would not have any such thing as an "Extradition
Warrant."

     Title 18   3193, <u>Receiving Agent's Authority over Offender</u>
     A duly appointed agent to receive, on behalf of the United
States, the delivery, by a foreign government, of a person ac-
cused of crime committed with the United States, and to convey
him to the place of this trial, shall have all the power of a
Marshal of the United States in the several districts through
which it may be necessary for him to pass with such prisoner,
so far as such power is requisite for the prisoner's safe-keeping.

     The US Marshal's Service took custody and  transportation of
the plaintiff in Webb, Texas, September 4, 1997, and transported
the plaintiff by plane from Texas to New Jersey and then to the
border of New York before plaintiff's officials signed documents,
thus documents must be Executive Order No. 11517 , issuance and
signature by Secretary of State of Warrants, appointing agents
to return fugitives from justice extradited to the United States.

     Mrs. Grafeld declared that the US Department of State would
not have any such thing as an 'extradition warrant' , let alone
what plaintiff described in his August 3, 2006, letter is "Fed-
eral warrants signed by the Secretary of State", see Exhibit 9.Dcl

     Also, Mrs. Grafeld explained that estraditions from Mexico
are effected by the following process: the US Government requests
extradition through formal diplomatic correspondence (Diplomatic

Notes) to the government of Mexico with attached supporting ma-
terials, including affidavits about the crime committed, that
support a finding that the requirements of the U.S./Mexico Extra-
dition Treaty have been met.  See Exhibit B, note 1914 and note
1906.  The State of New Jersey properly filed the extradition
documents that must include the Governor of the State of New Jer-
sey's warrants.  The defendants refused to release these docu-
ments, also these documents contradicted counsel's declaration
that documents regarding plaintiff's extradition or the formal
requests from the State of New Jersey never took place.

### Plaintiff's Support to Dismiss Defendant's Action Entirely

Under Title 18   3182, fugitive from State or Territory
to State, District or Territory, provides:

Whenever the executive authority of any State or Territory
demands any person as a fugitive from justice, of the executive
authority of any State, District or Territory to which such per-
son has fled, and produces a copy of an indictment found or an
affidavit made before a magistrate of any State or Territory,
charging the person demanded with having committed treason, a
felony, or other crimes, certified as authentic by the Governor
or Chief Magistrate of the State or Territory from whence the
person so charged has fled, the executive authority of the State,
District or Territory to which such person has fled shall cause
him to be arrested and secured, and notify the appointed to re-
ceive the fugitive, and shall cause the fugitive to be delivered
to such agent when he shall appear.  If no such agent appears
within thirty days from the time of the arrest, the prisoner may
be discharged.

No probable cause exists for plaintiff's conviction when the
District Attorney, Queens County Office, filed all of the appro-
priate extradition papers in a timely manner with Michael Heineman
of the Department of Justice's Officer of Internal Affairs.  See
Exhibit C.  Also see plaintiff's court records, the provisional

request of arrest in Mexico by the State of New York and the
State of New Jersey signed by police authority officer.  See
Caltagirone v. Grant.  The 'further information' required to ef-
fect a 'provisional arrest' under the Extradition Treaty with
Italy is not to be furnished only to the Executive Branch, but,
rather, is to be presented to magistrate in determining probable
cause for an arrest warrant.

In fact, plaintiff's extradition was not litigated in any
US District Court of the United States.

Defendant's declarations should be dismissed with perjury.

Pursuant to 28 USC 1746, I declare under penalty of perjury
that the foregoing is true and correct.


Declaration of Pamela A. Roberts. page 2 at 3.  I make this
declaration on the basis of information required through the
performance of my official duties.

### Summary of Correspondence

4.  By letter dated March 31, 2003, plaintiff made a FOIA re-
quest to the Department of Justice's Criminal Division.

Mrs. Roberts stated, plaintiff provided his name as "Richard
Isasi" or "Richard Isasi Diaz."  He did not list any additional
aliases.  See: Plaintiff's Exhibit A, letter dated February 5,
2003.  US Department of Justice, Criminal Division, Office of
International Affairs, Plaintiff's aliases Richard Isasi/Luis
Martinez.


### Declaration of Paul P. Colborn

I submit this declaration in support of defendant's Motion
to Dismiss, or in the alternative, for Summary Judgment.  This
declaration is based on personal knowledge, information, and
belief, and on information disclosed to me in my official capa-
city, see p. 2 at 4.

Mr. Colborn, stating the fourteen page draft legal opinion,
addresses legal issues raised by the possible extradition of a

United States citizen, imprisoned in Mexico, to the United States
to stand trial for a crime committed in the United States.

Plaintiff is a legal alien, Cuban citizen, Unites States
Constitution, Amendment XIV, protected citizen. The defendants
violated due process of law that has been denied by the defendants.

### Plaintiff's Constitutional Claims

Bivens-type claim is liable for the due process violation
by reason of his failure with the FOIA defendant's Priscilla
Jones, Richard L. Huff, Margaret P. Grafeld and Thomas J. McIntyre.

The disputed factual issues presented, there are genuine is-
sues of material fact that preclude summary judgment for the de-
fendants on the plaintiff's use of force claim Bivens.

Summary judgments is to be granted only if the record before
the court shows "that there is no genuine issue as to any material
fact and that the moving party is entitled to a judgment as a mat-
ter of law", Rule 56(c) Fed R. Civ. P.  A "material" fact is one
that "might affect the outcome of the suit under the governing
law.  Anderson v. Liberty Lobby, Inc., 477 US 242, 248 (1986).

### Plaintiff's 1983 Section Cause of Action

Due process of law, Fifth and Fourteenth  Amendments of the
Constitution which provide that "nor [shall any person] be de-
prived of life, liberty, or property, without due process of law."
This provision is applicable only to the actions of the Federal
government.  It protects aliens as well as citizens.

In fact, the defendants in this complaint are all Federal
officials with the DOC and DOS.  In accordance with the provi-
sions of the Treaty, and that this right is one which the plain-
tiff asserts in the Court of the United States, whether the re-
moval took place under proceeding sanctioned by the treaty or
under proceeding which was in total disregard of the treaty,
amounting to an unlawful and unauthorized kidnapping, a three
Judge court is required.  Plaintiff's complaints for these facts
establish the right under the Constitution and the Treaty of the

United States.  Plaintiff came to this county clothed with the
protection with which the nature of such [extradition] proceed-
ings and the true construction of the treaty gave to him.  This
protection has been denied by the defendants.

<u>Plaintiff's Motion for Order to Show Cause for Preliminary In-
junction and Temporary Restraining Order</u>, should be granted, as
follows:

In <u>Isasi v. US Governor</u> 03-CV-2912, District Court Eastern
District of New York and <u>Isasi v. US Governor</u> 04-0629 Pr, United
States Court of Appeals for the Second Circuit, defendants named
US Dept. of Justice, US Marshal Services, John Ashcroft, Attorney
General of the United States and Janet Reno, Former Attorney Gen-
eral (" Federal Defendnats ").

As soon as the Government acknowledged the merits of the
plaintiff's complaint and the United States Court of Appeals for
the Second Circuit had been granted a date of hearing (Wednesday,
October 20, 2004, <u>See Exhibit D</u>), the defendants immediately re-
moved the plaintiff from a maximum security prison, Attica Cor-
rectional Facility, to Hudson County Jail (NJ) for 3 months, and
plaintiff did not receive his mail until plaintiff returned to
Attica Correctional Facility.  This removal from one State to an-
other denied the plaintiff an appearance in court, that this court
had full jurisdiction over these Federal defendants in this action.

Plaintiff  brings these claims, because here the defendant's
last resource of any decision of this court in plaintiff's favor
the restraining order upon plaintiff legal proceeding should be
imposed until the end of this proceeding, also because defendants
of the Dept. of Justice related to the previous claim.  The defen-
dants must show cause "facts" that there are no genuine issues or
any material of fact for the relief that plaintiff seeks.

For all of the evidentiary fact attached to this motion this Court should dismiss defendants' cause action entirely.

<u>Pursuant to 28 USC 1746, I, Richard Isasi, declare</u> under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

_____

Richard Isasi, pro se

Dated_____April 2_____, 2008

New York, New York

The United States District Court
For the District of Columbia

_____

Richard Isasi,
             Plaintiff

      v.

                                           Civil Action
                                           No. 06-2222(RBW)

Priscilla Jones, et al,
                  Defendants

_____

Statement of Material Facts
That There is a Genuine Issue for Trial

     Pursuant to LCvR 7(h) and Federal Rules of Civil Procedure 56(g), Plaintiff's FOIA requests have been denied by the Defendants.

a)  The Defendants have refused to release to the Plaintiff the documents relevant in the action, as follows:

Executive Order #11517
     Issuance and signature by Secretary of State of warrants appointing agents to return fugitives from Justice extradited to United States.

b)  Extradition Order by the Mexican Judge, signed by the Plaintiff, and all documents signed by Plaintiff in his extradition proceeding in the Mexican court.

c)  Copy of the warrant by New Jersey Governor, Demand of Extradition from the State of New Jersey.

This court should dismiss defendant's action entirely
because defendant's declaration motion shows non-rebuttable
presumption with the undisputed fact as attached, See Exhibit A,
US Department of Justice, Criminal Division, Office of Interna-
tional Affairs, letter dated February 5, 2003.


_____

Richard Isasi, pro se



Dated_____*April 2*_____ , 2008
State of New York

CERTIFICATE OF SERVICE

Richard Isasi

            Plaintiff

                                   Civil Action No. 06-CV-2222 (RBW)

   V.

Priscilla Jones. et.al.

          DEFENDANTS.

I Richard Isasi. hereby certify under penalty of perjury that on April __2__ 2008. I serves by United States mail a copy of Plaintiff's Opposing Motion to Dismiss in Support of Plaintiff to dismiss Defendants action entirely

and served by the Attica Legal mail system at.

               Brandon L. Lowy
               U.S. Attorney's Office
               555 Fourth Street. NW
                  Room E-4405
               Washington. DC. 20530 .

EXHIBIT A

**U.S. Department of Justice**

*Criminal Division*
*Office of International Affairs*
*1301 New York Avenue, NW*

MEW:MBT:MR:MCH
95-100-

_____
*Washington, DC 20530*

February 5, 2003

Jan Hagan
Assistant District Attorney
Queens County District Attorney's Office
125-01 Queens Boulevard
Kew Gardens, New York 11415

        Re:  Extradition of Richard Isasi, a/k/a Luis Martinez

Dear Ms. Hagan:

        In response to our conversations concerning the charges that
Richard Isasi, a/k/a Luis Martinez, was extradited from Mexico to
stand trial for, I am able to provide the explanation and
attachments.

        I was the attorney in the Office of International Affairs
responsible for the Richard Isasi/Luis Martinez case from the time
it was received until he was extradited.

        We initially requested the provisional arrest of Richard
Isasi/Luis Martinez in Mexico based on the charges against
Isasi/Martinez in New Jersey.  Attachment 1 is a copy of the cable
from State to Embassy Mexico City transmitting the text of this
provisional arrest request.  The initial provisional arrest request
was made only on the basis of the New Jersey charges because, at the
time, he was only a suspect in your homicides (as mentioned in
paragraph 1 of the cable).

        Within the time frame specified in the Extradition Treaty
Between the United States and Mexico, we (the United States)
provided the necessary formal request for the extradition of Richard
Isasi/Luis Martinez.  Extradition requests were submitted on behalf
of New Jersey and your office.  The request from your office was
prepared by Julien Wise and it specifically requested the
extradition of Richard Isasi/Luis Martinez for the murders that took
place in Queens County.  I have not attached a copy of the lengthy
extradition request prepared by your office.  If you need a copy
please let me know within the next week - before the file is
returned to the federal records center.

On September 3, 1997, we received a faxed copy of Mexico's decision, dated August 7, 1995, to grant the extradition of Richard Isasi/Luis Martinez.   Attachment 2 - in Spanish.

On September 19, 1995, we received a cable, enclosed as Attachment 3, from Embassy Mexico City, informing us that they had received diplomatic note 8377, dated August 15, 1995, which conveyed the news that the extradition of Richard Isasi/Luis Martinez had been granted on August 7, 1995.   The cable further explains that his transfer would be deferred until he served the seven year prison sentence that he had received in Mexico for the crime of rape.

The news that the extradition of Richard Isasi/Luis Martinez would be delayed for seven years sent everybody on both sides of the border scrambling to find a way to return him to the United States in a more timely manner.   On May 3, 1996, the United States Embassy in Mexico City delivered diplomatic note number 1533 (enclosed as Attachment 4) requesting the temporary surrender of Richard Isasi/Luis Martinez.   This note is extremely useful to the determination of the charges that Richard Isasi/Luis Martinez was extradited for because it states in paragraph 2 that "The Secretariat, by means of note 8377, dated August 15, 1995, informed the Embassy of its agreement to extradite MARTINEZ for prosecution before the Supreme Court for the County of Queens, New York, case no. 845/95, dated February 21, 1995."   The note also describes the brutal murders and the need to have Richard Isasi/Luis Martinez returned for trial as quickly as possible.

Ultimately, Richard Isasi/Luis Martinez was released from prison in Mexico and extradited to the United States.   By cable dated September 8, 1997, Embassy Mexico City advised that Richard Isasi/Luis Martinez was extradited on September 3, 1997 (attachment 5).

There is no doubt that Richard Isasi/Luis Martinez was extradited from Mexico to stand trial in Queens County for numerous criminal charges, including six murders.   If you have any questions, or need additional information, please contact me at (202) 616-0548.

Sincerely,

Mary Ellen Warlow
Director

By: _____
Michael Heineman
Trial Attorney

Exhibit B

UNCLASSIFIED

RELEASED IN FULL

)8a

No. 1914

The Embassy of the United States of America
presents its compliments to the Secretariat of Foreign
Relations and has the honor to refer to the Extradition
Treaty between the United Mexican States and the United
States of America of May 4, 1978, and to Diplomatic Note
no. 1906 dated April 10, 1995, with which the Embassy
formally requested the extradition of LUIS MARTINEZ,
also known as (aka) RICHARD ISASI, aka GEORGE L. ORTIZ,
aka VETERAN FALCO, aka LUIS MARTINO.

The Embassy would like to inform the Secretariat
that it has received the certified copies of the
documents attached herewith as additional evidence in
the case of MARTINEZ.

The Embassy of the United States of America avails
itself of the opportunity to renew to the Secretariat
of Foreign Relations the assurances of its highest
consideration.

Enclosures:

Additional documents and Spanish translation.

Embassy of the United States of America,
Mexico City, May 26, 1995.

*J.A.J.*

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: H E BOVIS
DATE/CASE ID: 12 APR 2006  200504385

UNCLASSIFIED

UNCLASSIFIED

RELEASED IN FULL

J8b

No. 1914

**TRADUCCION LIBRE**

La Embajada de los Estados Unidos de América presenta sus cumplidos a la Secretaría de Relaciones Exteriores y tiene el honor de referirse al Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, de fecha 4 de mayo de 1978, y a la Nota Diplomática no. 1906, de fecha 10 de abril de 1995, con la que la Embajada solicitó formalmente la extradición de LUIS MARTINEZ alias RICHARD ISASI, alias GEORGE L. ORTIZ, alias VETERAN FALCO, alias LUIS MARTINO.

La Embajada desea informar a la Secretaría que ha recibido copia certificada de los documentos que se anexan a la presente como pruebas adicionales en el caso de MARTINEZ.

La Embajada de los Estados Unidos de América aprovecha esta oportunidad para renovar a la Secretaría de Relaciones Exteriores la seguridad de su más distinguida consideración.

No. 1906

The Embassy of the United States of America presents its compliments to the Secretariat of Foreign Relations and has the honor to refer to the Extradition Treaty between the United Mexican States and the United States of America of May 4, 1978, and to formally request the extradition of LUIS MARTINEZ, also known as (aka) RICHARD ISASI, aka GEORGE L. ORTIZ, aka VETERAN FALCO, aka LUIS MARTINO.

MARTINEZ is wanted in order to stand trial for robbery and to serve the remainder of his sentence for another charge of robbery.

MARTINEZ is also wanted to stand trial in New York State for felony criminal charges including murder, attempted murder, robbery, assault, criminal possession of a weapon and related charges.

The Embassy considers the information submitted with its Diplomatic Note no. 1870 of February 8, 1995, regarding the provisional arrest of MARTINEZ, as part of this extradition request. A copy of the Embassy's Note is enclosed.

LUIS MARTINEZ aka RICHARD ISASI is subject of a superseding indictment issued by the Supreme Court of Queens County, New York, on February 21, 1995 (docket number 345/95). He is charged with: (a) six counts

murder; (b) six counts of murder in the second
degree in violation of NYPL Sec. 125.25-2 (murder
resulting from recklessly engaging in conduct which
evidences a depraved indifference to human life); (c)
six counts of murder in the second degree in
violation of NYPL Sec. 125.25-3 (causing a murder
during the course of a felony, to wit: a robbery),
(d) one count of attempted murder in the second
degree in violation of NYPL Sec. 11/125.25-1
(intentional murder); (e) five counts of robbery in
the first degree in violation of NYPL Sec. 160.15-1
(robbery in the course of which a death is caused);
(f) five counts of robbery in the first degree in
violation of NYPL Sec. 160.15-2 (armed robbery); (g)
one count of robbery in the second degree in
violation of NYPL Sec. 160.10-1; (h) one count of
assault in the first degree in violation of NYPL Sec.
120.1 ; (i) one count of assault in the first
degree in violation of NYPL Sec. 120.10-3; (j) one
count of assault in the first degree in violation of
NYPL Sec. 120.10-4; (k) one count of criminal
possession of a weapon in the second degree in
violation of NYPL Sec. 265.03; (l) one count of
criminal possession of a weapon in the third degree
in violation of NYPL Sec. 265.02-4; (m) one count of
criminal possession of a weapon in the fourth degree
in violation of NYPL Sec. 265.01-2.

The facts in this case indicate that in the early morning hours of Saturday, January 7, 1995, the bodies of Arlex Dejesus Calle-Solo, Pablo Antonio Villanueva-Calle, Carla Lopez, Paola Lopez, Melinda Lynns, and Maria Esperanza Ramirez were found shot and/or stabbed to death in the second floor apartment located at 25-34 120th Street in the College Point area of Queens County, New York.

Police were led to the apartment by a note written by a witness known to the Queens County District Attorney's Office.

The seventh victim of the massacre, who survived the attack despite being shot in the head and having her throat slashed, revealed to detectives that on the above date and location, three men, later identified by the victim, through photographs, as RICHARD ISASI aka LUIS MARTINEZ, Saul "Cuba" Angulo, and Enrique Rodriguez were present in the apartment armed with a nine millimeter handgun and at least one knife.

All three men repeatedly asked where the money was and removed jewelry from the five female victims. ISASI aka MARTINEZ, and Angulo then systematically shot the six persons who died and the

Murder, assault, robbery and possession of a weapon are covered by Article 2(1) of the Extradition Treaty between United States and Mexico, and by items 1, 2, 7 and 19 respectively, of its Appendix.

In support of this request for the extradition of MARTINEZ, the Embassy has the honor to transmit under the cover of this note the required documents and translations.

If the Government of Mexico accedes to this request, the Embassy would appreciate being informed as to where and when the authorities of the United States might take custody of MARTINEZ.

The Embassy of the United States of America avails itself of this opportunity to renew to the Secretariat of Foreign Relations the assurances of highest consideration.

Enclosures:

Supporting documents and Spanish translation.

Embassy of the United States of America,

Mexico City, April 10, 1995.

Exhibit C



**U. S. Department of Justice**

*Criminal Division*

---

*Office of the Deputy Assistant Attorney General*                    *Washington, D.C.  20530*

December 19, 1995

The Honorable Richard A. Brown
District Attorney
Queens County
125-01 Queens Boulevard
Kew Gardens, New York  11415-1568

Dear Mr. Brown:

This letter is provided in response to your recent letter to the Attorney General requesting assistance in achieving the return of Luis Martinez from Mexico to New York for trial.

I have been aware of this case for several months.  The Department of Justice has been doing everything possible to have Luis Martinez returned to New York to stand trial for the horrifying crime that took place on January 7, 1995.  We have met and negotiated with representatives of the Mexican Government in attempts to uncover options which will enable Mexico to immediately transfer Martinez.  The Attorney General recently wrote to the Mexican Attorney General to ensure that he was aware of her personal interest in this matter and asking him to make all possible efforts to immediately transfer Martinez to you for trial.

Department of Justice officials are meeting with their Mexican counterparts from December 7 through 12 and we will continue to press for the immediate return of Luis Martinez.

I am very saddened by the tragic event of the senseless murder of six people.  I assure you that this Department will continue to make every effort to bring Luis Martinez to justice.

Sincerely,

Mark M Richard
Deputy Assistant Attorney General

CTS 960001357
Typed 12/11/95
MMR:FFT:MBT:MCH

Records          Richard           CTS File
Chron            Heineman

# DEPARTMENT OF JUSTICE
## EXECUTIVE SECRETARIAT
## CONTROL SHEET

**1. FOLDER No:**    25064
**2. TRACKING ID No:** X95-025883
**3. RESERVED**

**4. DATE OF DOCUMENT:** 11/15/95
**5. DATE RECEIVED:**    11/24/95
**6. DUE DATE:**    12/08/95

**7. FROM:**    Richard A. Brown
           District Attorney
           Queens County
           Kew Gardens, NY 11415-1568

**8. TO:**    AG

**9. CATEGORY:**    PRIORITY1

**10. SUBJECT:**

Requesting the AG's assistance in bringing about the return of Luis Martinez a/k/a Richard Isasi from Mexico to New York to stand trial for the brutal murders of two males and four females on January 7, 1995. Advises that all appropriate extradition papers have been filed in the Department's Office of Internal Affairs. Details provided in letter.

**11. ACTION/INFORMATION:**

| Referred To: | Date Assigned: | Action: |
|---|---|---|
| CRM | 11/24/95 | For component response. Return control sheet with signed and dated copy of response to Executive Secretariat. |

| Referred To: | Date Assigned: | Information: |
|---|---|---|
| DAG | 11/24/95 | For information. |
| OAG | 11/24/95 | For information. |

96002I357



**DISTRICT ATTORNEY**
**QUEENS COUNTY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568
(718) 286-6000

Richard A. Brown
District Attorney

November 15, 1995

Honorable Janet Reno
Attorney General of the United States
Department of Justice
Constitution Avenue and 10th Street, N.W.
Washington, D. C. 20530

Re:     Luis Martinez a/k/a/ Richard Isasi

Dear Attorney General Reno:

I write as District Attorney of the County of Queens in the State of New York to ask for your assistance in bringing about the return of the above individual to New York from Mexico for trial.

On January 7, 1995, one of the most heinous crimes committed during my tenure as District Attorney occurred in the College Point section of Queens County. Two males and four females, including two fifteen year olds and a pregnant eighteen year old were shot and/or stabbed to death. A seventh individual -- an 18 year old woman who is now pregnant -- miraculously survived despite being shot in the head and having her throat slashed.

Two of the individuals responsible for this carnage were promptly arrested and have now been tried and convicted. I anticipate that they will be sentenced on November 27th to consecutive life terms in prison. A third individual, Richard Isasi, was apprehended in Vera Cruz, Mexico on or about February 9, 1995. My office filed all of the appropriate extradition papers in a timely manner with Michael Heinemann of the Department of Justice's Office of Internal Affairs and we have since corresponded with the Director of that office, George Proctor, who has indicated that every effort is being made to return Isasi to the United States to face trial as soon as possible.

While I understand that the Government of Mexico granted Isasi's extradition on August 7, 1995, I have now been informed that his transfer to the United States has been postponed until he serves a seven-year sentence in Mexico for rape. I had not theretofore been told by anyone that Isasi had any such pending rape case in Mexico and we have still not been made aware of any of the circumstances concerning that alleged incident.

In any event, the case against Isasi in Queens County rests almost exclusively on the testimony of the sole surviving victim of this massacre. Because of her severe injuries at

Honorable Janet Reno
November 15, 1995
Page Two

the hands of Isasi and his cohorts, she has experienced continuing medical problems, as well as emotional difficulties. Every day that Isasi's extradition is delayed is detrimental to the State of New York's case. Certainly, the likelihood of convicting Isasi wanes dramatically if his extradition is postponed for years.

In order to avoid a great injustice, I would respectfully ask that you urge the Mexican government in the strongest terms possible to extradite Richard Isasi unconditionally to the United States to face immediate trial for his criminal actions in Queens County.

Thanking you for your attention to this matter and with warm regards, I am

Sincerely yours,

Richard A. Brown
District Attorney

RAB:rc

Via Federal Express

Exhibit D

Date:                    8/31/04

Docket Number:           04-0629-pr
Short Title:             Isais v. U.S. Governor
DC Docket Number:        03-cv-2912
DC:                      EDNY (BROOKLYN)
DC Judge:                Honorable Lois Bloom
                         Honorable Edward Korman

## NOTICE OF HEARING DATE

---

**Date of Hearing: Wednesday, October 20, 2004**
**Time Allotted for Oral Argument: On Submission without oral argument**

The above referenced appeal is scheduled for oral argument on the day indicated in Courtroom 1705 (17th floor), Thurgood Marshall United States Courthouse, 40 Centre Street (at Foley Square), Manhattan, New York City.

**Court convenes promptly at 10:00 a.m. Counsel and pro se litigants must be present for argument unless earlier excused. Motions to adjourn argument must be promptly made and will be granted for grave reason only.**

Counsel and pro se litigants presenting oral argument must register with the courtroom deputy no later than 9:45 a.m., either by appearance in the courtroom or by phone from the VideoArgument Center, whichever applies.

Counsel and pro se litigants may seek the Court's permission to waive oral argument by submitting a letter request to the Office of Clerk (attention Calendar Deputy) not later than five days before the hearing week.

Counsel and pro se litigants **whose panel is sitting in courtroom 1705** may elect to present oral argument from any of the Second Circuit Video-Argument Centers by notifying the Calendar Deputy in writing AS SOON AS POSSIBLE after receipt of this notice. A form is attached for your convenience. A notice regarding the Center is enclosed, and counsel are encouraged to call the Calendar Deputy for further details.

**Report all settlements to the Calendar Deputy as soon as effected. Ordinarily, and subject to the ruling of the presiding judge, motions or stipulations to withdraw with prejudice will be granted without appearance by counsel, but motions or stipulations to withdraw without prejudice filed within three business days of the argument will be considered at the time of argument, with counsel present and prepared to argue the merits.**

ROSEANN B. MACKECHNIE, Clerk

---

Complete Items below and return copy of entire form to the Clerk's Office

Name of the Attorney/Pro Se Presenting argument:
Firm Name (IF APPLICABLE):
Current Telephone Number:
The above named Attorney Represents:
( ) APPELLANT-PETITIONER                    ( ) INTERVENOR
( ) APPELLEE-RESPONDENT                     ( ) AMICUS CURIAE

Date:                     Signature:

## *United States Court of Appeals*

FOR THE
SECOND CIRCUIT

## NOTICE OF APPEARANCE INFORMATION AND FORM

The form on the reverse side containing appearance, time request, availability, and related case information must be completed by all parties and returned t this office when appellant's brief is due.

**FAILURE TO SUBMIT THIS FORM ON TIME WILL BE CONSIDERED
IN DECIDING ANY MOTIONS FOR ADJOURNMENT
BASED ON UNAVAILABILITY.**

Each counsel of record or individual appearing *pro se* must complete this form.   If an attorney other than counsel of record will argue the appeal, counsel of record must provide that attorney's name and date of admission to the bar of this Court in the space provided and indicate the dates, if any, when that attorney will be unavailable to argue the appeal.

Counsel of record and counsel who will argue the appeal must be admitted to the bar of this Court or be otherwise eligible to argue an appeal.  The Court encourages and prefers **written** *pro hac vice* motions, filed as early as possible.  Admission *pro hac vice* will be extended as a matter of course to a member of the bar of a district court within the circuit who has represented a criminal defendant at trial and continues representation on an appeal taken pursuant to the Criminal Justice Act.  *See* Local Rule 46.  However, counsel are encouraged to apply for general admission to this Court as soon as they meet the qualifications.

For information concerning admissions and admission applications, contact the Clerk's Office at 212-857-8603.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
**MOTION INFORMATION STATEMENT**

Isasi v. U.S. Gov. et al.

**Docket Number (s):**   04-0629-pr

**Motion For:**   Permission to Appear Pro Hac Vice

**Set forth below precise, complete statement of relief sought:**
The undersigned counsel requests permission to appear *pro hac vice*
in this appeal.

**MOVING PARTY:**   U.S. Dep't of Justice, U.S. Marshals     **OPPOSING PARTY:**   Richard Isasi

   ☐   Plaintiff     X   Defendant
   ☐   Appellant/Petitioner     X   Appellee/Respondent

**MOVING ATTORNEY:** | Adam P. Schwartz     **OPPOSING ATTORNEY:**   Richard Isasi, Pro se
Assistant United States Attorney, U.S. Attorney's Office, Eastern District     98-A-1899, Attica Correctional Facility, Box 149, Attica,
of New York, One Pierrepont Plaza, Brooklyn, NY 11201     NY 14011-0149

(718) 254-6006

Court-Judge appealed from:     EDNY-Judge Edward R. Korman

**Please check appropriate boxes:**     **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS**
Has consent of opposing counsel:     **AND INJUNCTIONS PENDING APPEAL:**

  A.     been sought?          ☐ Yes     x No     Has request for relief been made below?     ☐ Yes     ☐ No

  B.     been obtained?          ☐ Yes     x No     Has this relief been previously sought in     ☐ Yes     ☐ No
                                 this Court?

Is oral argument requested?          ☐ Yes     x No     Requested return date and explanation of emergency:
(requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?     ☐ Yes     x No
If Yes, enter date:

**Signature of Moving Attorney:**

Date:  8/19/04          Has service been effected:     x Yes     ☐ No
                                         [Attach proof of service]

ORDER

**IT IS HEREBY ORDERED** that the motion is     granted     denied.

**FOR THE COURT:**
ROSEANN B. MacKECHNIE, Clerk

Date: _____     By: _____

**Form T-1080** (Revised 12/12/02)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

ISASI V. U.S. GOV, et al.                    DOCKET NO. 04-0629-pr

---

## DECLARATION OF ADAM P. SCHWARTZ
## IN SUPPORT OF MOTION TO APPEAR *PRO HAC VICE*

ADAM P. SCHWARTZ, pursuant to the provisions of 28 U.S.C. § 1746, declares as follows:

1.      I am an Assistant United States Attorney in the office of Roslynn R. Mauskopf,
United States Attorney of the Eastern District of New York.  In that capacity, I was involved in
the preparation of the memorandum to be filed in this Court on August 20, 2004, on behalf of
defendants-appellees U.S. Department of Justice, U.S. Marshals Service, John Ashcroft, Attorney
General of the United States, and Janet Reno, Former Attorney General ("federal defendants-
appellees").

2.      I am a member in good standing of the Bars of the States of New York, New
Jersey, Pennsylvania and Florida.  However, I do not yet meet the requirements for general
admission to this Court set forth in Second Circuit Local Rule 46(a).

3.      I am thoroughly familiar with the facts and issues in the above-captioned appeal
as a result of my work on the memorandum for the federal defendants-appellees.  My work on
this appeal has, and will continue to be, reviewed by appellate supervisors who are members of
the Court.

4.      For the foregoing reasons, I respectfully request permission to appear *pro hac vice*
on behalf of defendants-appellees in this appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
      August 19, 2004

ADAM P. SCHWARTZ

<u>DECLARATION OF SERVICE</u>

Coleen Smart, hereby declares and states as follows:

That on the 19th day of **August 2004**, I caused to be mailed from the 16th Floor, Brooklyn, New York by Certified Mail Registered Return Receipt the following:

**Motion Information Statement and Declaration of Adam P. Schwartz in Support of Motion to Appear Pro Hac Vice**

Of which the annexed is a true copy, contained in a securely enclosed postpaid wrapper directed to the person at the place and address) as follows:

**Richard Isasi**
**Plaintiff - Appellant, Pro Se**
**98-A-1899**
**Attica Correctional Facility**
**Box 149**
**Attica, NY 14011-0149**

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

Dated:    Brooklyn, New York
August 19, 2004

COLEEN SMART