UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI
          Plaintiff      Civil Action No. 06-2222(RBW)

v.

PRISCILLA JONES et . aL
          Defendant.

RECEIVED
JUL - 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S SUPPLEMENT MOTION IN SUPPORT PLAINTIFF MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE SUMMARY JUDGMENT.

This case arises claim under the Freedom Of Information Act"FOIA" 5 USC § 552, **Bivens v. Six Unknown Agents of Federal Bureau of Narcotics** 403 U.S. 388 (1971) And 42 USC § 1983.

Pursuant to LCvR 7.1 (h). Plaintiff hereby submit the following Statement.
Statement of Material Fact there Exists a Genuine of Undisputed Fact.
Defendant's Counsel opposing to plaintiff's Motion for Partial Summary Judgment, Dkt. No. 56. The plaintiff's submit the following points in opposition to defendant's Motion, Pursuant to LCvR.7.1 (h) and Fed.R.Cir Proc. Rule 56.(e); Undisputed fact that entitle plaintiff to Partial Summary Judgment on his Claim of Denied of Due Process of Law.

The Original request under the Freedom Of Information Act "FOIA" 5 USC § 552 to the Doj and Dos, file Dated by February and March 2003, and a the time of this Motion. The Government have willfull Reconds.

1. **THE DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S PARTIAL SUMMARY JUDGMENT SHOULS BE DENIED SINCE THE DEFENDANT'S FAILED TO PRODUCE OR RELEASE THE SECRETARY OF STATE WARRANTS.**

   In fact on September 4,1997 plaintiff's transfer to the State of New Jersey. The U.S. Marshals Service before plaintiff ask how are you going to sign these papers after the warrant was signed. The Marshals order to my surrender to the State of New Jersey Officials.

   Here defendants counsel in his opposing motion to plaintiff's motion for Partial Summary Judgment attached to the motion for this Court review the Executive Order Memorandum without to attached any warrants signed by the Secretary of State. See Exh 1

   Since the defendants failed to produce all such documents. Defendant are not entitled to summary judgment under 5 U.S.C. § 552 moreover. Defendat's failed to produce all the document signed by plaintiff in the Mexican Court, Not including the Mexican Judge Extradiction Order signed by plaintiff.

2. The Diplomatic Note No. 1906 stated the following.

   The Embassy of the United States of America presents its compliment to the secretariat of Foreign Relations and has the Honor to refer to the extradition treary between the United Mexican States and the United States of America of May 4,1978 and to formally request the extradition of Luis Martinez, also know as AKA. Richard Isasi.

   Plaintiff's enter into agreement, Due Process Law shall be follow the letter dated February 5,2003 of Michael Heineman trial Attorney U.S. Department of Justice Criminal Division stated the following:

   Within the time frame specified in the extradition treary between the United States and Mexico. We ( The United States), provided the necessary formal request and question that plaintiff was ultimately tried by the authorities of New York in fact based that the Counsel of the Government failed to proof or showed admissible evidence raised a question of facts. Two (2) formal request were submitted , This Court should be denied Defendat's motion to dismiss or in the alternative for summary

(1)

judgment and granted plaintiff's summary judgment in both under the FOIA and <u>Bivens</u> Constitutional.

3. THE DEFENDANT'S COUNSEL ASK TO THE COURT TO DISMISS PLAINTIFF'S CLAIM AGAINST ALL OF THE DEFENDANTS BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION, Fed. R. PROC. RULE 12(b)(1).

Federal rule of Civil Procedure 12(b)(1),Provides for the Dismissal of action on the basis of lack of subject matter of jurisdiction may attack the complaint on its face or the truth of the underlying jurisdictional allegation contained ih the complaint The nonmovant has the bureau to allege and proved such jurisdiction <u>Lane v. David P.Jacobson & Co Ltd</u>  880.F.Supp 1091,1094(E.D.VA. 1995) ( citing <u>Adams v. Bain</u> 69F.2d.1213,1219(4th Cir.198 82). A Court asked to dismiss for lack of jurisdiction may resolved factual disputes to determine the proper disposition of th the motion.

Defendant's failed to produce or released plaintiffs request rsuant to the Freedom of Information Act"FOIA" 5 U.S.C. § 552. The Court jurisdiction over the defendants is proper and the motion to dismiss basis of lack of subject matter jurisdiction should be denied as a moot.

4. PLAINTIFF'S ATTEMPT TO BRING THE UNITED STATES REAL PARTY IN INTERES IN THIS ACTION.

The Federal rule of Civil Procedure rule 17.provide the Court shall not may dismiss the action because the rule party in interes did'nt appeared in the caption. See Court order dated April 15,2008. Denied default judgment against defendants of this action.

Defendant's Counsel as opposing to plaintiff's new claims and defendants stating that even if this court granting plaintiff the opportunity to amend the new complaint would be futile because plaintiff has neither a cognizable Constitutional claim nor a viable claim under the extradition treaty between Mexico and the United States. In another words plaintiff don't have any rights by the United States Constitution. See: Defendants motion in opposition at p.3

## THE COURT SHOULD ALLOW PLAINTIFF TO AMEND HIS ADDED NEW CLAIM PURSUANT TO FED. R. CIV. PROC. RULE 15(a), LCvR.7.1 (i).

Federal Rule of Civil Procedure 15 (a), Provides that Leave to Amend the complaint should be freely given when Justice so requires it is appropiate to deny leave to amend where the proposed Amendment would be futile and are amendment is futile if it could not withstand a motion to dismiss. Arazie v. Mullane 2 F.3d 1456,1464 (7th Cir 1993); Moore v. Indiana 999.F.2d 1125,1128 (7th Cir 1993

This Court will screen the proposed amendment complaint and grant the plaintiff's motion to file an amendment complaint to the extent. The new claim present therein are capable of surviving a dississal motion Pursuant to Fed. R. Civ. Proc. Rule 12(b)(6). Also if this court granting to amend the new claim would promote Judicial economy. A complaint states no actionable claim. When it appears beyoud doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. Hishon v. King S.Palding 467 U.S. 69,73,104 S.ct 2229,81 Le.ed 2d,59 (1984). See: Conley v. Gibson 355,U.S. 41,45,46. 78 S.ct 99,2 L.ed 80 (1957); Panaras v. Liquid Carbonic Indus Corp 74 F.3d 786 791.(7th Cir.1996). When reviewing Pro Se complaint the court musst employ standards less stringent that if the complaint had been drafted by counsel. Haines v. Kerner 404 U.S. 519,92 S.ct. 594,30 L.ed 2d 652 (1972).

The Court must accept the well-pleaded factual allegation as true and construe such allegations in favor of the plaintiff" Sherwin Manor Nursing Ctr v. Mcauliffe 37 F.3d 1216,1219 (7th Cir. 1994)

Plaintiff's new added claim cites the Due Process Procedures Recommended by the provision of the True Bill of Rights no warrants shall issue, But upon probable cause. See: U.S. Const.Amen IV in full, The amendement provides

The right of the people to be secure in their persons houses papers and effects,Against unreasonable searches and seizures,Shall not be violated and no warrant shall issue but upon probable caus Support by data or affirmation and particulary describing the pla

ce to be searched and the person or things to be seized.
Plaintiff's has a colorable constitutional claim against the United States"Treaty between Mexico and the United States and this court should granted plaintiff's to amend his new added claim.

5. **PLAINTIFF'S EXTRADITION FROM MEXICO, ARREST AND INTRODUCTION OF DEFECTIVE DOCUMENTS VIOLATED PLAINTIFF'S FOURTH AND FOUR TEETH AMENDMENT.**

The defendant's counsel had inquired about plaintiff status to be a Cuban citizen, Who had no rights protecting citizen under the fourth and fourteenth amendments to the United States Constitution violated by officials of the United States Government in the Nation of Mexico.

Plaintiff's is an alien outside of the United States, Plaintiff does not enjoy these rights as provided by the United States Constitution.(citing) See: <u>United v. Verdugo Urquidez</u> 494 U.S. 259,266-271 (1990), And the defendant's counsel agreed that the purposes of the Fourth Amendment was to protect the people of the United States against arbitrary action by their own Government", and concluding that it was never suggested that the provision was intended to restrain the action of the Federal Government against alien outside of the United States Territory.

[ A ]lien receive constitutional protections when they have come within the territory of the United States. See: Defendants motion in oppsition plaintiff's for partial summary judgment at p.13 and 14.

a) The document of Ker-Frisbie Rule does not apply, when an Extradition treaty is in effect, Ker is inapplicable....lack of treaty coverage.

b) The United States has, favored the extradition regardless of th Nationality of the Fugitive.

c) Under such a definition, Caltagirone would have been decided the other way. And the probable cause requirement would be Nullified, Being satisfied authmatically by the existence of an extradition request.

(4)

d) When an individual was extradited to this country" He came to this country clothed with the protection which the nature of such [extradition] proceeding and the true construction of the treaty gave him.

e) Ker does not apply where a defendant has been brought into the District Courts Jurisdiction by forcible abduction in violation of a treaty." The Supreme Court itself explained that Ker is inapplicable in the quite different situation where a treaty of the United States is derectly involved.

## 6. PLAINTIFF'S ABDUCTION FROM UNITED STATES.

Plaintiff's enter into agreement by the formall request made on April 10,1995 and by Diplomatic note no.1870,Dated February 8, 1995. The Embassy of the United States in Mexico City introdure plaintiff's provisional arrest request,Dated February 6,1995 signed by Eric Friedberg,Chief Narcotics Unit Eastern District of New York. Plaintiff's was arrested on Ferbruary 9,1995 upon said of provisional arrest request.

Supreme Court Chief Justice Taft made clear that Ker was no license for unlawfull Government seizures."The Government itself lacked power to seize and this is spite of the statements to action either by the defending sovereien or potentially by the person ollegally seized. In spite of subsequent cases elaborating the supervisory power of the Federal Counts"over Law Enforcement and in sprite of State Laws. The civil rights act and the Federal Kidnapping act,Which forbids kidnapping without limition. In fact,United States Courts,Recognized the righ of defendants See: 76 GED.Lj.1441. April 1998.

The defendant's Counsel suggesting to propt dismissal because plaintiff's has no conizable constitutional claim.

## CONCLUSION

Plaintiff's proposed to the defendant's Counsel avoid to face with Civil Rights Act or the Federal Kidnapping Act to conducted a hearing on the claim Pursuant to the Freedom of Information Act 5 U.S.C. § 552 and **Bivens type** and plaintiff's motion for Summary Judgment should be Granted and defendant motion sho

(5)

uld be Denied.

Dated June 30, 2008                    Respectfully Submitted

                                                                                Richard Isasi Pro-Se

# THE U.S. NATIONAL ARCHIVES & RECORDS ADMINISTRATION

www.archives.gov

Friday, June 13, 2008

**Executive Order 11517--Providing for the issuance and signature by the Secretary of State of warrants appointing agents to return fugitives from justice extradited to the United States**

**Source:** The provisions of Executive Order 11517 of Mar. 19, 1970, appear at 34 FR 4937, 3 CFR, 1966-1970 Comp., p. 906, unless otherwise noted.

WHEREAS the President of the United States, under section 3192 of Title 18, United States Code, has been granted the power to take all necessary measures for the transportation, safekeeping and security against lawless violence of any person delivered by any foreign government to an agent of the United States for return to the United States for trial for any offense of which he is duly accused; and

WHEREAS fugitives from justice in the United States whose extradition from abroad has been requested by the Government of the United States and granted by a foreign government are to be returned in the custody of duly appointed agents in accordance with the provisions of section 3193 of Title 18, United States Code; and

WHEREAS such duly appointed agents under the provisions of the law mentioned above, being authorized to receive delivery of the fugitive in behalf of the United States and to convey him to the place of his trial, are given the powers of a marshal of the United States in the several districts of the United States through which it may be necessary for them to pass with such prisoner, so far as such power is requisite for the prisoner's safekeeping; and

WHEREAS such warrants serve as a certification to the foreign government delivering the fugitives to any other foreign country through which such agents may pass, and to authorities in the United States of the powers therein conferred upon the agents; and

WHEREAS it is desirable by delegation of functions heretofore performed by the President to simplify and thereby expedite the issuance of such warrants to agents in the interests of the prompt return of fugitives to the United States:

NOW, THEREFORE, by virtue of the authority vested in me by section 301 of Title 3 of the United States Code, and as President of the United States, it is ordered as follows:

**Section 1.** The Secretary of State is hereby designated and empowered to issue and sign all warrants appointing agents to receive, in behalf of the United States, the delivery in extradition by a foreign government of any person accused of a crime committed within the United States, and to convey such person to the place of his trial.

**Sec. 2.** Agents appointed in accordance with section 1 of this order shall have all the powers conferred in respect of such agents by applicable treaties of the United States and by section 3193 of Title 18, United States Code, or by any other provisions of United States law.

**Sec. 3.** [Deleted]

[Sec. 3 amends Executive Order 10347 of Apr. 18, 1952, Chapter 3. The amendments have been incorporated into that order.]

---

Page URL: http://www.archives.gov/federal-register/codification/executive-order/11517.html

The U.S. National Archives and Records Administration
8601 Adelphi Road, College Park, MD 20740-6001 • Telephone: 1-86-NARA-NARA or 1-866-272-6272

# CERTIFICATE OF SERVICE

Richard Isasi
      Plaintiff

v.

Priscilla Jones, et. al                      Docket No. 06-2222 (RBW)
      Defendant.

I, __Richard Isasi__, hereby certify under penalty of perjury that on __June 30, 2008__, I served by United States Mail a copy of __Supplemental Motion in Opposition Defendant's Motion for Summary Judgment__, and __Served by the Attica Legal Mail System__ at:

Brandon L. Lowy
Special Assistant United States Attorney
555 Fourth Street, NW, Room 4405
Washington, DC. 20530
        Address

__R. Isasi__
    Signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI
        Plaintiff.   Civil Action No.06-2222 (RBW)

V.

PRISCILLA JONES et . aL
        Defendant.

ORDER

Upon Consideration of Plainitiff's Motion for Partial Summary Judgment in Opposition to Defendant's Motion to Dismiss or in the Alternative Summary Judgment.

    Hereby.

_____Ordered that Plaintiff's Motion for Partial Summary Judgment is Granted, it is Futher Ordered that Defendant's Motion to Dismiss or in the Alternative, Summary Judgment is Denied.

_____Ordered that Plaintiff's New Added Claim Motion to Amend is Granted, it is Futher Ordered that, Defendant's Motion in Opposition to Amend the New Claim is Denied.

Dated this_____Day of _____2008

                                                        United States District Judge.