UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RICHARD ISASI,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-2222 (RBW) |
| **PRISCILLA JONES et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Richard Isasi filed a *pro se* complaint in this case alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for which he asserts claims under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against several individual federal agency employees who were involved in responding to his FOIA request. The defendants have filed a motion to dismiss or, in the alternative, for summary judgment. Because Isasi cannot maintain either a FOIA action or a *Bivens* action against the individual defendants, those claims will be dismissed for failure to state a claim upon which relief may be granted. Moreover, because Isasi has received all the documents and information to which he is entitled under the FOIA, the defendants' motion for summary judgment also will be granted.

**I. Factual Background**

In 2003, Isasi made two letter requests for documents related to his 1995 extradition proceedings from Mexico to New Jersey, which commenced in 1995. Specifically, he requested (1) a copy of the extradition warrant along with the supporting affidavit and all other supporting papers filed with the New Jersey state authorities while he was being extradited from Mexico to

New Jersey on February 9, 1995, (2) all papers filed with the United States Marshal who handled the extradition, and the order for his extradition issued by the Mexican authorities and also filed on February 9, 1995, and (3) any and all documents relevant to this matter maintained by the United States Marshal involved in this transaction. *See* Defendants' Statement of Material Facts ¶ 1. In 2006, Isasi filed this action, alleging that the defendants were illegally withholding responsive documents, and demanding a declaration from the Court that his Constitutional rights had been violated, an order compelling the release of all the extradition papers requested, and $48 million in compensatory and punitive damages, as well as a trial by jury. *See* Complaint at 4.

The defendants seek to dismiss the *Bivens* claims against the individual defendants for failure to state a claim upon which relief may be granted, and seek summary judgment because there are no genuine issues of material fact and the agencies responding to the FOIA requests are entitled judgment as a matter of law. In opposition,[1] Isasi argues that the defendants' failure to timely fulfill his requests is sufficient to demonstrate plaintiff's entitlement to judgment as a matter of law on the issue of liability. He baldly asserts, in multiple filings, that there are material facts in genuine dispute, but he never identifies what they are. Instead, he notes that more than twenty documents were withheld under different FOIA exemptions without any list of the titles of those documents and points out that certain documents executed by Mexican

---

[1] Plaintiff filed an opposition and a cross-motion for partial summary judgment (at Docket Entry 53), a motion for summary judgment without exception (at Docket Entry 57 and 59), and a supplemental memorandum (at Docket Entry 60), from which the points noted here have been extracted.

authorities, as well as others, have not been produced. He argues that because the defendants failed to produce all the documents he was seeking, they are not entitled to summary judgment.

## II.  Standard of Review

A *Bivens* action provides a remedy where a federal officer has committed a violation of an individual's constitutional rights. *Servs. Corp. v. Malesko,* 534 U.S. 61, 70 (2001); *FDIC v. Meyer,* 510 U.S. 471, 485 (1994). A *Bivens* remedy, however, is not available where a statute provides a "comprehensive system to administer public rights." *Spagnola v. Mathis,* 859 F.2d 223, 228 (D.C. Cir. 1988) ( en banc ). The FOIA represents such a statutory scheme. *Johnson v. Executive Office for United States Attorneys,* 310 F.3d 771, 777 (D.C. Cir. 2002). Thus, a plaintiff cannot maintain a *Bivens* action against individual federal officers for an alleged violation of the FOIA. *See id.*

A *pro se* complainant is entitled to a liberal construction of his pleadings, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and the only proper defendant in a FOIA action is a federal agency, *Jefferson v. Reno,* 123 F. Supp. 2d 1, 3 (D.D.C. 2000). Therefore, the complaint in this case will be construed to allege FOIA violations against the Department of Justice and the Department of State, the federal agencies that employed the named individual defendants.

Summary judgment is permitted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257

F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980). To successfully challenge such a showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), with respect to the adequacy of the search, the applicability of the exemptions claimed, or the segregability of the information withheld, *see* 5 U.S.C. § 552(a)(3) and (b).

As part of its showing, an agency must also demonstrate that when "viewing the facts in the light most favorable to the requester, . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990). An "agency generally need not 'search every record system,' . . . but 'cannot limit its search to only one record system if there are others that are likely to turn up the information requested.'" *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27-28 (D.C. Cir. 1998) (quoting *Oglesby,* 920 F.2d at 68). Furthermore, the adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg,* 745 F.2d at 1485, and a court is guided in this determination by principles of reasonableness, *Oglesby,* 920 F.2d at 68. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine, Washington Bureau v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). To show that its search was reasonable, the agency may submit affidavits or declarations that explain in reasonable detail and in a

non-conclusory fashion the scope and method of the agency's search. *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127.

With respect to responsive documents located but not released or not released in full, a federal agency may meet the standard required for summary judgment solely on the basis of information contained in affidavits or declarations provided that they (1) "describe the documents and the justifications for nondisclosure with reasonably specific detail;" (2) "demonstrate that the information withheld logically falls within the claimed exemption;" and (3) "are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981). *See also King v. Dep't of Justice,* 830 F.2d 210, 217 (D.C. Cir. 1987).

### III.  Discussion

The agencies involved in processing Isasi's FOIA requests have filed affidavits describing the searches conducted. Although Isasi did not provide the agencies with all of his aliases, the agencies searched all known aliases as well as the aliases discovered in the course of processing the request. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment at 8-9. Furthermore, additional searches were conducted for information that Isasi did not originally request, but identified only later, during the administrative appeal. *See id.* at 6-7. The affidavits also identify the number of responsive records located, and justify any information withheld by citing the statutory exemption for such information and providing a description of the type of information withheld to demonstrate that the withheld information logically falls within the claimed exemption. *See*

*generally, id.* at 9-26; *see, e.g., id.* at 10 (describing the nature of the specific information withheld under specific exemptions for four documents), at 12 (noting that the names of two Drug Enforcement Administration agents were withheld), at 16 (describing the draft of a diplomatic note that was "heavily edited, replete with hand-written commentary and interlineations in the text and in the margins, and with crossed-out text" that was withheld as a pre-decisional draft document), at 17 (explaining that the name of a robbery victim was withheld under the exemption for personal privacy), at 18-19 (noting that names of an individual victim and law enforcement agents were withheld under the personal privacy and law-enforcement exemptions), and at 23 (explaining that a fourteen-page draft legal memorandum was withheld as an inter- or intra-agency memorandum that would not be available by law to a party [other than the agency] in litigation with the agency).  The affidavits also aver that all reasonably segregable information has been segregated and disclosed.  *See id.* at 27.  Isasi has not set forth specific facts showing that there is a genuine issue of material fact in dispute as to the assertion of these exemptions, and he has also not shown that he is entitled to judgment as a matter of law.

### IV.  Conclusion

Because a *Bivens* action is not available to provide a remedy against individual federal officers for alleged violations of the FOIA, those claims will be dismissed as to the named defendants sued in their individual capacities for failure to state a claim upon which relief may be granted.  And, because the record, including the affidavits filed by the agencies that have not been disputed factually by the plaintiff, establishes that the agencies involved (1) conducted searches that were adequate and reasonable under the circumstances, (2) segregated and released all segregable information, and (3) adequately described and explained all information withheld

so as to justify all withholdings as authorized under one or more of the enumerated FOIA exemptions, summary judgment will be granted in favor of the defendant agencies. Finally, because the plaintiff has not demonstrated that he is entitled to judgment as a matter of law, his motion for summary judgment will be denied.

    A related final order accompanies this memorandum opinion.

                                               /s/
                                   REGGIE B. WALTON
Date:   January 27, 2009               United States District Judge